1  RICHARD J. NELSON (State Bar No. 141658)
   E-Mail:      *rnelson@sideman.com*
2  IAN K. BOYD (State Bar No. 191434)
   E-Mail:      *iboyd@sideman.com*
3  ANNA P. CHANG (State Bar No. 301468)
   E-Mail:      *achang@sideman.com*
4  SIDEMAN & BANCROFT LLP
5  One Embarcadero Center, Twenty-Second Floor
   San Francisco, California 94111-3711
6  Telephone:    (415) 392-1960
7  Facsimile:    (415) 392-0827

8  Attorneys for Plaintiffs
   Cisco Systems, Inc. and Cisco Technology, Inc.
9

10              **UNITED STATES DISTRICT COURT**

11            **NORTHERN DISTRICT OF CALIFORNIA**

12  CISCO SYSTEMS, INC., a California          Case No.
    corporation, and CISCO
13  TECHNOLOGY, INC., a California             **COMPLAINT FOR DAMAGES AND**
    corporation,                               **INJUNCTIVE RELIEF FOR:**
14
                  Plaintiffs,                  **1. TRADEMARK INFRINGEMENT, 15 U.S.C.**
15                                             **§ 1114;**
                                               **2. TRADEMARK COUNTERFEITING, 15**
16         v.                                  **U.S.C. § 1114;**
                                               **3. FALSE DESIGNATION OF ORIGIN, 15**
17  ZAHID "DONNY" HASSAN SHEIKH,               **U.S.C. § 1125;**
    an individual; SHAHID SHEIKH, an           **4. CALIFORNIA UNFAIR COMPETITION,**
18  individual; ROYA SHEIKH aka ROYA           **CAL. BUS. & PROF. CODE § 17200 et seq.**
    SADAGHIANI, an individual;                 **5. UNJUST ENRICHMENT**
19  KAMRAN SHEIKH, an individual; IT
20  DEVICES ONLINE, INC., a California          **DEMAND FOR JURY TRIAL**
    corporation; ADVANCED DIGITAL
21  SOLUTIONS INTERNATIONAL, a
    California corporation;
22  PUREFUTURETECH LLC, a California
    limited liability company; and JESSICA
23  LITTLE aka JESSICA MCINTOSH, an
    individual personally and dba
24  MCINTOSH NETWORKS,
25
                  Defendants.
26

27       Plaintiffs Cisco Systems, Inc. ("CSI") and Cisco Technology, Inc. ("CTI") together,

28  Cisco" or "Plaintiffs"), hereby complain and allege against Defendants Zahid "Donny" Hassan

*(Left margin vertical text:)* LAW OFFICES  SIDEMAN & BANCROFT LLP  ONE EMBARCADERO CENTER, 22ND FLOOR  SAN FRANCISCO, CALIFORNIA 94111-3711

Sheikh ("Donny Sheikh"), Shahid Sheikh, Roya Sheikh aka Roya Sadaghiani, and Kamran Sheikh (collectively, the "Sheikh Defendants"), Digital Devices Limited ("Digital Devices"), IT Devices Online, Inc. ("IT Devices"), Advanced Digital Solutions International ("ADSI"), PureFutureTech LLC ("PureFutureTech"), and Jessica Little aka Jessica McIntosh personally and dba McIntosh Networks ("Little") (collectively "Defendants") as follows:

## I.      INTRODUCTION

1.      This case seeks to hold Defendants accountable for the mass infringement and counterfeiting, and related unfair competition arising from Defendants' sale of counterfeit, non-authentic "Cisco" products. Defendants are operating a massive international counterfeiting operation from their headquarters in Fremont, California, and even a criminal action against their operation in the United Arab Emirates has not deterred their continued counterfeiting of products in the United States and elsewhere.

2.      As set forth in detail below, Cisco has uncovered a significant and willful infringement scheme by Defendants, which involves the purchase and sale of counterfeit and otherwise non-genuine and infringing "Cisco"-branded products, offered to the public as genuine Cisco products. Customers purchasing such products are duped into thinking that they are in fact buying genuine Cisco-branded products for a cut-rate price, causing significant harm not only to the duped customer, but also to Cisco, its brand, and its established reputation for producing the highest quality networking communications and information technology products and services.

3.      Consumers rely on Cisco products to run complex, critical and highly secured networks.  But counterfeit Cisco products can cause privacy and security vulnerabilities, data loss, network downtime, and substantial business interruption.  Cisco brings this action to protect consumers from receiving inferior counterfeit products, recover for the significant damage Defendants' unlawful and infringing conduct has caused to Cisco, to put a stop to Defendants' unlawful and infringing conduct, and to enjoin further unlawful and infringing conduct.

## II.     THE PARTIES

4.      Plaintiff Cisco Systems, Inc., is, and at all times mentioned herein was, a California

///

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  corporation, with its principal place of business at 170 W. Tasman Drive, San Jose, California

2  95134.

3       5.     Plaintiff Cisco Technology, Inc., is, and at all times mentioned herein was, a

4  California corporation with its principal place of business at 170 W. Tasman Drive, San Jose,

5  California 95134.

6       6.     On information and belief, Defendant Donny Sheikh is, and at all relevant times

7  mentioned herein was, an individual residing at 7199 W. Woodbury Court, Pleasanton, California,

8  94566 (the "Woodbury Court Address").

9       7.     On information and belief, Defendant Shahid Sheikh is an individual residing at

10  1365 Lawrence Road, Danville, California 94506.

11       8.     On information and belief, Defendant Roya Sheikh aka Roya Sadaghiani is an

12  individual residing at 1365 Lawrence Road, Danville, California 94506.  On information and

13  belief, Defendants Shahid Sheikh and Roya Sheikh are husband and wife.

14       9.     On information and belief, Kamran Sheikh is an individual residing at 6172 Corte

15  Padre, Pleasanton, CA 94566, which is owned by Kamran Sheikh and Roya Sheikh.  On

16  information and belief, Defendant Karman Sheikh is the son of Shahid Sheikh and Roya Sheikh.

17       10.    On information and belief, Defendant IT Devices Online, Inc., is a California

18  corporation with its principal places of business at 7172 Regional Street, Suite 243, Dublin,

19  California 94568 (the "Regional Street Address") and 44288 Fremont Boulevard, Fremont,

20  California 94538 (the "Fremont Boulevard Address).  On information and belief, Defendant

21  Donny Sheikh owns, operates, and controls IT Devices.

22       11.    On information and belief, Defendant Advanced Digital Solutions International is a

23  California corporation with its principal places of business at 4455 Business Center Drive,

24  Fremont, California 94538 (the "Business Center Address") and 7172 Regional Street, Dublin,

25  California 94568.  On information and belief, Defendants Shahid Sheikh and Roya Sheikh own,

26  operate, and control ADSI.

27       12.    On information and belief, PureFutureTech LLC is a California limited liability

28  company with its principal places of business at 6172 Corte Padre, Pleasanton, CA 94566 and

1  4255 Business Center Drive, Fremont, CA 94538.  On information and belief, Defendant Kamran

2  Sheikh owns, operates, and controls PureFutureTech.

3  13.   On information and belief, Jessica Little aka Jessica McIntosh is an individual

4  residing at 3090 Regent Street, Berkeley, CA 94705 (the "Regent Street Address").  On

5  information and belief, Jessica Little aka Jessica McIntosh does business personally as McIntosh

6  Networks and is an employee of ADSI, monitoring a P.O. Box at 561 Keystone Ave #398, Reno,

7  NV 89503 (the "Keystone P.O. Box") on behalf of ADSI.

8  14.   Cisco is informed and believes, and thereon alleges, that Defendants undertook

9  obligations or rights arising out of the subject events and happenings herein referred to, engaged in

10  actions or omissions, either intentional or negligent, regarding the subject events and happenings

11  herein referred to, and/or benefited unjustly from the efforts, work and goods of Cisco.

12  15.   At all times relevant to this action, Cisco is informed and believes that each

13  Defendant was the agent, servant, employee, partner, joint venturer, representative, subsidiary,

14  parent, affiliate, alter ego, or co-conspirator of the other Defendants and was acting within the

15  scope of that agency, service, employment, partnership, joint venture, representation, affiliation, or

16  conspiracy, and each is legally responsible for the acts and omissions of the others.

17  **III.   JURISDICTION AND VENUE**

18  16.   This is an action for violations of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et*

19  *seq.* (the "Lanham Act").  This Court has original subject matter jurisdiction over this action

20  pursuant to the provision of the Lanham Act, 15 U.S.C. § 1121, as well as under 28 U.S.C. §§

21  1331 and 1338(a) and (b).

22  17.   This Court has supplemental subject matter jurisdiction over the pendent state law

23  claims under 28 U.S.C. § 1367, because these claims are so related to Cisco's claims under federal

24  law that they form part of the same case or controversy and derive from a common nucleus of

25  operative facts.

26  18.   This Court has personal jurisdiction over Defendants because they reside in this

27  district, have engaged in business activities in this district, misled consumers in this district,

28  directed business activities at this district, committed the tortious acts complained of herein within

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    this district, and have committed tortious acts with knowledge that the effects of their acts would

2    be felt by Cisco and others in this district.

3         19.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)(2) because

4    Defendants reside in this district, a substantial part of the events or omissions giving rise to

5    Cisco's claims occurred in this judicial district, and a substantial part of the property that is the

6    subject of the action is situated in this district.

7    **IV.    INTRADISTRICT ASSIGNMENT**

8         20.    In accordance with Civil Local Rule 3-2(c), this action is properly assigned on a

9    District-wide basis because it relates to Intellectual Property Rights.

10   **V.    FACTUAL ALLEGATIONS**

11        **A.    <u>Cisco's Business And History</u>**

12        21.    Founded in 1984, Cisco is the worldwide leader in developing, implementing, and

13   providing the technologies behind networking, communications, and information technology

14   products and services.  Cisco develops and provides a broad range of networking products and

15   services that enable seamless communication among individuals, businesses, public institutions,

16   government agencies, and service providers.  Specifically, the thousands of engineers who work at

17   Cisco develop and provide networking and communications hardware, software, and services that

18   utilize cutting-edge technologies to transport data, voice, and video within buildings, across cities

19   and campuses, and around the world.

20        22.    Since its founding, Cisco has pioneered many of the important technologies that

21   created and enabled global interconnectivity.  During the past three decades, Cisco has invested

22   billions of dollars, and the time and dedication of thousands of its engineers, in the research,

23   development, and sale of industry leading networking and communications products and services.

24        23.    Cisco has also built up tremendous goodwill and brand reputation among

25   consumers, including corporate and government consumers, through significant investment in

26   advertising, promoting, and delivering products, software, and services of the highest quality

27   under the CISCO trademark and the family of CISCO-related trademarks (collectively, the "Cisco

28   Marks").  Cisco has used the Cisco Marks to identify goods and services as being genuine and

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   authorized, and therefore, the Cisco Marks are well-recognized signifiers of Cisco's best-in-class

2   products, software, and services.

3       **B.      Cisco's Trademarks**

4       24.     CTI owns all rights, title, and interest in the Cisco Marks, many of which are

5   included on the Principal Register of the U.S. Patent and Trademark Office ("USPTO"), and it has

6   licensed the use of the Cisco Marks to CSI.  The Cisco Marks are well-known.  They are used in

7   connection with Cisco's networking hardware and software products and services.  They include,

8   but are not limited to, the following marks that are used in interstate commerce:

| Mark | Registration Number | Registration Date |
|------|--------------------|--------------------|
| CISCO | 1,542,339 | June 6, 1989 |
| CISCO SYSTEMS | 1,996,957 | August 27, 1996 |
| CISCO | 2,498,746 | October 16, 2001 |
| ılıılıı CISCO | 3,759,451 | March 9, 2010 |
| CISCO | 3,978,294 | June 14, 2011 |
| ılıılıı CISCO | 4,263,591 | December 25, 2012 |

19      25.     Copies of the above listed registrations are attached hereto as Exhibit A.

20      26.     The Cisco Marks are distinctive, having no meaning outside of their use by Cisco

21  in its course of business operations and in its advertising to distinguish its products and services.

22  Cisco uses the Cisco Marks to advertise through a wide variety of media including television,

23  radio, newspapers, magazines, billboards, direct mail, and web sites.

24      27.     Cisco has attained one of the highest levels of brand recognition among consumers

25  due to its extensive advertising and promotional efforts and its continuous use of its core Cisco

26  Marks for the past three decades.  As a result of Cisco's longstanding and widespread use and

27  promotion of the Cisco Marks, Cisco customers around the globe have come to rely upon the

28  Cisco Marks to identify Cisco's high-quality hardware, software, and services.  Many of Cisco's

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1   products are purchased by the U.S. Government, the military, hospitals, and by other industries, in

2   critical and life-essential applications.

3       28.     Cisco's customers associate Cisco's famous and well-known trademarks, including,

4   among others, CISCO and the Cisco Logo, exclusively with Cisco and Cisco's products and

5   services. When customers encounter these marks and decide to purchase goods and services

6   identified by these marks, they expect to receive genuine Cisco products that have been produced

7   by Cisco.  Moreover, when customers purchase products that are advertised as "new factory

8   sealed," they reasonably believe that they are purchasing genuine products manufactured or

9   authorized by Cisco that have not been tampered with from the time the product was sealed in its

10  shipping packaging.

11      **C.      Counterfeit And Otherwise Materially Different "Cisco" Products**

12      29.     Counterfeit products that bear markings similar to the Cisco Marks provide

13  customers with a false assurance that the products they have purchased (1) are reliable and

14  conform with Cisco's high standards, (2) come with applicable warranties, (3) can be placed under

15  a Cisco service support contract (i.e., SMARTnet), and (4) come with all of the necessary

16  accessories sold with the product that have been selected and approved by Cisco for use with the

17  product.

18      30.     In addition to harm to customers, the sale of counterfeit Cisco products harms

19  Cisco in many ways.  Counterfeit Cisco products which fail or degrade create the false impression

20  that Cisco products are unreliable, thereby improperly tarnishing Cisco's reputation and causing

21  Cisco to lose control of its goodwill and suffer lost sales and future business opportunities.  When

22  customers purchase Cisco-branded parts that are counterfeit and unreliable, their image of Cisco is

23  diminished and Cisco's opportunity to sell genuine, high-quality products to those customers may

24  be lost forever.  As a result of the manufacture and distribution of such counterfeit products, Cisco

25  suffers substantial and irreparable harm to its brand, image, business, and goodwill with the

26  public.  Cisco also suffers lost sales when customers purchase counterfeit products instead of

27  genuine Cisco products.

28  ///

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**D.**     **Impact on Health, Safety, and National Security Caused By Counterfeit Cisco Products**

31.     Cisco products are part of the backbone of the United States information network. Many of Cisco's products are purchased by U.S. governmental entities, the military, hospitals, and by other industries, and used in important and life-essential applications.  Critical governmental and other infrastructure is built on, and relies upon, Cisco products to maintain the security of data storage and transfer.

32.     The importance of critical functions being able to rely upon the quality of Cisco products cannot be overstated.  Cisco firewalls, for example, ensure the integrity of government, medical, and business data and communications.  Many critical government functions rely upon the performance of high-quality Cisco products, as compared to the dangers posed by lower quality counterfeits.  For example, in a criminal trial involving counterfeit Cisco products sold to the U.S. Marines, a Marine (Staff Sargent Lee Chieffalo) testified that he specifically demanded genuine Cisco products when he ordered them, because if the networks that the "Cisco" products were in failed due to substandard counterfeit products, "Marines could die."

**E.**     **Defendants' Importation and Sale of Counterfeit "CISCO" Products**

33.     On information and belief, the Sheikh Defendants operate, through a network of related companies, a complex scheme, without the consent of Cisco, to import, distribute, transport, sell, or assist in or cause the sale, importation, distribution, or transportation in interstate commerce of products bearing unauthorized reproductions, copies, counterfeits and colorable imitations of the Cisco Marks (the "Infringing Products").

34.     U.S. Customs and Border Patrol has seized a number of counterfeit Cisco products imported by Defendants, including those shown below:

///

///

///

///

///

8

Case No._____

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| Seizure Notice # | Date of Import | Description | Importer | Exporter |
|---|---|---|---|---|
| 2013-2791-000599 | 5/30/2013 | Cisco Network Switches 10pcs (2 boxes) | IT Devices Online, 44288 Fremont Blvd, Fremont, CA 94538 | Zll Bejing [sic] Decenet Technology 2rd [sic], Industrial District Hou Rui, Hong Kong |
| 2014-2795-100-007-01 | 10/10/2013 | Network Modules, 2 each (1 box) | IT Devices, 44288 Fremont Blvd, Fremont, CA 94538 | Beijing Decenet Technology Co., Ltd., RM A616 Zhongding Building No 18, Beijing, China |
| 2016-2895-100-032-01 | 3/31/2016 | Approximately 222 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, |
| 2016-2895-100-037-01 | 5/3/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-041-01 | 5/3/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-043-01 | 5/4/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-040-01 | 5/4/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-039-01 | 5/4/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-046-01 | 5/4/2016 | Approximately 64 Cisco Transceivers | McIntosh Networks, 3090 Regent Street, Berkeley, CA 94705 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2895-100-035-01 | 5/5/2016 | Approximately 103 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |

Case No._____
COMPLAINT FOR DAMAGES

| | | | | |
|---|---|---|---|---|
| 2016-2895-100-042-01 | 5/5/2016 | Approximately 100 Cisco Transceivers | Uddin Networks, LLC, 3984 Washington Blvd #315, Fremont, CA 94538 | FD Dispenser Co. Ltd., Fl 2nd 9 East Road, 2Cun Tou Hu Men T, T, DG, GD, China |
| 2016-2791-000-472-01 | 5/12/2016 | 2 pc Cisco Network Switches (2 bx) | Uddin Networks LLC, 3984 Washington Blvd, Fremont, CA 94538 | Susan Sun, 2-12 FA, Yuen Street, Mongkok, Hong Kong |
| 2017-2895-100-066-01 | 6/6/2017 | 9 Cisco SFPS, PN: GLC-SX-MM-RGD | McIntesh [sic] Networks, 561 Keystone Ave #398, Reno, NV 89503 | Dongguan Na Cheng/3 II He Tan Gang Rd, Bei Zha, Cun Hu Dongguan, China 523925 |
| 2017-3195-000-275-01 | 9/2/2017 | 54 Transceiver Sets and 11 Labels | McIntosh Networks, 561 Keystone Ave #398, Reno, NV 89503 | FD Dispenser Co., Ltd, Fl-2, No 9, East Road 2, Cun Tou, Hu Men Town, DG, GD 523928 China |
| 2018-2791-000-112-01 | 12/2/2017 | 7 Transceiver Modules | McIntosh Networks, 561 Keystone Ave # 398, Reno, NV 89503 | Shenzen Jelly Int'l Co Ltd, Flat 1 No. 3 Bldg, Fuzhong Ind, Hong Kong, China |
| 2018-2791-000-176-01 | 2/9/2018 | Transceivers | McIntosh Networks, 561 Keystone Ave # 398, Reno, NV 89503 | Black Cat Trading (aka SZ Yifu Co Ltd.), Black Cat Trading (aka SZ Yifu Co Ltd.) |
| 2018-2791-000207-01 | 3/10/2018 | Switches | McIntosh Networks, 561 Keystone Ave # 398, Reno, NV 89503 | Dora.HE, 300 Fung Kat Hueng, Fanling, China |
| 2018-4197-102-176-01 | 3/14/2018 | 21 Electronic Parts | IT Devices Online, 44288 Fremont Blvd., Fremont, CA 94538 | Digital Device Technology, M3 Bldg C, 55 Abu Dhabi City, UAE |
| 2018-2791-000-238-01 | 3/24/2018 | Transceivers | McIntosh Networks, 561 Keystone Ave # 398, Reno, NV 89503 | SZ Yifu Co Ltd. (aka Black Cat Trading), Flat 1, No.3, Bldg Fuzhong Ind., Hong Kong |
| 2018-2791-000-331-01 | 5/8/2018 | 150 Transceiver Modules | Jessica McIntosh, 561 Keystone Ave, Reno, NV 89503 | SZ Jelly Inter Trade Co, Flat 1, No.3 Bldg, Fuzhong Ind, Hong Kong, China |
| 2018-2791-000-353-01 | 6/7/2018 | Transceivers Labels 650 ea (1 box) | Purefuture Tech 561 Keystone Ave, Reno, NV 89503 | Cwedd Trade Industry Co Ltd, Building A17, Fyong St., Shenzhen City, Hong Kong |

COMPLAINT FOR DAMAGES

Case No._____

| 2018-2791-000-429-01 | 6/10/2018 | AC Power Supplies (12 each) | Purefuture Tech, 561 Keystone Ave, Reno, NV 89503 | Eva He, 103 Block B, Sheung Shui, Sheung Shui, Hong Kong |
|---|---|---|---|---|
| 2018-2791-000-525-01 | 7/8/2018 | 3 Catalyst Switches | Purefuture Tech, 561 Keystone Ave, Reno, NV 89503 | Lesley, Hu, 105 Block C, Sheung Shui Plaza, Fanling, Hong Kong |
| 2018-2791-000-533-01 | 7/12/2018 | 3 Catalyst Switches | Purefuture Tech, 561 Keystone Ave, Reno, VN 89503 | Lesley, Hu, 105 Block C, Sheung Shui Plaza, Po Wan Road, Hong Kong |

### 1. IT Devices

35.     IT Devices is owned and operated by Donny Sheikh.  On information and belief, IT Devices' offices are located at the Regional Street Address and the Fremont Boulevard Address.  IT Devices is not affiliated with Cisco nor did Cisco authorize it to sell products using the Cisco Marks.  On information and belief, IT Devices nevertheless imports and sells counterfeit CISCO products in the United States, including through its website itdevicesonline.com.

36.     On May 30, 2013, U.S. Customs and Border Patrol ("CBP") seized 10 counterfeit Cisco switches at the Port of Los Angeles in California.  IT Devices was listed as the importer of record.  Cisco sent IT Devices a cease-and-desist letter to IT Devices but did not receive a response.

37.     On October 10, 2013, CBP seized 2 counterfeit Cisco network modules at the Port of Ontario in California.  IT Devices was listed as the importer of record.  Cisco sent IT Devices another cease-and-desist letter.  Donny Sheikh, through his attorney, replied and claimed not to have any knowledge that the products were counterfeit.  Donny Sheikh stated that he would cease purchasing from all Hong Kong and China-based sellers.

38.     In June 2015, Cisco arranged for a test purchase of a Cisco switch from IT Devices.  The product was shipped into Berkeley, which is located in this District.  Cisco analyzed the product and determined that the product was counterfeit.

39.     On March 14, 2018, CBP seized 21 counterfeit Cisco electronic parts imported by IT Devices to Fremont Boulevard address.  The exporting company was Digital Device Technology in the United Arab Emirates, which on information and belief is also owned, operated, and controlled by the Sheikh Defendants.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

### 2. ADSI

40.     On information and belief, ADSI is owned and operated by Shahid Sheikh and Roya Sheikh (aka Roya Sadaghiani).  On information and belief, ADSI's offices are located at business at the Business Center Address and the Regional Street Address (the same addresses as IT Devices' office).

41.     ADSI became a Cisco Partner in September 2011.  In 2015, Cisco discovered that ADSI had purchased Cisco products from an unauthorized broker, violating ADSI's partnership agreement with Cisco.  Cisco attempted to resolve the matter and requested ADSI sign a letter of understanding reaffirming its obligations as a Cisco Partner.  ADSI never returned the letter of understanding and after Cisco discovered further evidence of misconduct, Cisco terminated ADSI as a Cisco Partner in May 2015.

42.     Cisco also reviewed the personnel registered to ADSI's Cisco account.  Shahid Sheikh and Nabia Uddin (an ADSI sales representative) had Cisco usernames on the ADSI account as did a "dsheikh" with the email address donny@adsii.com.  On information and belief, the "dsheikh" username was used by Defendant Donny Sheikh to access Cisco's systems to further the Sheikh Defendants' counterfeiting activities.

43.     After May 2015, ADSI has not been affiliated with Cisco or authorized by Cisco to sell products using the Cisco Marks.  On information and belief, ADSI nevertheless imports and sells counterfeit CISCO products bearing unauthorized uses of Cisco Marks in the United States, including through its website adsii.com.

44.     In 2016, CBP had seized nearly a thousand counterfeit Cisco products imported by Uddin Networks to 3984 Washington Blvd #315, Fremont, CA 94538 (which appears to be the address for a UPS store) from a Chinese company called FD Dispenser.  On information and belief, these counterfeit Cisco products were imported at the direction of and for ADSI.

45.     On August 11, 2016, counsel for Cisco sent a cease-and-desist letter to Uddin Networks but received no response.

46.     In December 2017, a former ADSI employee reported to Cisco that ADSI purchases unlabeled products from a company in China and imports the products into a P.O. Box

Case No._____
COMPLAINT FOR DAMAGES

in Reno, Nevada.  The P.O. Box is associated with McIntosh Networks, which is run by Jessica Little, an ADSI employee.  (On information and belief, this P.O. Box is the Keystone P.O. Box.) On information and belief, Little transports the unlabeled modules to ADSI.  Once ADSI receives the unlabeled products, it affixes labels bearing counterfeit Cisco Marks on the products and sells the counterfeit Cisco products to state and federal government entities through GSA contracts.

### 3.   Jessica Little

47.     On information and belief, Little is an employee of ADSI who knowingly assists ADSI with its counterfeiting activities by importing counterfeit Cisco goods as "McIntosh Networks".

48.     On May 4, 2016, CBP seized 64 counterfeit Cisco transceivers imported by McIntosh Networks from FD Dispenser (the same company used to export counterfeit Cisco products for Uddin Networks and ADSI).  The address listed for McIntosh Networks was the Regent Street Address, the same address as Little's residence.  On information and belief, these counterfeit Cisco products were imported at the direction of and for ADSI.

49.     On August 11, 2016, counsel for Cisco sent a cease-and-desist letter to McIntosh Networks.  On August 18, 2016, counsel for Cisco received a response from Little, claiming that she did not know the company McIntosh Networks and that she did not receive anything from any Chinese vendor at the Regent Street Address.

50.     In the second half of 2017, CBP seized a total of 70 counterfeit Cisco transceivers imported by McIntosh Networks to the Keystone P.O. Box.

51.     On May 8, 2018, CBP seized 150 counterfeit Cisco transceivers being imported by Jessica McIntosh to the Keystone P.O. Box.

### 4.   PureFutureTech

52.     On information and belief, PureFutureTech is owned, controlled, and operated by Kamran Sheikh and is used to help the Sheikh Defendants perpetrate their counterfeiting scheme.

53.     PureFutureTech's addresses are 6172 Corte Padre, Pleasanton, CA 94566 (a residential house owned by Roya Sadaghiani and Kamran Sheikh) and the Business Center Address, which is the same address as ADSI's address.

COMPLAINT FOR DAMAGES

Case No. _____

1   54.    In June and July 2018, CBP seized 650 counterfeit Cisco transceiver labels, 12

2   counterfeit Cisco AC power supplies, and 6 counterfeit Cisco Catalyst switches imported by

3   PureFutureTech to Reno, Nevada, and the same UPS store where the Keystone P.O. Box is

4   located.

5                               **FIRST CLAIM FOR RELIEF**
                               **Federal Trademark Infringement**
6                                    **(15 U.S.C. § 1114)**
                                  **Against All Defendants**
7
    55.    Cisco incorporates by reference each of the allegations in the preceding paragraphs
8
    of this Complaint as though fully set forth here.
9
    56.    The Cisco Marks and the goodwill of the business associated with them are
10
    tremendously valuable in the United States and worldwide because they are distinctive and
11
    universally associated in the public perception with the highest quality network and
12
    communications technology products and services.
13
    57.    Defendants have sold, offered to sell, distributed, and advertised infringing
14
    products bearing Cisco Marks.
15
    58.    The differences between Defendants' Infringing Products and genuine Cisco goods
16
    are material.  Cisco asserts on information and belief that having all original Cisco components
17
    and entitlement to warranty services are relevant to customers' decisions about whether, and from
18
    whom, to purchase Cisco products.
19
    59.    Defendants' actions have caused confusion, mistake, and deception as to the origin
20
    and quality of Defendants' Infringing Products because they are intentionally calculated to mislead
21
    the general purchasing public into believing that Defendants' Infringing Products originated from,
22
    are associated with, or are otherwise authorized by Cisco, when in fact they are not.
23
    60.    Upon information and belief, Defendants' infringing actions were committed
24
    fraudulently, willfully, and in bad faith, with knowledge of Cisco's exclusive rights to, and
25
    goodwill in, the Cisco Marks, or with willful blindness to the same, and with the intent to cause
26
    confusion, to cause mistake and/or to deceive.
27
    61.    Defendants' unauthorized use of the Cisco Marks constitutes trademark
28

Case No._____

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  infringement of the federally registered Cisco Marks and has caused substantial damage to Cisco

2  and to the reputation and goodwill symbolized by the Cisco Marks in violation of Section 32 of

3  the Lanham Act, 15 U.S.C. § 1114, in amount to be proven at trial.

4      62.    Defendants' conduct described above, including the unauthorized use of the Cisco

5  Marks in interstate commerce, have directly and proximately caused substantial, irreparable injury

6  to Cisco and to the business and goodwill represented by the Cisco Marks, which leaves Cisco

7  without an adequate remedy at law.

8                              **SECOND CLAIM FOR RELIEF**
                              **Federal Trademark Counterfeiting**
9                                  **(15 U.S.C. § 1114)**
                                **Against All Defendants**
10

11      63.    Cisco incorporates by reference each of the allegations in the preceding paragraphs

12  of this Complaint as though fully set forth here.

13      64.    The Cisco Marks are valid, protectable trademarks that have been registered as

14  marks on the principal register in the United States Patent and Trademark Office.  Cisco is the

15  owner and registrant of the Cisco Marks.

16      65.    As described in more detail above, Defendants have used and counterfeited the

17  Cisco Marks in connection with the marketing, promotion, and sale of their goods and services

18  without Cisco's consent, in a manner that is likely to cause, and has actually caused, confusion

19  and/or mistake, or that has deceived members of the consuming public and/or the trade.  Indeed,

20  Defendants' counterfeiting and infringing activities are likely to cause and are actually causing

21  confusion, mistake, and deception among members of the trade and the general consuming public

22  as to the origin, sponsorship, and quality of Defendants' infringing products, counterfeit

23  packaging, inferior warranty, and other related commercial activities.  As of the filing of this

24  Complaint, Defendants are continuing to infringe the Cisco Marks unabated as alleged further

25  above.

26      66.    Defendants have publicly advertised, sold, offered to sell, and distributed

27  counterfeit Cisco products in interstate commerce in direct competition with Cisco and without

28  authorization or consent to use the Cisco Marks but with full knowledge of Cisco's notorious prior

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  rights in those marks.

2  67.   Defendants' counterfeit Cisco products reproduce, counterfeit, copy, and colorably

3  imitate the Cisco Marks or display a spurious designation that is identical with, or substantially

4  indistinguishable from, the Cisco Marks.  Defendants have applied their reproductions,

5  counterfeits, copies, and colorable imitations of the Cisco Marks to labels, prints, and packages

6  intended to be used in commerce upon or in connection with the sale, offering for sale,

7  distribution, or advertising of Defendants' counterfeit products, which is likely to cause confusion,

8  to cause mistake, or to deceive.

9  68.   Defendants' unauthorized use of the Cisco Marks on or in connection with

10  Defendants' counterfeit products was conducted intentionally and with notice and full knowledge

11  that the use was unauthorized by Cisco.  Accordingly, Defendants' actions constitute willful

12  trademark infringement and counterfeiting of the Cisco Marks in violation of 15 U.S.C. §§ 1114

13  and 1117.

14  69.   Cisco has been, and continues to be, damaged by Defendants' infringement,

15  including by suffering irreparable harm through the diminution of trust and goodwill among Cisco

16  consumers and members of the general consuming public and the trade.  Cisco is entitled to an

17  injunction against Defendants, and an order of destruction of all infringing products, as well as all

18  monetary relief and other remedies available under the Lanham Act, including but not limited to

19  trebled damages and/or actual profits, reasonable attorney's fees, costs and prejudgment interest,

20  and/or statutory damages.

**THIRD CLAIM FOR RELIEF**
**False Designation of Origin**
**(15 U.S.C. § 1125)**
**Against All Defendants**

24  70.   Cisco incorporates by reference each of the allegations in the preceding paragraphs

25  of this Complaint as though fully set forth here.

26  71.   Defendants' resale of the Infringing Products that are designed to appear identical

27  to genuine Cisco products and thereby employ the same nature, style, look, and color as genuine

28  Cisco products.  Moreover, as alleged above, Defendants sold products that had affixed counterfeit

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

or infringing versions or reproductions of the Cisco Marks to unauthorized products and/or to the packaging, wrapping, etc., in which the Infringing Products are packaged.  This unauthorized use of the Cisco Marks was likely to cause confusion, to deceive, and to mislead the consuming public into believing that there was some affiliation, connection, or association between Defendants and Cisco and was likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, authorization, approval, or affiliation of Defendants' Infringing Products.

72.     Defendants' actions, including the unauthorized use of the Cisco Marks in commerce, constitute false designation of origin, false or misleading descriptions of fact, and false or misleading representations of fact, which have caused confusion, mistake, and deception, as to Defendants' association or affiliation with Cisco, as well as to the origin, source, and sponsorship of Defendants' Infringing Products, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendants' unauthorized and misleading use of the Cisco Marks constitute willful infringement of the Cisco Marks in violation of 15 U.S.C. § 1114(1)(b) and entitling Cisco to treble damages and/or enhanced statutory damages under 15 U.S.C. §§ 1117(b) and (c).

74.     Defendants' conduct has directly and proximately caused Cisco to suffer damage in an amount to be proven at trial.

75.     Defendants' actions described above, including its unauthorized and misleading use of the Cisco Marks in commerce have caused substantial and irreparable injury to Cisco and to the business and goodwill represented by the Cisco Marks, thereby leaving Cisco without an adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
California Unfair Competition
(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)
**Against All Defendants**

76.     Cisco incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

77.     California Business and Professions Code §§ 17200 *et seq.* prohibits acts of unfair competition, which includes any unlawful business act or practice.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

78.     Defendants have knowingly, willfully, and unlawfully infringed the Cisco Marks, including through the sale of infringing Cisco networking hardware products in violation of the Lanham Act, 15 U.S.C. § 1114.

79.     As a direct, proximate, and foreseeable result of Defendants' sale of infringing Cisco networking hardware parts, Cisco has further been deprived of lost revenue and payments, and has therefore sustained injury in fact.

80.     Defendants' practices were unlawful, and constitute unfair competition as defined by Cal. Bus. & Prof. C. §§ 17200 *et seq.*  Defendants' misconduct was unlawful because, as described herein, their misconduct constitutes violations of numerous state and federal statutes, including but not limited to Cal. Civ. Code § 1797.81, conversion, state false advertising laws such as Cal. Bus. Prof. Code § 17500, as well as the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and the Federal Trade Commission Act, 15 U.S.C. § 45.  Further, their alleged conduct was unfair in that Defendants' actions, as described herein, significantly threatened and/or harmed competition through infringement, counterfeiting, and false advertising.

81.     As a direct and proximate result of Defendants' unlawful and unfair business practices, Cisco has lost money and property, and has suffered irreparable injury to its brand, business reputation, and goodwill.  As such, Cisco's remedy at law is not adequate to compensate for the injuries inflicted by Defendants.  Accordingly, Cisco is entitled to temporary, preliminary, and permanent injunctive relief against Defendants, in addition to restitution in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Common Law)
### Against All Defendants

82.     Cisco incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though fully set forth here.

83.     Defendants unjustly received benefits at the expense of Cisco through their wrongful conduct, as alleged further above. Defendants continue to unjustly retain these benefits

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1 at the expense of Cisco.  The unjust receipt of the benefits obtained by Defendants lacks any

2 adequate legal basis and thus cannot conscientiously be retained by Defendants.  Therefore, the

3 circumstances of the receipt and retention of such benefits are such that, as between Cisco and

4 Defendants, it is unjust for Defendants to retain any such benefits.

5        84.     Cisco is therefore entitled to full restitution of all amounts and/or other benefits in

6 which Defendants have been unjustly enriched at Cisco's expense, in an amount to be proven at

7 trial.

8                               **PRAYER FOR RELIEF**

9        WHEREFORE Cisco respectfully prays for the following relief:

10       A.      For entry of judgment in favor of Cisco and against Defendants on each of Cisco's

11 claims for relief alleged in this Complaint;

12       B.      For a preliminary and permanent injunction restraining Defendants; their officers,

13 agents, servants, employees, attorneys, and affiliated companies; assigns and successors in

14 interest; and those persons in active concert or participation with them, from:

15              (i) importing, exporting, assisting in the importation or exportation, manufacturing,

16 procuring, distributing, shipping, retailing, selling, offering for sale, marketing,

17 advertising, or trafficking in any products not authorized by Cisco and bearing

18 unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the

19 CISCO Marks which are likely to cause confusion, or bearing a design that is of a

20 substantially similar appearance to the CISCO Marks listed in this Complaint;

21              (ii) From passing off, inducing, or enabling others to sell or pass off as authentic

22 products produced by Cisco or otherwise authorized by Cisco, any product not

23 manufactured by Cisco or produced under the control or supervision of Cisco and

24 approved by Cisco, which uses any of the CISCO Marks listed in this Complaint; and

25              (iii) From committing any act calculated to cause purchasers to believe that

26 products from Defendants are those sold under the control and supervision of Cisco, or are

27 sponsored, approved, or guaranteed by Cisco, or are connected with and produced under

28 the control or supervision of Cisco;

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    C.    For a determination that Defendants' acts of trademark infringement constitute

2   cases of willful and exceptional infringement;

3    D.    For actual damages as a result of Defendants' unlawful conduct, alleged above, as

4   well as any profits that are attributable to the alleged conduct and are not taken into account in

5   computing Cisco's actual damages;

6    E.    For maximum statutory damages available under the law to the extent Cisco elects

7   statutory damages for any claim for relief;

8    F.    For punitive damages to the fullest extent available under the law;

9    G.    For reasonable attorneys' fees to the fullest extent available under the law;

10    H.    For treble and/or enhanced damages to the fullest extent available under the law;

11    I.    For full restitution, including restoration of all property unlawfully taken from

12   Cisco, as well as any ill-gotten gains from the unauthorized resale of Cisco's property;

13    J.    For prejudgment interest and the costs of prosecuting these claims to the fullest

14   extent available under the law;

15    K.    For any additional injunctive, specific performance, and/or other provisional

16   remedies, as appropriate; and,

17    L.    For such other and further relief as the Court deems just and proper.

18

19   DATED: December 18, 2018         SIDEMAN & BANCROFT LLP

20

21                      By:  /s/ Richard J. Nelson

22                          Richard J. Nelson
                            Attorneys for Plaintiffs
                            Cisco Systems, Inc. and Cisco Technology, Inc.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## <u>JURY DEMAND</u>

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.  hereby demand a trial by a jury on all issues herein so triable.


DATED: December 18, 2018                    SIDEMAN & BANCROFT LLP


                                        By:    */s/ Richard J. Nelson*
                                               Richard J. Nelson
                                               Attorneys for Plaintiffs
                                               Cisco Systems, Inc. and Cisco Technology, Inc.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Case No._____
COMPLAINT FOR DAMAGES