1  JAMES McMANIS (40958)
   ANDREW PARKHURST (324173)
2  McMANIS FAULKNER
   a Professional Corporation
3  50 West San Fernando Street, 10th Floor
   San Jose, California 95113
4  Telephone:  (408) 279-8700
   Facsimile:  (408) 279-3244
5  Email:      aparkhurst@mcmanislaw.com

6  Attorneys for Defendants,
   Shahid Sheikh, Roya Sadaghiani, Advanced Digital
7  Solutions International, Inc., Kamran Sheikh,
   PureFutureTech LLC, and Jessica Little

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ZAHID "DONNY" HASSAN SHEIKH, an individual; SHAHID SHEIKH, an individual; ROYA SHEIKH a.k.a. ROYA SADAGHIANI, an individual; KAMRAN SHEIKH, an individual; IT DEVICES ONLINE, INC., a California corporation; ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, a California corporation; PUREFUTURETECH, LLC, a California limited liability company; and JESSICA LITTLE a.k.a. JESSICA MCINTOSH, an individual personally and dba MCINTOSH NETWORKS,<br><br>Defendants. | Case No. 4:18-CV-07602-YGR<br><br>**DEFENDANTS SHAHID SHEIKH, ROYA SADAGHIANI, ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., KAMRAN SHEIKH, PUREFUTURETECH, LLC, AND JESSICA LITTLE'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Action Filed:  December 19, 2019<br>Trial Date:    TBD |

///
///
///
///
///

# ANSWER

Defendants Shahid Sheikh, Roya Sadaghiani, Advanced Digital Solutions International, Inc., Kamran Sheikh, PureFutureTech, LLC, and Jessica Little (collectively "ADSI Defendants"), on behalf of themselves, by and through their attorneys, answer the allegations set forth in Plaintiffs, Cisco Systems, Inc., and Cisco Technology, Inc., (collectively "Cisco" or "Plaintiffs") Complaint (the "Complaint"), and admit, deny, and allege as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

3. In response to Paragraph 3 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

## THE PARTIES

4. In response to Paragraph 4 of the Complaint, on information and belief, ADSI Defendants admit all allegations therein.

5. In response to Paragraph 5 of the Complaint, on information and belief, ADSI Defendants admit all allegations therein.

6. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and on that basis deny the allegations.

7. In response to Paragraph 7 of the Complaint, ADSI Defendants admit all allegations therein.

8. In response to Paragraph 8 of the Complaint, ADSI Defendants admit all allegations therein.

9. In response to Paragraph 9 of the Complaint, ADSI Defendants admit all allegations therein.

10. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis deny each and every allegation contained therein.

11. In response to Paragraph 11 of the Complaint, ADSI Defendants admit in part and deny in part. ADSI Defendants admit that Advanced Digital Solutions International, Inc., is a California Corporation with principal place of business at 4255 Business Center Drive, Fremont, California 94538 (not "4455 Business Center Drive" as erroneously stated in the Complaint). ADSI Defendants further admit that Defendants Shahid Sheikh and Roya Sheikh own ADSI. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 11.

12. In response to Paragraph 12 of the Complaint, ADSI Defendants admit that PureFutureTech LLC is a California limited liability company with its principal places of business at 6172 Cotre Padre, Pleasanton, CA 94566 and 4255 Business Center Drive, Fremont, CA 94538. ADSI Defendants further admit Kamran Sheikh owns PureFutureTech, LLC. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 12.

13. In response to Paragraph 13 of the Complaint, ADSI Defendants admit that Jessica Little resides at 6457 Regent Street, Oakland, CA 94618 (not "3090 Regent Street, Berkeley, CA 94705" as erroneously stated in Plaintiffs' Complaint). Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 13.

14. In response to Paragraph 14 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

15. In response to Paragraph 15 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

**JURISDICTION AND VENUE**

16. In response to Paragraph 16 of the Complaint, on information and belief, ADSI Defendants admit all allegations therein.

17. In response to Paragraph 17 of the Complaint, on information and belief, ADSI Defendants admit all allegations therein.

18. In response to Paragraph 18 of the Complaint, ADSI Defendants admit that the Court has personal jurisdiction over them. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 18.

19. In response to Paragraph 19 of the Complaint, ADSI Defendants admit that venue is proper in this Court. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 19.

**INTRADISTRICT ASSIGNMENT**

20. In response to Paragraph 20 of the Complaint, this paragraph contains only legal conclusions, and thus, does not require a response. ADSI Defendants otherwise deny each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

21. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and on that basis deny each and every allegation contained therein.

22. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and on that basis deny each and every allegation contained therein.

23. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and on that basis deny each and every allegation contained therein.

24. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis deny each and every allegation contained therein.

25. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis deny each and every allegation contained therein.

26. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis deny each and every allegation contained therein.

27. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and on that basis deny each and every allegation contained therein.

28. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and on that basis deny each and every allegation contained therein.

29. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and on that basis deny each and every allegation contained therein.

30. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis deny each and every allegation contained therein.

31. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis deny each and every allegation contained therein.

32. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and on that basis deny each and every allegation contained therein.

33. In response to Paragraph 33 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

34. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis deny each and every allegation contained therein.

35. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis deny each and every allegation contained therein.

36. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis deny each and every allegation contained therein.

37. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis deny each and every allegation contained therein.

38. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny each and every allegation contained therein.

39. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis deny each and every allegation contained therein.

40. In response to Paragraph 40 of the Complaint, ADSI Defendants admit that ADSI is owned by Shahid Sheikh and Roya Sadaghiani. ADSI Defendants further admit that ADSI's offices are located at the "Business Center Address." Except as admitted herein, ADSI Defendants deny the other remaining allegations in the paragraph.

41. In response to Paragraph 41 of the Complaint, ADSI Defendants admit that ADSI became a Cisco Partner in 2011. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 41.

42. In response to Paragraph 42 of the Complaint, ADSI Defendants deny all allegations pertaining to Shahid Sheikh. As to the remaining allegations in Paragraph 42 of the

1 | Complaint, ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

43. In response to Paragraph 43 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

44. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and on that basis deny each and every allegation contained therein.

45. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and on that basis deny each and every allegation contained therein.

46. In response to Paragraph 46 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

47. In response to Paragraph 47 of the Complaint, ADSI Defendants admit that Jessica Little is an employee of ADSI. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 47.

48. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and on that basis deny each and every allegation contained therein.

49. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and on that basis deny each and every allegation contained therein.

50. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and on that basis deny each and every allegation contained therein.

51. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and on that basis deny each and every allegation contained therein.

52. In response to Paragraph 52 of the Complaint, ADSI Defendants admit that Kamran Sheikh owns PureFutureTech. Except as admitted herein, ADSI Defendants deny each and every allegation contained in paragraph 52.

53. In response to Paragraph 53 of the Complaint, ADSI Defendants admit all allegations contained therein.

54. In response to Paragraph 54 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**
**Against All Defendants**

55. In response to Paragraph 55 of the Complaint, ADSI Defendants incorporate their responses to the allegations in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and on that basis deny each and every allegation contained therein.

57. In response to Paragraph 57 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

58. In response to Paragraph 58 of the Complaint, ADSI Defendants deny each and every allegation contained therein

59. In response to Paragraph 59 of the Complaint, ADSI Defendants deny each and every allegation contained therein

60. In response to Paragraph 60 of the Complaint, ADSI Defendants deny each and every allegation contained therein

61. In response to Paragraph 61 of the Complaint, ADSI Defendants deny each and every allegation contained therein

62. In response to Paragraph 62 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

**SECOND CLAIM FOR RELIEF**
**Federal Trademark Counterfeiting**
**(15 U.S.C. § 1114)**
**Against All Defendants**

63. In response to Paragraph 63 of the Complaint, ADSI Defendants incorporate their responses to the allegations in paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. ADSI Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint and on that basis deny each and every allegation contained therein.

65. In response to Paragraph 65 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

66. In response to Paragraph 66 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

67. In response to Paragraph 67 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

68. In response to Paragraph 68 of the Complaint, Paragraph 68 contains legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

69. In response to Paragraph 69 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

///

///

///

///

///

## THIRD CLAIM FOR RELIEF
### False Designation of Origin
### (15 U.S.C. § 1125)
### Against All Defendants

70. In response to Paragraph 70 of the Complaint, ADSI Defendants incorporate their responses to the allegations in paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. In response to Paragraph 71 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

72. In response to Paragraph 72 of the Complaint, Paragraph 72 contains legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

73. In response to Paragraph 73 of the Complaint, Paragraph 73 contains legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

74. In response to Paragraph 74 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

75. In response to Paragraph 75 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF
### California Unfair Competition
### (Cal. Bus. & Prof. Code §§ 17200 et seq.)
### Against All Defendants

76. In response to Paragraph 76 of the Complaint, ADSI Defendants incorporate their responses to the allegations in paragraphs 1 through 75 of the Complaint as if fully set forth herein.

77. In response to Paragraph 77 of the Complaint, Paragraph 77 contains only legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

78. In response to Paragraph 78 of the Complaint, Paragraph 78 contains legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

79. In response to Paragraph 79 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

80. In response to Paragraph 80 of the Complaint, Paragraph 80 contains legal conclusions that do not require a response. ADSI Defendants otherwise deny the remaining allegations contained in this paragraph.

81. In response to Paragraph 81 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Common Law)**
**Against All Defendants**

82. In response to Paragraph 82 of the Complaint, ADSI Defendants incorporate their responses to the allegations in paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. In response to Paragraph 83 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

84. In response to Paragraph 84 of the Complaint, ADSI Defendants deny each and every allegation contained therein.

## ANSWER TO PRAYERS FOR RELIEF

In response to pages 19-20 of the Complaint, Paragraphs A-L, these paragraphs constitute prayers for relief and therefore no response is required. Nonetheless, ADSI Defendants deny Plaintiffs are entitled to any injunctive relief, special damages, statutory damages, general damages, consequential damages, punitive damages, restitutionary damages, or treble damages. ADSI Defendants deny Plaintiffs are entitled to attorney's fees, pre or post judgment interest,

DEFENDANTS SHAHID SHEIKH, ROYA SADAGHIANI, ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., KAMRAN SHEIKH, PUREFUTURETECH, LLC, AND JESSICA LITTLE'S ANSWER TO PLAINTIFFS' COMPLAINT; Case No. 4:18-CV-07602-YGR

litigation expenses and/or costs of this suite. ADSI Defendants deny Plaintiffs are entitled to any other relief under his Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

ADSI Defendants allege the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE
(Abandonment)

1.  As a first affirmative defense to the Complaint, ADSI asserts the claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

### SECOND AFFIRMATIVE DEFENSE
(Acquiescence)

2.  As and for a further affirmative defense to the Complaint, ADSI Defendants assert the claims made in the Complaint are barred, in whole or in part, by the equitable doctrine of acquiescence.

### THIRD AFFIRMATIVE DEFENSE
(Adequacy of Remedy at Law)

3.  As and for a further affirmative defense to the Complaint, ADSI Defendants assert the alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

### FOURTH AFFIRMATIVE DEFENSE
(Bus. and Pro. Code § 17200 – No Restitution, Declaratory Relief, and/or Injunctive Relief)

4.  As and for a further affirmative defense to the Complaint, ADSI Defendants assert the restitution, declaratory relief, and/or injunctive relief are barred with respect to any and all alleged violations of California Business and Professions Code sections 17200, et seq. that have discontinued, ceased, and are not likely to occur.

## FIFTH AFFIRMATIVE DEFENSE

(Bus. and Pro. Code § 17200 – Not Unfair, Unlawful, or Fraudulent)

5. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that their business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code sections 17200 et seq.

## SIXTH AFFIRMATIVE DEFENSE

(Causation/Contribution by Third-Party Acts)

6. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages alleged in the Complaint were actually and/or proximately caused by the acts or omissions committed by third parties.

## SEVENTH AFFIRMATIVE DEFENSE

(Judicial Estoppel)

7. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of judicial estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

8. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiff failed to take all reasonable, necessary, and appropriate action to mitigate and purported damages resulting from the alleged matter set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

9. As and for a further affirmative defense to the Complaint, ADSI Defendants assert the Complaint, in whole or in part, fails to state facts sufficient facts to constitute a cause or causes of action against the ADSI Defendants.

## TENTH AFFIRMATIVE DEFENSE

(Fair Use, Generic Terms, Lack of Secondary Meaning)

10. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred by trademark fair use, generic terms, and/or lack of secondary meaning.

## ELEVENTH AFFIRMATIVE DEFENSE

(First Sale Doctrine)

11. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred based on the first sale doctrine with respect to Plaintiffs' alleged marks.

## TWELFTH AFFIRMATIVE DEFENSE

(Improper Trademark)

12. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' trademark registrations were improperly issued by the U.S. Patent and Trademark Office.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Indemnity)

13. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' alleged damages and/or injuries, if any, in whole or in part, were actually and/or proximately caused by the actions of persons not named in the Complaint, and therefore, ADSI Defendants are indemnified with respect to Plaintiffs' claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Non-Infringement)

14. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred because there has been no infringement of Plaintiffs' marks.

///

13
DEFENDANTS SHAHID SHEIKH, ROYA SADAGHIANI, ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., KAMRAN SHEIKH, PUREFUTURETECH, LLC, AND JESSICA LITTLE'S ANSWER TO PLAINTIFFS' COMPLAINT; Case No. 4:18-CV-07602-YGR

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Innocent Infringement)

15. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred, in whole or in part, because any infringement, if any, was innocent and in spite of ADSI Defendants' attempts to act in the utmost good faith.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Laches)

16. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs are barred from obtaining any recovery in this case by the equitable doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Lack of Damage)

17. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs have not suffered any loss or harm as a result of any act or omission of ADSI Defendants and, therefore, Plaintiffs' Complaint against ADSI Defendant is barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Offset)

18. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that in the event that any damages are awarded to Plaintiffs, such damages are to be offset by the amounts which ADSI Defendants have been damaged, owed, and/or unpaid by Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Preemption)

19. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' Fourth Cause of Action for relief is preempted by federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

20. As and for a further affirmative defense to the Complaint, ADSI Defendants

DEFENDANTS SHAHID SHEIKH, ROYA SADAGHIANI, ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., KAMRAN SHEIKH, PUREFUTURETECH, LLC, AND JESSICA LITTLE'S ANSWER TO PLAINTIFFS' COMPLAINT; Case No. 4:18-CV-07602-YGR

assert that Plaintiffs are precluded from recovering any punitive damages because ADSI Defendants did not engage in oppressive, fraudulent, or malicious conduct toward Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Speculative Damages)

21. As and for a further affirmative defense to the Complaint, ADSI Defendants assert the Complaint's requests for damages against ADSI Defendants are barred because Plaintiffs' damages, if any, are speculative, uncertain, and incapable of being ascertained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

22. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that all or some of the Plaintiffs' claims are barred by the statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

23. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Waiver)

24. As and for a further affirmative defense to the Complaint, ADSI Defendants assert that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, by their own conduct, waived any claims as to the matters of which Plaintiffs now complain.

## **RESERVED**

25. ADSI Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. ADSI Defendants hereby gives notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve its right to amend the Answer and to assert any such affirmative defense(s).

## PRAYER FOR RELIEF

WHEREFORE, ADSI Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint, that the judgment be rendered in favor of ADSI Defendants;

2. That ADSI Defendants be awarded their costs of suit incurred in defense of this action;

3. For such other relief as the Court deems proper.

DATED: February 25, 2019    McMANIS FAULKNER

             /s/ Andrew Parkhurst
            JAMES MCMANIS
            ANDREW PARKHURST

            Attorneys for Defendants,
            Shahid Sheikh, Roya Sadaghiani, Advanced
            Digital Solutions International, Inc.,
            Kamran Sheikh, PureFutureTech LLC,
            and Jessica Little

## DEMAND FOR JURY TRIAL

Pursuant to Civil L.R. 3-6 and Fed. R. Civ. P. 38, ADSI Defendants hereby demand a trial by jury.

DATED: February 25, 2019    McMANIS FAULKNER

             /s/ Andrew Parkhurst
            JAMES MCMANIS
            ANDREW PARKHURST

            Attorneys for Defendants,
            Shahid Sheikh, Roya Sadaghiani, Advanced
            Digital Solutions International, Inc.,
            Kamran Sheikh, PureFutureTech LLC,
            and Jessica Little