JAMES McMANIS (40958)
ANDREW PARKHURST (324173)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     (408) 279-8700
Facsimile:      (408) 279-3244
Email:          aparkhurst@mcmanislaw.com

Attorneys for Defendants,
Shahid Sheikh, Roya Sadaghiani, Kamran Sheikh,
Advanced Digital Solutions International, Inc.,
PureFutureTech LLC, and Jessica Little, and
Third-Party Plaintiff Advanced Digital Solutions
International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>ZAHID "DONNY" HASSAN SHEIKH, an individual; SHAHID SHEIKH, an individual; ROYA SHEIKH a.k.a. ROYA SADAGHIANI, an individual; KAMRAN SHEIKH, an individual; IT DEVICES ONLINE, INC., a California corporation; ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, a California corporation; PUREFUTURETECH, LLC, a California limited liability company; and JESSICA LITTLE a.k.a. JESSICA MCINTOSH, an individual personally and dba MCINTOSH NETWORKS,<br><br>                    Defendants.<br><br>ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., a California corporation, | Case No. 4:18-CV-07602-YGR<br><br>**DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN**<br><br>**[Fed. R. Civ. P. 14]**<br><br>Action Filed:    December 19, 2019<br>Trial Date:        TBD<br><br>**JURY TRIAL DEMANDED** |

1             Third-Party Plaintiff,

2         vs.

3

4    RAHI SYSTEMS, INC., a California corporation, PURE FUTURE

5    TECHNOLOGY, INC., a California corporation, MASOOD MINHAS, a.k.a.

6    MIKE MINHAS, an individual, NAUMAN KARAMAT, a.k.a. NORMAN KARAMAT,

7    an individual, NABIA UDDIN, an individual, KAROLINE BANZON, an individual,

8    KAELYN NGUYEN, an individual, and DOES 1-10, inclusive,

9             Third-Party Defendants.

10

11

12   /////

13   /////

14   /////

15   /////

16   /////

17   /////

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

DEFENDANT ADSI'S THIRD-PARTY COMPLAINT AGAINST RAHI SYSTEMS ET AL., Case No. 4:18-CV-07602-YGR

**THIRD-PARTY CROSS-CLAIM**

**I.     INTRODUCTION**

1.      Third-Party Plaintiff Advanced Digital Solutions International, Inc., ("ADSI") brings this Third-Party Complaint against Third-Party Defendants, Rahi Systems, Inc., Masood Minhas, Pure Future Technology, Inc., Norman Karamat, Nabia Uddin, Karoline Banzon, and Kaelyn Nguyen.  Cisco Systems, Inc., and Cisco Technology, Inc. (collectively "Cisco"), have brought claims against Shahid Sheikh, Roya Sadaghiani, ADSI, Kamran Sheikh, PureFutureTech, LLC, and ADSI's employee, Jessica Little, alleging they established a "massive international counterfeiting operation" for the purpose of selling into the United States counterfeit Cisco products.

2.      Masood Minhas ("Minhas"), Pure Future Technology, Inc. ("Pure Future Technology") Norman Karamat ("Karamat"), Nabia Uddin ("Uddin"), Karoline Banzon ("Banzon"), and Kaelyn Nguyen ("Nguyen") (collectively and individually referenced herein as "Former ADSI Sales Team"), as well as Rahi Systems, Inc. ("Rahi Systems"), are the named defendants in an action brought by Defendant and Third-Party Plaintiff, ADSI, in the Superior Court of California, County of Alameda, for unfair business practices, interference, and violations of the computer fraud statutes under the California Penal Code.  ADSI brought its state court complaint in response to the Former ADSI Sales Team's actions which secretly and unlawfully diverted ADSI's customers to its competitor, Rahi Systems.  On information and belief, as alleged in the Superior Court proceedings awaiting trial, the Former ADSI Sales Team spent nearly two years subverting ADSI's sales operations by funneling clients away from ADSI for the benefit of Rahi Systems.

3.      The Former ADSI Sales Team comprised ADSI's core sales team and were entirely in control of ADSI's sales operations during a substantial portion of the time period encompassed by Cisco's Complaint.  Any sales transactions calling for Cisco products would have been managed, coordinated, sourced, purchased, sold, and delivered to the customer by the Former ADSI Sales Team.  All decisions about where to source products from, including

DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

1  whether to utilize certain vendors over others, would have been made by the Former ADSI Sales

2  Team.  Any awareness or knowledge related to the quality or authenticity of products sold to

3  customers would have been known to the Former ADSI Sales Team.  Any decisions related to

4  advertising and promoting products to customers would have been made by the Former ADSI

5  Sales Team.

6        4.     In addition, ADSI is informed and believes Rahi Systems coordinated with

7  Minhas to execute sales outside of ADSI's knowledge, and that those sales were for the benefit

8  of Rahi Systems.  ADSI is informed and believes that to the extent Cisco has alleged claims

9  against ADSI, those claims are the result of Minhas's unauthorized sales activity and purchasing

10  decisions made through his relationship with Rahi Systems.

11        5.     Although ADSI denies any and all wrongdoing alleged by Cisco, the Former

12  ADSI Sales Team should be held liable to ADSI for any tortious actions they undertook.  In

13  addition, Rahi Systems should be liable to ADSI for any tortious actions it undertook for the

14  benefit of Rahi Systems in connection to their dealings with the Former ADSI Sales Team.

15  **II.    PARTIES**

16        6.     Defendant and Third-Party Plaintiff ADSI is, and at all times herein mentioned

17  was, a corporation existing under the laws of the State of California, with a business address of

18  4255 Business Center Drive, Fremont, California 94538.

19        7.     Defendant Rahi Systems, Inc., is, and at all times herein mentioned was, a

20  corporation organized and existing under the laws of the State of California, with its principal

21  place of business at 48303 Fremont Boulevard, Fremont, California 94538.  Tarun Raisoni

22  ("Raisoni") is the Chief Executive Officer and Co-founder of Rahi Systems.  Sushil Goyal

23  ("Goyal") is the Managing Director and Co-Founder of Rahi Systems.

24        8.     Third-Party Defendant Pure Future Technology, Inc., is, and all times herein

25  mentioned was, a corporation organized and existing under the laws of the State of California

26  with its principal places of business at 333 W. Latimer Avenue, Campbell, California 95008.

27  Third-Party Plaintiff is informed and believes that Minhas is the Chief Executive Officer and

28

4

1  sole shareholder of Pure Future Technology, Inc.  While still working as ADSI's head sales
2  director, Minhas opened Pure Future Technology, Inc., in 2015.

3        9.      Third-Party Defendants Minhas, Norman Karamat, Nabia Uddin, Karoline
4  Banzon, and Kaelyn Nguyen, are, and all times relevant were, individuals residing in the State of
5  California, in Alameda County, California, and Santa Clara County, California.

6        10.     Third-Party Plaintiff is ignorant of the true names and capacities of Third-Party
7  Defendants DOES 1-20, inclusive, and therefore cross-claims against these Third-Party
8  Defendants by such fictitious names.

9  **III.    JURISDICTION AND VENUE**

10       11.     This is a Third-Party impleader action against Third-Party Defendants for Cisco's
11 alleged violations of the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act").
12 This Court has original subject matter jurisdiction over  Cisco's federal law claims in this action
13 pursuant to the Lanham Act, 15 U.S.C. § 1121, as well as under 28 U.S.C. §§ 1331 and 1338(a)
14 and (b).

15       12.     This Court has supplemental subject matter jurisdiction over Cisco's pendent state
16 law claims under 28 U.S. § 1367, because these claims are so related to Cisco's claims under
17 federal law that they form part of the same case or controversy and derive from a common
18 nucleus of operative facts.

19       13.     This Court has personal jurisdiction over Third-Party Defendants because they
20 reside in this district, have engaged in business activities in this district, directed business
21 activities from this district, and any tortious acts alleged by Cisco complained of herein would
22 have been committed in this district.

23       14.     Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b)(2) because Third-
24 Party Defendants reside in this district, a substantial part of the events or omissions giving rise to
25 Cisco's claims occurred in this judicial district, and a substantial part of the property that is the
26 subject of the action is situated in this district.

27 ///

28

5

**IV.    GENERAL ALLEGATIONS**

    **A.    Former ADSI Sales Team**

15.    Defendant and Third-Party Plaintiff ADSI is informed and believes that, if the allegations raised against them by Cisco are proved, then the harm was the result of actions not authorized by ADSI and undertaken without ADSI's knowledge by the Former ADSI Sales Team.

16.    ADSI was founded in 1991 with the goal of supplying high-value, low-price technology hardware solutions to companies throughout the Silicon Valley.

17.    In 1996, ADSI hired Minhas to be the company's new sales director.  Minhas quickly began taking over all aspects of ADSI's sales operation, including hiring his own staff and managing the sales process from beginning to end.

18.    During this time, Minhas hired, at his own discretion, Karamat, Banzon, Uddin, and Nguyen. Karamat, Banzon, and Uddin each provided sales services, and Nguyen was the team's administrative assistant.

19.    Also during this time, Shahid Sheikh and Roya Sadaghiani withdrew from their involvement in the day-to-day operations of ADSI, including removing themselves from substantially all of ADSI's business and sales activities.  Shahid Sheikh and Roya Sadaghiani preferred an ownership role, thereby allowing Minhas to operate ADSI under his own methodology and control.

20.    Under Minhas's management, ADSI entered into a partnership agreement with Cisco in September 2011 to be an authorized dealer of Cisco products. This relationship was ultimately terminated in 2015 after Cisco alleged ADSI had purchased Cisco products from an unauthorized dealer.  Karamat was the sales representative who had purchased the unauthorized Cisco product.  Karamat accepted responsibility for purchasing the product and causing ADSI to lose its status as a Cisco authorized partner.

21.    Based on Karamat's experience and his demonstrated know how, ADSI is informed and believes that Karamat could have continued his unauthorized product sourcing

DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

1   activity without ADSI's knowledge or authorization so as to increase his sales volume, and

2   thereby his commissions.

3        22.     In August 2015, Minhas formed Pure Future Technology and then asked ADSI to

4   begin paying his commissions to Pure Future Technology instead of to him directly.

5        23.     On or about September 20, 2017, ADSI discovered that Minhas and Karamat had

6   been diverting business away from ADSI to its competitor, Rahi Systems.  ADSI discovered

7   Minhas's actions only when Shahid Sheikh was inadvertently copied on an email from a major

8   customer's purchasing agent where it was clear that Karamat had asked the customer to

9   substitute its purchase order so as to divert the order to Rahi Systems.

10        24.     Following discovery of Karamat's email, ADSI began to uncover the concealment

11   of activity dating back to early 2016, when on information and belief, ADSI salespersons

12   Minhas, Karamat, Uddin, Banzon, and Nguyen began diverting business to Rahi Systems.  To

13   facilitate Minhas and Rahi Systems's sales activity, Minhas had been given an email address

14   hosted by Rahi Systems (mminhas@rahisystems.com) in July 2016.

15        25.     In addition, ADSI discovered several communications between Minhas, Ken

16   Kiernan (Rahi Systems Director of Strategic Accounts), and Tarun Raisoni (Rahi Systems CEO

17   and Co-Founder) whereby Minhas was included on conversations related to Rahi Systems

18   purchase orders, indicating that he was considered a member of the Rahi Systems team while

19   still officially working for ADSI.

20        26.     After these facts were uncovered, each of the Former ADSI Sales Team members

21   either quit ADSI or were terminated.  Less than one month after leaving ADSI, Minhas,

22   Karamat, Uddin, Banzon, and Nguyen were either employed by Rahi Systems, or signed

23   agreements to become independent contractors of Rahi Systems.  ADSI is informed and believes

24   that this plan to depart ADSI and shift their sales activities was pre-planned and coordinated by

25   Third-Party Defendants.

26        27.     As part of this plan, ADSI is informed and believes that Rahi Systems had either

27   already unofficially hired members of ADSI's former sales team before their termination from

28

DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY
COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD
MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA
UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

1   ADSI, or that Rahi Systems had guaranteed them positions of employment in the event they were

2   terminated from ADSI in exchange for an agreement to divert a portion of ADSI's business to

3   Rahi Systems.

4       **B.    ADSI Lawsuit Against Third-Party Defendants In Superior Court**

5       28.    ADSI brought suit in response to the actions described above against Rahi

6   Systems and its former salespersons in California Superior Court, County of Alameda.  ADSI

7   brought claims for (1) Unfair Business Practices in Violation of California Business Code

8   section 17200, (2) Breach of the Duty of Loyalty against Minhas, Karamat, Banzon, Uddin, and

9   Nguyen, (3) Aiding and Abetting Breach of the Duty of Loyalty against Rahi Systems, (4)

10   Intentional Interference with Contractual Relations against Karamat and Rahi Systems, and (5)

11   Violation of Penal Code section 502 for computer fraud and abuse against Minhas, Karamat, and

12   Nguyen.

13       29.    Minhas, Karamat, Uddin, Banzon, and Nguyen each filed cross-claims against

14   ADSI in response to ADSI's state court complaint.  Each cross-complaint filed by Minhas,

15   Karamat, and Banzon contained a cause of action for unfair competition.  In support of their

16   unfair competition claims, Minhas, Karamat, and Banzon referenced the loss of the partnership

17   agreement with Cisco in 2015.  However, they each omit that Karamat was the cause of the

18   alleged breach of ADSI's agreement with Cisco.

19       30.    Because Karamat was the sales person who wrongfully sold the unauthorized

20   Cisco products, ADSI is informed and believes that Karamat would be liable to ADSI for some

21   or all of Cisco's alleged harm.

22       **C.    Cisco's Allegations**

23       31.    Cisco alleges that ADSI was selling counterfeit Cisco goods in the United States.

24   In doing so, Cisco alleges its trademarks have been infringed and, therefore, it should be entitled

25   to injunctive relief against ADSI and monetary damages.

26       32.    Based on the chart referencing Customs and Border Seizures included in Cisco's

27   Complaint, the alleged counterfeiting activities date back to 2015 and extend through 2017.  At

8

28   DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY
COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD
MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA
UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

1   all times during 2015 through September 2017, Minhas, Karamat, Banzon, Uddin, and Nguyen

2   were executing and administering all of ADSI's sales operations.  Although ADSI denies that it

3   has ever sold counterfeit products, any sales of counterfeit Cisco products during 2015 through

4   2017 would have been the result of the actions and decisions of the Former ADSI Sales Team.

5       33.   Cisco alleges ADSI was importing and selling counterfeit products through Uddin

6   Networks, LLC, during the 2015 to 2017 time period.  Uddin Networks, is, and was at all times

7   since its inception, a limited liability company wholly owned by Nabia Uddin.  ADSI is

8   informed and believes that Uddin Networks was formed at the direction of Minhas.  Cisco's

9   Complaint highlights Uddin Networks as the most prevalent intended recipient of alleged

10  counterfeit goods – including in its Complaint a total of nine separate Customs and Border

11  seizures for products addressed to Uddin Networks.  Based on Cisco's allegations, Uddin is the

12  party most likely to have engaged in any of the alleged counterfeit activity through Uddin

13  Networks.

14      34.   In addition, ADSI is informed and believes that the purpose of Pure Future

15  Technology's formation was to support Minhas's efforts to divert business from ADSI to Rahi

16  Systems.  On information and belief, Pure Future Technology would have been directly involved

17  in any wrongful sales of counterfeit products as a result of its sales activity on behalf of Rahi

18  Systems.

19      35.   On information and belief, any counterfeiting alleged by Cisco would have

20  benefited Rahi Systems through its sales relationship with Minhas dating back to early 2016.  On

21  information and belief, Rahi Systems was orchestrating and partnering with Minhas to sell

22  products outside of his relationship with ADSI.  Any counterfeit Cisco products sold by Minhas

23  and Rahi Systems through their sales coordination would have been for their mutual benefit.

24      36.   Minhas instructed Nguyen to forward his W-9 independent contractor tax form to

25  Rahi Systems on or about January 27, 2017.  ADSI is informed and believes that Minhas told

26  Nguyen forward his W-9 so that he could continue to receive regular compensation from Rahi

27  Systems.  Minhas did not inform ADSI's owners that he had forwarded his W-9 to Rahi Systems,

28

DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY
COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD
MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA
UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

1  despite having worked for ADSI for over twenty years, and never during that time expressing an

2  interest in performing work for a competitor of ADSI.  Minhas's choice not to inform ADSI of

3  his working relationship with Rahi Systems demonstrates his intention to conduct sales without

4  ADSI's knowledge.  On information and belief, Minhas and Rahi Systems's sales activity

5  outside of ADSI's knowledge or control may be the cause of a substantial portion of Cisco's

6  alleged harm, and therefore, they would be liable to ADSI for any harm Cisco may prove at trial.

7      37.    Further, Nguyen's actions establish that she was aware by at least January 27,

8  2017, that Minhas was working with Rahi Systems.  Nguyen intentionally withheld this

9  information from ADSI for the benefit of Minhas and Rahi Systems, demonstrating an intention

10  to facilitate Minhas and Rahi Systems's sales activity and further their employment relationship.

11                      **FIRST CLAIM FOR RELIEF**
                              **Indemnity**
12                  **Against All Third-Party Defendants**

13      38.    Third-Party Plaintiff ADSI hereby incorporates by reference paragraphs 1 through

14  37 of this Third-Party Complaint as if fully set forth herein.

15      39.    The Former ADSI Sales Team was the driving and instrumental force behind

16  ADSI's sales operations during a substantial portion of the time identified by Cisco.  The Former

17  ADSI Sales Team was tasked with every aspect of the sales process, including sourcing the

18  products from vendors inside the United States and abroad, finding customers, drafting price

19  quotes, placing the orders, coordinating the delivery of the products to the customers, and

20  managing customer and vendor relationships.

21      40.    Cisco alleges that Defendants sold, offered to sell, distributed, and advertised

22  infringing products bearing Cisco marks.  Former ADSI Sales Team were the persons or entities

23  responsible for selling, offering to sell, distributing, and advertising products for ADSI and any

24  other unauthorized or external sales completed on behalf of their own interests or the interests of

25  other parties.

26      41.    The Former ADSI Sales Team were the persons or entities responsible for

27

28
DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY
COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD
MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA
UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR

publicly advertising, selling, offering to sell, and distributing all products during the time period defined by Cisco.  Inclusive of those products would have been any Cisco products, counterfeit or otherwise, advertised, sold, offered for sale, or distributed by the Former ADSI Sales Team. Any intentional or willfully blind sales, offers for sale, or distributions of counterfeit Cisco products would have been the result of decisions and actions undertaken by the Former ADSI Sales Team.

42.    Any unlawful sales activities executed by the Former ADSI Sales Team in coordination with Rahi Systems involved publicly advertising, selling, offering to sell, and distributing all products during the time period defined by Cisco.

43.    Any material differences that would have caused a likelihood of confusion, deception, or constituted an attempt to mislead the consuming public into believing that there was some affiliation, connection, or association between the alleged counterfeit products and Cisco's products would have been the result of actions undertaken by all Third-Party Defendants.

44.    Any potential liability incurred by ADSI as a result of Cisco's claims would be the result of Third-Party Defendants' actions, and thus, Third-Party Defendants are directly liable to ADSI for any potential harm proven by Cisco.

45.    Any liability for unfair competition under the California Business and Professions Code section 17200 would have been the result of unfair competitive practices undertaken by Third-Party Defendants, and thus, Third-Party Defendants are directly liable to ADSI for any potential harm proven by Cisco.

46.    Any damages incurred by Cisco as a result of the alleged sale of counterfeit Cisco products would have been the result of Third-Party Defendants actions.

WHEREFORE, Third-Party Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Third-Party Plaintiff prays for judgment as follows:

1.    For an amount, according to proof, as indemnity by Third-Party Defendants for any liability incurred as a result of Cisco's claims against ADSI;

2.      For attorney's fees and costs incurred in defending and resolving Cisco's claims against ADSI;

3.      For attorney's fees and costs herein incurred for the prosecution of the Third-Party Complaint; and

4.      For such other and further relief such other and further relief as the Court deems just and equitable.

DATED:  March 11, 2019                         McMANIS FAULKNER


                                              _____/s/ ANDREW PARKHURST_____
                                              JAMES MCMANIS
                                              ANDREW PARKHURST
                                              Attorneys for Defendants Shahid Sheikh, Roya
                                              Sadaghiani, Kamran Sheikh, Advanced Digital
                                              Solutions International, Inc., PureFutureTech LLC,
                                              and Jessica Little and Third- Party Plaintiff
                                              Advanced Digital Solutions International, Inc.


## **DEMAND FOR JURY TRIAL**

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Third-Party Plaintiff Advanced Digital Solutions International, Inc., hereby demand a trial by a jury on all issues herein so triable.

DATED:  March 11, 2019                         McMANIS FAULKNER


                                              _____/s/ ANDREW PARKHURST_____
                                              JAMES MCMANIS
                                              ANDREW PARKHURST
                                              Attorneys for Defendants Shahid Sheikh, Roya
                                              Sadaghiani, Kamran Sheikh, Advanced Digital
                                              Solutions International, Inc., PureFutureTech LLC,
                                              and Jessica Little and Third- Party Plaintiff
                                              Advanced Digital Solutions International, Inc.

DEFENDANT ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.'S THIRD-PARTY COMPLAINT AGAINST RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MASOOD MINHAS A.K.A. MIKE MINHAS, NAUMAN KARAMAT A.K.A. NORMAN KARAMAT, NABIA UDDIN, KAROLINE BANZON, AND KAELYN NGUYEN, Case No. 4:18-CV-07602-YGR