1  JAMES GIACCHETTI (307117)
   JAMES GIACCHETTI ATTORNEY AT LAW
2  45 East Julian Street
   San Jose, California 95112
3  Telephone:     (669) 226-8605
   Email:         jamesgiacchetti@gmail.com
4
   Attorney for defendant,
5  IMRAN HUSAIN

6
                UNITED STATES DISTRICT COURT
7
              NORTHERN DISTRICT OF CALIFORNIA
8
                    OAKLAND DIVISION
9

10  CISCO SYSTEMS, INC., a California         Case Number: 4:18-CV-07602-YGR
    corporation, et al.,
11                                            **DEFENDANT IMRAN HUSAIN'S**
                  Plaintiffs,                 **ANSWER TO PLAINTIFFS' SECOND**
12                                            **AMENDED COMPLAINT**
            v.
13                                            **<u>DEMAND FOR JURY TRIAL</u>**
    ZAHID "DONNY" HASSAN SHEIKH, an
14  individual; et al.,

15                Defendants.

16

17  ADVANCED DIGITAL SOLUTIONS
    INTERNATIONAL, INC., a California
18  corporation,

19                Third-Party Plaintiff,

20          v.

21
    RAHI SYSTEMS, INC., a California
22  corporation, et al.,

23                Third-Party Defendants.

24

25

26

27

28

## ANSWER

Defendant Imran Husain ("Mr. Husain"), by and through his attorney, answers the allegations set forth in plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s ("plaintiffs") Second Amended Complaint ("SAC") and admits, denies, and alleges as follows:

### INTRODUCTION

1.      In response to Paragraph 1 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

2.      In response to Paragraph 2 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

3.      In response to Paragraph 3 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

### THE PARTIES

4.      In response to Paragraph 4 of the SAC, on information and belief, Mr. Husain admits each and every allegation contained therein.

5.      In response to Paragraph 5 of the SAC, on information and belief, Mr. Husain admits each and every allegation contained therein.

6.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the SAC and on that basis denies each and every allegation contained therein.

7.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the SAC and on that basis denies each and every allegation contained therein.

///

///

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

8.      In response to Paragraph 8 of the SAC, Mr. Husain admits in part and denies in part.  On information and belief, Mr. Husain admits that Advanced Digital Solutions International, Inc. ("ADSI") is a  California Corporation with principal place of business at 4255 Business Center Drive, Fremont, California 94538.  Except as admitted herein, Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the SAC and on that basis denies each and every allegation contained therein.

9.      In response to Paragraph 9 of the SAC, Mr. Husain admits in part and denies in part.  On information and belief, Mr. Husain admits that PureFutureTech LLC is a California limited liability company with its principal places of business at 6172 Cotre Padre, Pleasanton, California 94566 and 4255 Business Center Drive, Fremont, California 94538.  Except as admitted herein, Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the SAC and on that basis denies each and every allegation contained therein.

10.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of the SAC and on that basis denies each and every allegation contained therein.

11.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC and on that basis denies each and every allegation contained therein.

12.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC and on that basis denies each and every allegation contained therein.

13.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the SAC and on that basis denies each and every allegation contained therein.

14.      In response to Paragraph 14 of the SAC, Mr. Husain admits each and every allegation contained therein.

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

1    15.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

2  truth of the allegations contained in Paragraph 15 of the SAC and on that basis denies each and

3  every allegation contained therein.

4    16.    In response to Paragraph 16 of the SAC, Mr. Husain asserts the Fifth Amendment

5  privilege against self-incrimination and on that basis denies each and every allegation contained

6  therein.

7                        **JURISDICTION AND VENUE**

8    17.    In response to Paragraph 17 of the SAC, on information and belief, Mr. Husain

9  admits each and every allegation contained therein.

10    18.    In response to Paragraph 18 of the SAC, on information and belief, Mr. Husain

11  admits each and every allegation contained therein.

12    19.    In response to Paragraph 19 of the SAC, Mr. Husain admits in part and denies in

13  part.  On information and belief, Mr. Husain admits that the Court has personal jurisdiction.

14  Except as admitted herein, Mr. Husain asserts the Fifth Amendment privilege against self-

15  incrimination and on that basis denies each and every allegation contained therein.

16    20.    In response to Paragraph 20 of the SAC, Mr. Husain admits in part and denies in

17  part.  On information and belief, Mr. Husain admits that venue is proper in this Court.  Except as

18  admitted herein, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination

19  and on that basis denies each and every allegation contained in Paragraph 20.

20                        **INTRADISTRICT ASSIGNMENT**

21    21.    In response to Paragraph 21 of the SAC, this paragraph contains only legal

22  conclusions and thus does not require a response.

23                        **FACTUAL ALLEGATIONS**

24    22.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

25  truth of the allegations contained in Paragraph 22 of the SAC and on that basis denies each and

26  every allegation contained therein.

27  ///

28  ///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

1       23.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

2  truth of the allegations contained in Paragraph 23 of the SAC and on that basis denies each and

3  every allegation contained therein.

4       24.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

5  truth of the allegations contained in Paragraph 24 of the SAC and on that basis denies each and

6  every allegation contained therein.

7       25.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

8  truth of the allegations contained in Paragraph 25 of the SAC and on that basis denies each and

9  every allegation contained therein.

10       26.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

11  truth of the allegations contained in Paragraph 26 of the SAC and on that basis denies each and

12  every allegation contained therein.

13       27.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

14  truth of the allegations contained in Paragraph 27 of the SAC and on that basis denies each and

15  every allegation contained therein.

16       28.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

17  truth of the allegations contained in Paragraph 28 of the SAC and on that basis denies each and

18  every allegation contained therein.

19       29.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

20  truth of the allegations contained in Paragraph 29 of the SAC and on that basis denies each and

21  every allegation contained therein.

22       30.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

23  truth of the allegations contained in Paragraph 30 of the SAC and on that basis denies each and

24  every allegation contained therein.

25       31.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the

26  truth of the allegations contained in Paragraph 31 of the SAC and on that basis denies each and

27  every allegation contained therein.

28  ///

1    32.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

2  truth of the allegations contained in Paragraph 32 of the SAC and on that basis denies each and

3  every allegation contained therein.

4    33.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

5  truth of the allegations contained in Paragraph 33 of the SAC and on that basis denies each and

6  every allegation contained therein.

7    34.      In response to Paragraph 34 of the SAC, Mr. Husain asserts the Fifth Amendment

8  privilege against self-incrimination and on that basis denies each and every allegation contained

9  therein.

10    35.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

11  truth of the allegations contained in Paragraph 35 of the SAC and on that basis denies each and

12  every allegation contained therein.

13    36.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

14  truth of the allegations contained in Paragraph 36 of the SAC and on that basis denies each and

15  every allegation contained therein.

16    37.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

17  truth of the allegations contained in Paragraph 37 of the SAC and on that basis denies each and

18  every allegation contained therein.

19    38.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

20  truth of the allegations contained in Paragraph 38 of the SAC and on that basis denies each and

21  every allegation contained therein.

22    39.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

23  truth of the allegations contained in Paragraph 39 of the SAC and on that basis denies each and

24  every allegation contained therein.

25    40.      Mr. Husain lacks sufficient knowledge or information to form a belief as to the

26  truth of the allegations contained in Paragraph 40 of the SAC and on that basis denies each and

27  every allegation contained therein.

28  ///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

1    41.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

2   truth of the allegations contained in Paragraph 41 of the SAC and on that basis denies each and

3   every allegation contained therein.

4    42.    In response to Paragraph 42 of the SAC, Mr. Husain admits in part and denies in

5   part.  On information and belief, Mr. Husain admits that ADSI's offices are located at the

6   "Business Center Address."  Except as admitted herein, Mr. Husain lacks sufficient knowledge

7   or information to form a belief as to the truth of the allegations contained in Paragraph 42 of the

8   SAC and on that basis denies each and every allegation contained therein.

9    43.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

10   truth of the allegations contained in Paragraph 43 of the SAC and on that basis denies each and

11   every allegation contained therein.

12    44.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

13   truth of the allegations contained in Paragraph 44 of the SAC and on that basis denies each and

14   every allegation contained therein.

15    45.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

16   truth of the allegations contained in Paragraph 45 of the SAC and on that basis denies each and

17   every allegation contained therein.

18    46.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

19   truth of the allegations contained in Paragraph 46 of the SAC and on that basis denies each and

20   every allegation contained therein.

21    47.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

22   truth of the allegations contained in Paragraph 47 of the SAC and on that basis denies each and

23   every allegation contained therein.

24    48.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

25   truth of the allegations contained in Paragraph 48 of the SAC and on that basis denies each and

26   every allegation contained therein.

27   ///

28   ///

7

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

49.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the SAC and on that basis denies each and every allegation contained therein.

50.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the SAC and on that basis denies each and every allegation contained therein.

51.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the SAC and on that basis denies each and every allegation contained therein.

52.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 52 of the SAC and on that basis denies each and every allegation contained therein.

53.     In response to Paragraph 53 of the SAC, Mr. Husain admits in part and denies in part.  On information and belief, Mr. Husain admits that Jessica Little is a former employee of ADSI.  Except as admitted herein, Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC and on that basis denies each and every allegation contained therein.

54.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of the SAC and on that basis denies each and every allegation contained therein.

55.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of the SAC and on that basis denies each and every allegation contained therein.

56.     In response to Paragraph 56 of the SAC, Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the SAC and on that basis denies each and every allegation contained therein.

///

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

1    57.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

2   truth of the allegations contained in Paragraph 57 of the SAC and on that basis denies each and

3   every allegation contained therein.

4    58.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

5   truth of the allegations contained in Paragraph 58 of the SAC and on that basis denies each and

6   every allegation contained therein.

7    59.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

8   truth of the allegations contained in Paragraph 59 of the SAC and on that basis denies each and

9   every allegation contained therein.

10    60.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

11   truth of the allegations contained in Paragraph 60 of the SAC and on that basis denies each and

12   every allegation contained therein.

13    61.    Mr. Husain lacks sufficient knowledge or information to form a belief as to the

14   truth of the allegations contained in Paragraph 61 of the SAC and on that basis denies each and

15   every allegation contained therein.

16    62.    In response to Paragraph 62 of the SAC, Mr. Husain admits in part and denies in

17   part.  Mr. Husain admits that he is an employee of ADSI.  Except as admitted herein, Mr. Husain

18   asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each

19   and every allegation contained therein.

20    63.    In response to Paragraph 63 of the SAC, Mr. Husain  asserts the Fifth Amendment

21   privilege against self-incrimination and on that bases denies each and every allegation contained

22   therein.

23    64.    In response to Paragraph 64 of the SAC, Mr. Husain  asserts the Fifth Amendment

24   privilege against self-incrimination and on that bases denies each and every allegation contained

25   therein.

26    65.    In response to Paragraph 65 of the SAC, Mr. Husain asserts the Fifth Amendment

27   privilege against self-incrimination and on that bases denies each and every allegation contained

28   therein.

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

66.     In response to Paragraph 66 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that bases denies each and every allegation contained therein.

67.     In response to Paragraph 67 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that bases denies each and every allegation contained therein.

68.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 68 of the SAC and on that basis denies each and every allegation contained therein.

69.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 of the SAC and on that basis denies each and every allegation contained therein.

70.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the SAC and on that basis denies each and every allegation contained therein.

71.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 of the SAC and on that basis denies each and every allegation contained therein.

72.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 72 of the SAC and on that basis denies each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**
**Against All Defendants**

73.     In response to Paragraph 73 of the SAC, Mr. Husain incorporates his responses to the allegations in Paragraphs 1 through 72 of the SAC as if fully set forth herein.

///

///

10

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

74.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 of the SAC and on that basis denies each and every allegation contained therein.

75.     In response to Paragraph 75 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

76.     In response to Paragraph 76 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

77.     In response to Paragraph 77 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

78.     In response to Paragraph 78 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

79.     In response to Paragraph 79 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

80.     In response to Paragraph 80 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**SECOND CLAIM FOR RELIEF**
**Federal Trademark Counterfeiting**
**(15 U.S.C. § 1114)**
**Against All Defendants**

81.     In response to Paragraph 81 of the SAC, Mr. Husain incorporates his responses to the allegations in Paragraphs 1 through 80 of the SAC as if fully set forth herein.

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

82.     Mr. Husain lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the SAC and on that basis denies each and every allegation contained therein.

83.     In response to Paragraph 83 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

84.     In response to Paragraph 84 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

85.     In response to Paragraph 85 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

86.     In response to Paragraph 86 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

87.     In response to Paragraph 87 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**
**False Designation of Origin**
**(15 U.S.C. § 1125)**
**Against All Defendants**

88.     In response to Paragraph 88 of the SAC, Mr. Husain incorporates his responses to the allegations in Paragraphs 1 through 87 of the SAC as if fully set forth herein.

89.     In response to Paragraph 89 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

///

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

90.     In response to Paragraph 90 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

91.     In response to Paragraph 91 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

92.     In response to Paragraph 92 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

93.     In response to Paragraph 93 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**
**California Unfair Competition**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**
**Against All Defendants**

94.     In response to Paragraph 94 of the SAC, Mr. Husain incorporates his responses to the allegations in Paragraphs 1 through 93 of the SAC as if fully set forth herein.

95.     In response to Paragraph 95 of the SAC, Paragraph 95 contains only legal conclusions that do not require a response.  Mr. Husain otherwise asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

96.     In response to Paragraph 96 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

97.     In response to Paragraph 97 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

98.     In response to Paragraph 98 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

99.     In response to Paragraph 99 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Common Law)**
**Against All Defendants**

100.    In response to Paragraph 100 of the SAC, Mr. Husain incorporates his responses to the allegations in Paragraphs 1 through 99 of the SAC as if fully set forth herein.

101.    In response to Paragraph 101 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

102.    In response to Paragraph 102 of the SAC, Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**ANSWER TO PRAYERS FOR RELIEF**

Paragraphs A-L of Pages 23-24 of the SAC constitute prayers for relief to which no response is required.   Mr. Husain asserts the Fifth Amendment privilege against self-incrimination and on that basis denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

Mr. Husain alleges the following affirmative defenses with respect to the claims alleged in the SAC, without assuming the burden of proof where the burden of proof rests on Plaintiffs:

**FIRST AFFIRMATIVE DEFENSE**

**(Abandonment)**

1.     Mr. Husain asserts the claims made in the SAC are barred, in whole or in part, by abandonment of any marks at issue.

14

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

## SECOND AFFIRMATIVE DEFENSE

### (Acquiescence)

2.    Mr. Husain asserts the claims made in the SAC are barred, in whole or in part, by the equitable doctrine of acquiescence.

## THIRD AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

3.    Mr. Husain asserts that the alleged injury or damage suffered by plaintiffs, if any, would be adequately compensated by damages.  Accordingly, plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## FOURTH AFFIRMATIVE DEFENSE

### (Bus. and Pro. Code § 17200 – No Restitution, Declaratory Relief, and/or Injunctive Relief)

4.    Mr. Husain asserts that restitution, declaratory relief, and injunctive relief are barred with respect to any and all alleged violations of California Business and Professions Code sections 17200 *et seq*.

## FIFTH AFFIRMATIVE DEFENSE

### (Bus. and Pro. Code § 17200 – Not Unfair, Unlawful, or Fraudulent)

5.    Mr. Husain asserts that he did not engage in business actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of California Business and Professions Code sections 17200 *et seq*.

## SIXTH AFFIRMATIVE DEFENSE

### (Causation/Contribution by Third-Party Acts)

6.    Mr. Husain asserts that plaintiffs' claims are barred, in whole or in part, because the injuries and/or damages alleged in the SAC were actually and/or proximately caused by the acts or omissions committed by third parties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

7.    Mr. Husain asserts that plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of judicial estoppel.

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8.    Mr. Husain asserts that plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to take action to mitigate any purported damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

9.    Mr. Husain asserts that the SAC, in whole or in part, fails to state facts sufficient facts to constitute a cause or causes of action against Mr. Husain.

**TENTH AFFIRMATIVE DEFENSE**

**(Fair Use, Generic Terms, Lack of Secondary Meaning)**

10.    Mr. Husain asserts that plaintiffs' claims are barred by trademark fair use, generic terms, and/or lack of secondary meaning.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(First Sale Doctrine)**

11.    Mr. Husain asserts that plaintiffs' claims are barred based on the first sale doctrine with respect to plaintiffs' alleged marks.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Improper Trademark)**

12.    Mr. Husain asserts that plaintiffs' trademark registrations were improperly issued by the U.S. Patent and Trademark Office.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

13.    Mr. Husain assert that plaintiffs' alleged damages and/or injuries, if any, in whole or in part, were actually and/or proximately caused by the actions of other persons, and therefore, Mr. Husain is indemnified with respect to plaintiffs' claims.

///

///

///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Non-Infringement)**

3        14.    Mr. Husain asserts that plaintiffs' claims are barred because there has been no

4  infringement of plaintiffs' marks.

5

**FIFTEENTH AFFIRMATIVE DEFENSE**

6

**(Innocent Infringement)**

7        15.    Mr. Husain asserts that plaintiffs' claims are barred, in whole or in part, because

8  any infringement, if any, was innocent and in spite of attempts to act in the utmost good faith.

9

**SIXTEENTH AFFIRMATIVE DEFENSE**

10

**(Laches)**

11        16.    Mr. Husain asserts that plaintiffs are barred from obtaining any recovery in this

12  case by the equitable doctrine of laches.

13

**SEVENTEENTH AFFIRMATIVE DEFENSE**

14

**(Lack of Damage)**

15        17.    Mr. Husain asserts that plaintiffs have not suffered any loss or harm and,

16  therefore, plaintiffs' SAC is barred.

17

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18

**(Offset)**

19        18.    Mr. Husain asserts that in the event that any damages are awarded to plaintiffs,

20  such damages are to be offset by the amounts which defendants have been damaged, owed,

21  and/or unpaid by plaintiffs.

22

**NINETEENTH AFFIRMATIVE DEFENSE**

23

**(Preemption)**

24        19.    Mr. Husain asserts that plaintiffs' Fourth Cause of Action for relief is preempted

25  by federal law.

26  ///

27  ///

28  ///

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

20.     Mr. Husain asserts that plaintiffs are precluded from recovering any punitive damages because Mr. Husain did not engage in oppressive, fraudulent, or malicious conduct toward Plaintiffs.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Speculative Damages)

21.     Mr. Husain asserts that the SAC's requests for damages are barred because plaintiffs' damages, if any, are speculative, uncertain, and incapable of being ascertained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

22.     Mr. Husain asserts that all or some of the plaintiffs' claims are barred by the statute of limitations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

23.     Mr. Husain asserts that plaintiffs' claims are barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

24.     Mr. Husain asserts that plaintiffs' claims are barred, in whole or in part, because plaintiffs, by their own conduct, waived any claims as to the matters of which plaintiffs now complain.

## **RESERVED**

26.     Mr. Husain presently have insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available.  Mr. Husain hereby gives notice that he intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserves his right to amend this Answer and to assert any such affirmative defenses.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Husain prays for judgment as follows:

1.      That plaintiffs take nothing by reason of their SAC, that the judgment be rendered in favor of Mr. Husain;

2.      That Mr. Husain be awarded costs of suit incurred in defense of this action; and

3.      For such other relief as the Court deems proper.

DATED: January 31, 2020                   /s/ James Giacchetti

JAMES GIACCHETTI

Attorney for defendant,
IMRAN HUSAIN

**DEMAND FOR JURY TRIAL**

Pursuant to Civil Local Rule 3-6 and Federal Rule of Civil Procedure 38, Mr. Husain hereby demands a trial by jury.

DATED: January 31, 2020                   /s/ James Giacchetti

JAMES GIACCHETTI

Attorney for defendant,
IMRAN HUSAIN

DEFENDANT HUSAIN'S ANSWER TO SECOND AMENDED COMPLAINT; Case No. 4:18-CV-07602-YGR