JAMES McMANIS (40958)
TYLER ATKINSON (257997)
ANDREW PARKHURST (324173)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: aparkhurst@mcmanislaw.com

Attorneys for Defendant and Third Party Plaintiff
Advanced Digital Solutions International, Inc., and
Defendants PureFutureTech, LLC, K&F Associates, LLC,
Shahid Sheikh, Kamran Sheikh and Farhaad Sheikh

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>ZAHID "DONNY" HASSAN SHEIKH, an individual; et al.,<br><br>        Defendants.<br><hr>ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., a California corporation,<br><br>        Third-Party Plaintiff,<br><br>  v.<br><br>RAHI SYSTEMS, INC., a California corporation; et al.,<br><br>        Third-Party Defendants. | Case No. 4:18-CV-07602-YGR<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO CONTINUE THIRD PARTY DISCOVERY AFTER FACT DISCOVERY CUT OFF** |

Pursuant to Local Rule 7-11, the ADSI defendants make the following statement opposing Cisco's Administrative Motion to Permit Plaintiffs to Complete Certain Third Party Discovery After the Fact Discovery Cutoff ("Cisco's Motion").

This case should either be stayed per defendants' Motion to Stay (ECF No. 108), or proceed as scheduled without extending additional relief to plaintiffs for a second time. For at least three reasons, the Court should not grant the special treatment requested by Cisco, which is unjustified and would lead to limitless discovery after the second discovery cutoff has now passed.

**First**, contrary to its claims, Cisco did not diligently seek third party discovery. Cisco identified Dexon, West USA and the National Ground Intelligence Center ("NGIC") many months ago. It did not seek depositions from West USA or NGIC until recently. Although Cisco blames the Covid-19 crisis as the reason for needing to take these depositions after the discovery cutoff, Cisco provides no evidence that it timely sought these depositions in the first place. Indeed, **Cisco subpoenaed records from Dexon more than eight (8) months ago**, on or about July 17, 2019, and subpoenaed records from West USA and NGIC on or about December 6 and 12, 2019, respectively. (Parkhurst Decl., ¶¶ 2-4.)

Cisco provides no explanation as to why in 2019 it believed these entities had relevant information, but it nevertheless waited until two (2) discovery deadlines had passed before it sought their depositions. Cisco includes with its motion the Declaration of Angela He (ECF No. 113-2). In her declaration, counsel states that she emailed the deponents and scheduled their depositions to take place after the discovery cutoff. Her declaration, however, fails to state *when* she emailed the deponents to schedule their depositions.

Further, although Cisco subpoenaed Dexon in July, 2019, **it did nothing to enforce that subpoena until less than two (2) weeks ago**, when it filed an enforcement action in Minnesota. Cisco vaguely references attempts to meet and confer with Dexon's counsel, but does not explain why it assumed in the Summer of 2019 that this Court would continue the discovery deadline— let alone twice.

2

DEFENDANTS' OPPOSITION TO ADMIN. MOTION TO PERMIT PLAINTIFFS TO CONTINUE THIRD PARTY DISC. AFTER FACT DISC. CUT OFF; Case No. 4:18-CV-07602-YGR

1 **Second**, the original discovery cutoff in January, 2020, was continued at Cisco's insistence, purportedly to accommodate a new party added by Cisco's Second Amended Complaint. As Cisco explained at the Case Management Conference:

> MR. NELSON: Thank you, Your Honor. Richard Nelson for the plaintiffs. The court set this case management conference in order to welcome the new defendant into the --the case and make sure that the -- the dates were acceptable to the new defense counsel.
>
> **And so that's why the court had -- that's why the court vacated the regular discovery cutoff and the expert discovery cutoff in order to -- to give the opportunity for -- for Imran Husain's counsel to engage in this litigation as -- as appropriate**. And we're doing that.
>
> And based on the proposed recommended new fact discovery cutoff to Your Honor, which is March 20th, I think that would accommodate what plaintiffs need to accomplish with the defendants in this case. . . .

(ECF 113-3; page 7 of 24, lines 1 to 19 (Transcript of the February 19, 2020, Case Management Conference).)

The Court thus did not extend discovery to give Cisco additional time to try to build its case. Nevertheless, that is exactly what Cisco attempted to do. After the Court vacated the discovery cutoff, Cisco **issued 22 new third party subpoenas**. (Parkhurst Decl., ¶ 5.) This is not the conduct of a plaintiff that diligently sought third party discovery, as Cisco now contends.

**Third**, Cisco's request could lead to endless, one-sided discovery. Cisco's proposed order asks for court permission to "issue document subpoenas and requests for inspection to customers disclosed by Dexon Computers." As an initial matter, Cisco provides virtually no information about the procedural posture of its Minnesota action. As of this filing, Dexon's Opposition is not yet due. (See *Cisco v. Dexon,* Case No. 0:20-mc-00030-NEB-KMM, ECF No. 13.) Cisco *speculates* that it will prevail in its action and further *speculates* that Dexon will then have relevant records to produce.

If any customers are identified by Dexon, there is no limit to how many of those customers Cisco will argue may have relevant information. Cisco would then seek *more* discovery, on yet-to-be-identified customers. If and when those parties resist or object, Cisco will come back for additional time.

3

DEFENDANTS' OPPOSITION TO ADMIN. MOTION TO PERMIT PLAINTIFFS TO CONTINUE THIRD PARTY DISC. AFTER FACT DISC. CUT OFF; Case No. 4:18-CV-07602-YGR

For these reasons, the Court must not grant Cisco's request for unlimited, unilateral discovery. Either the case should be stayed given the serious Fifth Amendment concerns articulated in defendants' Motion to Stay, or the parties should proceed to trial and follow the schedule set forth by the Court.

DATED:  March 24, 2020

McMANIS FAULKNER

 /s/ Andrew Parkhurst
JAMES MCMANIS
ANDREW PARKHURST

Attorneys for Defendant and Third Party Plaintiff Advanced Digital Solutions International, Inc., and Defendants PureFutureTech, LLC, K&F Associates, LLC, Shahid Sheikh, Kamran Sheikh and Farhaad Sheikh