RICHARD J. NELSON (State Bar No. 141658)
E-Mail:      *rnelson@sideman.com*
IAN K. BOYD (State Bar No. 191434)
E-Mail:      *iboyd@sideman.com*
ANNA P. CHANG (State Bar No. 301468)
E-Mail:      *achang@sideman.com*
ANGELA M. HE (State Bar No. 319351)
E-Mail:      *ahe@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:      (415) 392-1960
Facsimile:      (415) 392-0827

Attorneys for Cisco Systems, Inc. and Cisco Technology, Inc.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, et al., | Case No. 4:18-cv-07602 YGR |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL EXPIRATION OF STATUTE OF LIMITATIONS** |
| v. | |
| ZAHID "DONNY" HASSAN SHEIKH, an individual, et al., | |
| Defendants. | Judge:    Honorable Yvonne Gonzalez Rogers<br>Date:     April 21, 2020<br>Time:     2:00 p.m.<br>Crtrm.:   1, 4th Floor |
| ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., a California corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| RAHI SYSTEMS, INC., a California corporation, et al., | |
| Third-Party Defendants. | |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  Defendants' motion to stay proceedings, which is based on the premise that the defendants

2  have a good faith apprehension that testifying truthfully in discovery might put them in the

3  difficult position of testifying or asserting their Fifth Amendment rights, is untimely.  Fact

4  discovery involving witnesses for the defendants is now closed.  There is, thus, no predicament

5  that the defendants find themselves in that requires the significant step of a stay of the civil case.

6  Accordingly, the Court should deny the motion as moot.

7  ### I.      BRIEF FACTUAL BACKGROUND

8  Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco" or

9  "Plaintiffs") filed the Complaint in this action on December 18, 2018 (Docket No. 1), against

10  Advanced Digital Solutions International, Inc. ("ADSI"), individuals related to that company, and

11  companies controlled by them ("the ADSI Defendants").  The Complaint included a paragraph

12  describing the active counterfeit operations occurring at ADSI's headquarters in Fremont:

13  
> In December 2017, a former ADSI employee reported to Cisco that ADSI
> purchases unlabeled products from a company in China and imports the
> products into a P.O. Box in Reno, Nevada.  The P.O. Box is associated with
> McIntosh Networks, which is run by Jessica Little, an ADSI employee. . . .
> On information and belief, Little transports the unlabeled modules to ADSI.
> Once ADSI receives the unlabeled products, it affixes labels bearing
> counterfeit Cisco Marks on the products and sells the counterfeit Cisco
> products to state and federal government entities through GSA contracts.

19  Docket No. 1, at ¶ 46.

20  Plaintiffs issued written discovery including requests for documents.  ADSI and

21  PureFutureTech (a company closely held by the same individuals who own and control ADSI)

22  produced spreadsheets, emails, and purchase/sale documents.  Neither ADSI nor PureFutureTech

23  interposed an objection based on the Fifth Amendment.  Declaration of Richard J. Nelson

24  ("Nelson Decl."), ¶ 2, filed herewith.

25  On July 10, 2019, Cisco was scheduled to take the deposition of Jessica Little, the person

26  identified in the Complaint as being involved in placing counterfeit Cisco labels on products.  The

27  deposition was to start at 10 a.m.  At 9:30 a.m., counsel for ADSI and then-counsel for Ms. Little

28  informed Cisco counsel that the deposition would not occur, based on things that ADSI counsel

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1  learned that morning from Ms. Little.  On July 19, 2019, counsel for ADSI informed counsel for

2  Cisco that Ms. Little retained separate counsel.  *Id.*, ¶ 3.

3  On September 10, 2019, Cisco deposed Shahid Sheikh, the owner and former CEO of

4  ADSI.  Mr. Sheikh answered questions and did not once assert the Fifth Amendment.  *Id.*, ¶ 4.

5  On October 11, 2019, Cisco deposed Jessica Little.  Ms. Little refused to answer any

6  substantive question, and instead asserted her Fifth Amendment rights.  *Id.*, ¶ 5.

7  On December 16, 2019, Cisco deposed Theresa Lau, a former ADSI employee, who

8  testified that Kamran Sheikh arranged for her to obtain a UPS box in Portland, Oregon, to receive

9  shipments, even though she was unaware of any ADSI employee or customer in Portland.  *Id.*, ¶ 6,

10  Ex. A (90:19-91:5; 101:5-103:9).  This testimony was very similar to what was alleged in the

11  Complaint about the Reno UPS Box.

12  Another former employee of ADSI, Nabia Uddin, candidly testified on March 6, 2020, that

13  ADSI set up the UPS box in Reno, Nevada, as a way to import Cisco products from China,

14  including unlabeled products that were then sent to ADSI's facility in Fremont, where she

15  observed Defendants Jessica Little and Imran Hussain placing Cisco labels upon them.  *Id.*, ¶ 7,

16  Ex. B  (134:2-20; 218:19-222:25)

17  Depositions of the remaining ADSI-related witnesses occurred in February 2020, but the

18  witnesses refused to answer substantive questions based on assertion of their Fifth Amendment

19  rights, including: Kamran Sheikh on February 20, 2020; Farhaad Sheikh on February 21, 2020;

20  and Shahid Sheikh (resumed) on February 28, 2020.  Fact discovery cutoff was March 20, 2020

21  (Docket No. 106).[1]  There will be no further discovery from the Defendants.  *Id.*, ¶ 8.

22  **II.      LEGAL DISCUSSION**

23  The Constitution does <u>not</u> require a stay of civil proceedings pending the outcome of

24  criminal proceedings.  *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)

25  ———————————————

26  [1] Cisco requested leave to conduct certain third party discovery after the March 20 cutoff  (Docket
    113).  That motion is still under submission.  None of the third party discovery involves the ADSI

27  Defendants or implicates their Fifth Amendment rights.

28

PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL
EXPIRATION OF STATUTE OF LIMITATIONS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

(emphasis added).  Absent substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under Ninth Circuit jurisprudence.  *Id.* A stay of a civil case is an "extraordinary" remedy for extraordinary circumstances.  *Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).  The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case".  *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

The Ninth Circuit established a five factor test to consider the appropriateness of granting a stay based on the possible assertion of the defendant's Fifth Amendment rights:

(1)     the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2)     the burden which any particular aspect of the proceedings may impose on defendants;

(3)     the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4)     the interests of persons not parties to the civil litigation; and

(5)     the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d 322 at 325.

## III.     ARGUMENT

**A.     At this Stage of this Case, the Implication on Defendants' Fifth Amendment Rights is Negligible.**

1.     *Fact discovery cutoff has already passed.*

The ADSI Defendants request this stay primarily to avoid prejudice they may face in asserting their Fifth Amendment rights to discovery.  But discovery of the ADSI Defendants is already over.  Therefore, Defendants' motion should be denied as moot, since the grounds for the request are no longer genuine.[2]

---

[2] The ADSI Defendants assert that the first time they recognized there could be criminal
(footnote continued)

PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL
EXPIRATION OF STATUTE OF LIMITATIONS

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    The purpose of a stay, in the context of simultaneous parallel civil and criminal

2  proceedings, is to prevent plaintiffs from "us[ing] the rules of civil discovery in the [civil] suit to

3  gain an improper advantage in the criminal matter, prying into the prosecution's case in a manner

4  not otherwise permitted". *Booth v. Spjute*, No. 1:07-CV-00609AWIGSA, 2008 WL 5046050, at

5  *4 (E.D. Cal. Nov. 24, 2008).  As such, courts make a distinction between certain types of

6  discovery requests, noting that "answers and document discovery present little danger of self-

7  incrimination," whereas "interrogatory and deposition discovery poses a substantial risk of self-

8  incrimination." *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 527 (D.N.J.1998).

9    But when there is no additional discovery needed to resolve the merits of the case, courts

10 have held that there is **no** danger of self-incrimination.  *See Int'l Bus. Machines Corp. v. Brown*,

11 857 F. Supp. 1384, 1390 (C.D. Cal. 1994) (finding that certain individual defendants had already

12 testified at deposition and therefore had no remaining Fifth Amendment privilege to assert, and

13 thus concluding that where a defendant had already given partial deposition testimony on

14 substantive issues of the case, the Fifth Amendment privilege is "negligible" and cannot provide

15 the basis for a stay); *see also Edwards Family Partnership, LP v. Dickson* , No. 3:13-CV-587-

16 CWR-LRA), 2014 WL 4494269, at *4 (S.D. Miss., Sept. 10, 2014) (finding that the "most

17 important" factor in denying defendant's stay was that "there [wa]s no additional discovery

18 needed to resolve the merits of th[e] case and therefore no danger of self-incrimination present").

19    Rather, courts tend to grant stays when fact discovery is forthcoming.  *Rasheed v.

20 Purlantov* , No. C-06-0422 JCS, 2007 WL 1520954, at *2 (N.D. Cal. May 23, 2007) (granting in

21 part, and denying in part, defendant's motion to stay the action, by staying discovery for ninety

22 _____

23 implications to the conduct asserted in the Complaint, was when Cisco confirmed with a
   government end customer that ADSI had sold counterfeit Cisco products to them.  Motion at 6:6-9
24 (Docket No. 108).  But the time to recognize the potential issue of sales of counterfeit products to
   the federal government was at the outset of the case.  Cisco did not hide this important fact.  It is
25 stated unambiguously in paragraph 46 of the Complaint: "Once ADSI receives the unlabeled
26 products, it affixes labels bearing counterfeit Cisco Marks on the products and sells the counterfeit
   Cisco products to state and federal government entities through GSA contracts." (Docket No. 1)
27 (emphasis added).

28

1   days *with respect to depositions, interrogatories, and requests for admissions directed at*

2   *defendant*, but permitting all other discovery, and the action in general, to proceed) (emphasis

3   added).

4          Here, there will be no other opportunity for Cisco to seek to compel discovery information

5   from the ADSI Defendants.  Thus, Defendants' citations to various cases that stand for the basic

6   principle that a court should consider a stay of proceedings when a defendant faces discovery and

7   has to make difficult choices regarding how to respond, are irrelevant.  The ADSI Defendants face

8   no such uncomfortable decision.  Fact discovery is over.

9          2.      *Defendants have not been indicted.*

10         Pre-indictment motions to stay are generally denied, as recognized even by the cases cited

11  in Defendants' motion.  *See, e.g., Chao v. Fleming,* 498 F.Supp.2d 1034, 1037 (W.D. Mich 2007)

12  ("In general, courts recognize that the case for a stay is strongest where the defendant has already

13  been indicted, whereas pre-indictment requests for a stay are usually denied."); *Molinaro*, 889

14  F.2d at 903 ("The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment

15  has been returned[, and] no Fifth Amendment privilege is threatened.'"); *eBay, Inc. v. Digital*

16  *Point Solutions, Inc.* No. C 08-4052 JF (PVT), 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010)

17  (denying defendants' motion to stay, and noting that "[t]he potential prejudice to a civil defendant

18  facing a parallel criminal investigation is 'more remote' than it is for an indicted defendant, and

19  the delay to the plaintiff is 'potentially indefinite'"); *United States v. Private Sanitation Indus.*

20  *Ass'n of Nassau/Suffolk, Inc.,* 811 F.Supp. 802, 805 (E.D.N.Y.1992) (finding that "[a]s a

21  preliminary matter, since [the defendant] ha[d] yet to be indicted by any grand jury, his motion to

22  stay may be denied on that ground alone"); *Sterling*, 175 F. Supp. 2d at 577 (expressing concern

23  that "[t]here is no telling how complicated the government's investigation may be, whether the

24  allegations of the particular civil plaintiff are merely the tip of an iceberg that will result in a

25  lengthy and open-ended investigation, what priority the government assigns to the investigation,

26  whether it will result in charges that will have to be litigated, or how time-consuming the resulting

27  criminal case will be").

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

1    In *General Elec. Co. v. Liang,* No. CV 13-08670 DDP VBKX, 2014 WL 1089264, at *3

2    (C.D. Cal. Mar. 19, 2014), the court denied defendants' motion to stay the civil action pending

3    resolution of a criminal investigation, because the basis for staying the civil action was

4    "significantly diminished by the fact that [the defendant] had not been charged with any crime."

5    While the court acknowledged that "a stay should not be categorically denied solely because the

6    defendant has not been indicted," the court did not have before it "any indicia that an indictment is

7    imminent or other facts that have generally been present where courts have granted stays pending

8    the resolution of criminal proceedings." *Id.*; *see, e.g., Chao,* 498 F.Supp.2d at 1040 (stay granted

9    where the government advised the court that it had sufficient evidence to seek an indictment,

10    "suggest[ing] that an indictment is not far off"); *Taylor, Bean & Whitaker Mortgage Corp. v.*

11    *Triduanum Fin., Inc.*, No. CIV. 2:09–cv–0954 FCD EFB, 2009 WL 2136986 at * 3 (E.D.Cal. July

12    15, 2009) (stay granted where two of three defendants in the civil action had already been indicted

13    for their alleged participation a fraud scheme in which plaintiffs alleged that the third defendant

14    was also involved).

15    The ADSI Defendants cite to several cases in their motion for the proposition that courts

16    have granted requests to stay civil proceedings even when the movant had not yet been indicted.

17    However, these cases can be distinguished on the bases that discovery was forthcoming, or there

18    was clear indication that an indictment was imminent.  For example, the ADSI Defendants cite the

19    case of *Estate of Limon v. City of Oxnard*, 2013 WL 12131359, at *4 (C.D. Cal. Dec. 10, 2013) as

20    "staying several aspects of civil proceeding even though an indictment had not been issued," but

21    neglected to note that the stay applied to depositions of certain police officers and that the court

22    <u>denied</u> a requested six-month stay of all proceedings.  Additionally, Defendants cite to *Federal*

23    *Insurance Co. v. Tabb*, 1991 WL 113204 (N.D. Ill. Jun. 7, 1991) to support the proposition that a

24    stay can be ordered in the absence of an indictment; but, importantly, the court noted that

25    indictment was not "mere surmise," since an affidavit from defendant's counsel indicated that

26    defendant had been served with a grand jury subpoena; an Assistant United States Attorney had

27    informed him that defendant was a "target" of a grand jury investigation; and that the prosecutor

28    expected an indictment naming the defendant in due course.  *Id.* at *1.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

Case No. 4:18-cv-07602 YGR

PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL
EXPIRATION OF STATUTE OF LIMITATIONS

**B.**     **The five *Keating* factors weigh heavily towards denying Defendants' motion.**

      1.     *Cisco's Interest and Defendants' Burden (First and Second Keating Factors)*

Cisco has a substantial interest in moving this case forward.  A trial date has already been set in this case for November 2, 2020.  Furthermore, Cisco has an interest in fully recovering its losses from the ADSI Defendants.  A stay lengthens the time that a defendant's remaining assets may be spent.  *Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. C95-20129RMW(EAI), 1995 WL 261451, at *2 (N.D. Cal. Apr. 26, 1995) (denying defendants' motion to stay proceedings, with consideration of plaintiffs' concern that delay would cause defendants to "use their remaining assets to pay for counsel to defend the current civil and future criminal actions, thereby reducing plaintiffs' chances of recovering any money"); *State Farm Mut. Auto. Ins. Co. v. Beckham-Easley*, No. CIV.A. 01-5530, 2002 WL 31111766, at *3 (E.D. Pa. Sept. 18, 2002) ("The threat of the dissipation of assets during a stay has been recognized as a substantial burden for plaintiffs").  This concern is compounded when there is no criminal action actually pending. *eBay*, 2010 WL 702463, at *5.

Furthermore, any burden on the ADSI Defendants does not outweigh Cisco's interest in proceeding expeditiously in this litigation.  Fact discovery of Defendants is already over, rendering any Fifth Amendment concern moot.  Defendants can invoke the Fifth Amendment, and already have.  It is disingenuous for Defendants to now argue that they will be prejudiced by exercising the privilege which they have repeatedly invoked in the past.  *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 811 F. Supp. 802, 807 (E.D.N.Y. 1992). Therefore, Cisco's interest in preventing unnecessary delay and seeking monetary judgment in the instant action outweighs Defendants' speculative burden.  The fact that Defendants have not even been indicted strengthens Cisco's argument that indefinite delay will harm its financial interests, and that Defendants may use the same funds they allegedly obtained by fraud to support their defense.  *eBay*, 2010 WL 702463, at *6.  Defendants' "[p]otentially criminal conduct should not serve as a shield against a civil law suit and prevent plaintiff from expeditiously advancing its claim."  *Id.*

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

2.  *The Interests of the Court, Third Parties, and the Public (Third, Fourth, and Fifth Keating Factors)*

The Court has an interest in the convenient and efficient administration of this case. *Applied Materials*, 1995 WL 261451, at \*4.  This case is over 15 months old.  It is unrealistic, and burdensome, to postpone indefinitely the pending action until criminal charges are brought or the statute of limitations has run for all crimes conceivably committed by Defendants.  *Sterling*, 175 F. Supp. 2d 573 at 580.  Such a postponement would require this Court either to "rely upon fortuitous events to manage its docket," or to "guess what criminal act [the ADSI Defendants] might be charged with, and, consequently, which limitation periods apply to those criminal acts." *Id.*

Furthermore, the public has an interest in proceeding with this case.  Intellectual property theft, fraud, and white collar crime directly affect the public by stifling innovation and competitive market channels.  *See Molinaro*, 889 F.2d 899 at 93 (affirming the district court's denial of defendant's motion for a stay and findings that defendant continued to attempt to dispose of his assets; the action had been pending for a year, and the court had an interest in clearing its docket; and the interests of nonparties, i.e., depositors, and the public, who would be frustrated by further delay).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL EXPIRATION OF STATUTE OF LIMITATIONS

IV.     CONCLUSION

The ADSI Defendants have pointed to no indication that an indictment is imminent. Discovery from the Defendants is not forthcoming or ongoing; in fact, it is over.  The potential prejudice to the ADSI Defendants for allowing this case to move forward is remote, while the prejudice  to Cisco of staying the case at this point is potentially significant.  There is no compelling reason to stay the proceedings in this case, and there are compelling reasons to allow it to go forward per the case management order already set by the Court.  For these reasons, Defendants' motion to stay this case should be denied.


DATED:  March 30, 2020                          SIDEMAN & BANCROFT LLP

                                        By:     _____/s/ *Richard J. Nelson*_____
                                                Richard J. Nelson
                                                Attorneys for Cisco Systems, Inc.
                                                and Cisco Technology, Inc.

2835-211\4357690

PLAINTIFFS' OPPOSITION TO MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL
EXPIRATION OF STATUTE OF LIMITATIONS