UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZAHID HASSAN SHEIKH, et al.,<br><br>Defendants. | Case No. 18-cv-07602-YGR (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 117 |

We're here on a dispute about the application of the attorney-client privilege to conversations between the deponent, Cisco's Kenny Carter, and his manager, Chuck Williams, about ADSI. Carter and Williams are non-lawyers.[1] The parties' joint discovery letter brief, ECF No. 117, discusses the attorney-client privilege, but it does not discuss the work product doctrine. So, although Cisco also objected based on work product during the deposition, the only issue that has been briefed is the attorney-client privilege, and the Court limits its consideration to that.

There are situations where communications between non-lawyers are privileged. "The attorney-client privilege may attach to communications between nonlegal employees where: (1) the employees discuss or transmit legal advice given by counsel; and (2) an employee discusses her intent to seek legal advice about a particular issue." *Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 866 (N.D. Cal. 2019) (citations and internal quotation marks omitted); *see also United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) ("The final category of communications that we are called upon to evaluate involves

---

[1] ADSI says it also wants to know about conversations between Carter and any other non-lawyers – i.e., not just Williams – about ADSI, but the Court has read the entirety of Carter's deposition transcript and sees no basis to believe there was any non-lawyer other than Williams.

communications between two or more nonlegal employees. It seems to us that there are two types of these communications that the privilege might protect. The privilege might protect a communication between nonlegal employees in which the employees discuss or transmit legal advice given by counsel. Such communications obviously reveal privileged communications. . . . [¶] The second type of communication that the privilege might protect is a communication between nonlegal employees in which an employee discusses her intent to seek legal advice about a particular issue.").

The objections at issue take place at pages 67 to 77 of the transcript. If all you do is read those pages, you won't understand why Carter's discussions of ADSI with Williams are privileged. The answer comes at pages 95-96 of the transcript. That's when we learn that Carter has regular calls with the attorneys litigating this case, and when Williams isn't on one of those calls, Carter gives him the update from the legal call, and those are the only conversations Carter had with Williams about ADSI.[2] This is the transmission of legal advice provided by counsel, and it's privileged.[3] ADSI's motion to compel is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 13, 2020

_____
THOMAS S. HIXSON
United States Magistrate Judge

---

[2] Cisco's portion of the letter brief states that Williams transmitted the legal advice to Carter when the latter missed the attorney call. Page 95 of the transcript makes it sound like the transmission of the legal advice went the other way. In any event, it doesn't matter.

[3] ADSI also invokes the sword-and-shield doctrine, stating that Carter verified Cisco's discovery responses and Cisco has identified him as a person with knowledge underlying Cisco's claims. However, those things just have nothing to do with whether Carter's transmission of legal advice to Williams (or vice versa) is privileged, so the sword-and-shield doctrine is inapplicable.