# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CISCO SYSTEMS, INC., ET AL.**,<br><br>Plaintiffs,<br><br>vs.<br><br>**ZAHID HASSAN SHEIKH, ET AL.**,<br><br>Defendants. | CASE NO. 4:18-cv-07602-YGR<br><br>**ORDER: (1) DENYING MOTION TO STAY CIVIL PROCEEDINGS UNTIL EXPIRATION OF STATUTE OF LIMITATIONS;**<br>**(2) RELIEVING IN-PART PARTIES FROM SUMMARY JUDGMENT PRE-FILING CONFERENCE REQUIREMENT** |
| **ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.**,<br><br>Third- Party Plaintiff,<br><br>vs.<br><br>**RAHI SYSTEMS, INC., ET AL.**,<br><br>Third-Party Defendants. | Re: Dkt. Nos. 108, 111, 114 |

The Court is in receipt of the motion to stay civil proceedings until the expiration of the statute of limitations. (Dkt. No. 108.) For the reasons set forth below, the motion is **DENIED**.

The Court's analysis is guided by the test set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995). There, the Ninth Circuit found:

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. *Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir.1989); *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Dresser,* 628 F.2d at 1374. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [ ] to require such action.' " *Id.* at 1375 (quoting *United States v. Kordel,* 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 769 n. 27, 25 L.Ed.2d 1 (1970)).

> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Molinaro,* 889 F.2d at 902. This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 903.

*Keating*, 45 F.3d at 324-25.

Here, the Court finds insufficient justification for staying the litigation. First, case law is replete with examples of the need to resolve cases expeditiously. Trials can be significantly impacted by a delay from the underlying events as memories fade. Second, given the close of discovery (with a narrowly defined exception), the benefit of a stay is not commensurate with other circumstances where parallel litigation, whether prosecutorial or not, has a present, identifiable impact absent a stay. Here, those individuals who had concerns, exercised their Fifth Amendment rights. The case will have to proceed without such testimony. Third, the Court and the public benefit from resolution of civil matters through the judicial system. In order to manage the never-ending filing of civil actions, judges must keep cases on track for resolution either by way of settlement or trial. Further, stays of an undefined period are disfavored. Delaying resolution on the theoretical possibility of criminal prosecution does not serve the public or the public's interest. Accordingly, the motion is **DENIED**.

Additionally, based upon the Court's review of the pre-filing letters submitted by the parties (Dkt. Nos. 111, 114), no pre-filing conference is required for third-party defendants' anticipated motion for summary judgment. Thus, the parties are **RELIEVED** in-part from the summary judgment prefiling conference. Any other party seeking to file a motion for summary judgment is reminded to first request permission to do so through a pre-filing letter.

The parties are further reminded of the requirement to file separate statements of fact in the format set forth in paragraph 9(c) of this Court's Standing Order, including the requirement that counsel attest that the evidence cited for each fact or dispute fairly and accurately supports the fact

or dispute.

As previewed for the parties at the case management conference, the Court considers summary judgment a tool to be used prudently, when there are no disputed issues of material fact. To the extent there are triable issues of material fact, summary judgment will be denied with a succinct denial order, without extensive commentary, so that the determination is left wholly for the trier of fact.

This Order terminates Docket Number 108.

**IT IS SO ORDERED.**

Dated: April 17, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**