JOHN C. KIRKE, #175055
jkirke@donahue.com
KATHLEEN B. FRIEND, #214593
kfriend@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:    (510) 451-3300
Facsimile:    (510) 451-1527

Attorneys for Third-Party Defendants
RAHI SYSTEMS, INC., PURE FUTURE
TECHNOLOGY, INC., MASOOD MINHAS AKA
MIKE MINHAS, NAUMAN KARAMAT AKA
NORMAN KARAMAT, KAROLINE BANZON,
NABIA UDDIN and KAELYN NGUYEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ZAHID "DONNY" HASSAN SHEIKH, an individual; SHAHID SHEIKH, an individual; ROYA SHEIKH a.k.a. ROYA SADAGHIANI, an individual; KAMRAN SHEIKH, an individual; IT DEVICES ONLINE, INC., a California corporation; PUREFUTURETECH, LLC , a California limited liabilty company; and JESSICA LITTLE a.k.a. JESSICA MCINTOSH, an individual personally and dba MCINTOSH NETWORKS,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | Case No. 4:18-cv-07602-YGR<br><br>**THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    July 31, 2020<br>Time:    2:00 p.m.<br>Dept.:    Ctrm. 1, 4th Floor<br>Judge:    Hon. Yvonne Gonzalez Rogers |

PLEASE TAKE NOTICE THAT Third Party Defendants Rahi Systems, Inc. ("Rahi"); Pure Future Technology, Inc. ("PFT, Inc."); Masood Minhas a/k/a Mike Minhas ("Minhas"); Nauman Karamat a/k/a Norman Karamat ("Karamat"); Karoline Banzon ("Banzon"); Nabia Uddin ("Uddin"); and Kaelyn Nguyen ("Nguyen") (collectively the "TPD") will and hereby do make their Motion for Summary Judgment or, in the alternative, Partial Summary Judgment. This motion will be heard on July 31, 2020 at 2:00 p.m. in Courtroom 1 of this Court, located at 1301 Clay Street, Oakland, California..

Defendant and Third Party Plaintiff Advanced Digital Solutions International, Inc.'s ("ADSI") Third Party claim that the TPD must equitably indemnify it as to Plaintiffs Cisco Systems, Inc., and Cisco Technology, Inc.'s (collectively "Cisco" or "Plaintiff") Complaint alleging that ADSI wrongfully imported and sold counterfeit Cisco products. ADSI's claim is premised on the allegation that it is entitled to indemnity because the TPD allegedly conducted and carried out the counterfeiting scheme for the benefit of Rahi.

<u>Issue 1.</u>   This motion is made pursuant to Federal Rule of Civil Procedure 56 on the grounds that there is no genuine issue of material fact as to ADSI's indemnity claim because ADSI has been unable to produce admissible evidence supporting its claims and has asserted the Fifth Amendment right against self-incrimination rather than provide evidence on which it has the burden of proof; and moreover that ample admissible evidence demonstrates that ADSI's claim is false.

Should the Court not wish to grant Summary Judgment to all of the TPD, the TPD's Motion alternatively asks the Court to grant partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the following grounds:

<u>Issue 2.</u>   As to the claims against TPD Rahi on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

<u>Issue 3.</u>   As to the claims against TPD PFT, Inc. on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable

to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

Issue 4.    As to the claims against TPD Minhas on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

Issue 5.    As to the claims against TPD Karamat on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

Issue 6.    As to the claims against TPD Banzon on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

Issue 7.    As to the claims against TPD Uddin on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products;

Issue 8.    As to the claims against TPD Nguyen on the grounds that there is no genuine issue of fact supporting ADSI's claims against Rahi because there ADSI has been unable to produce admissible evidence supporting its claims that Rahi individually, or through agreement with the other TPD caused ADSI to purchase and sell counterfeit Cisco products.

This motion will be supported by the accompanying Memorandum of Points and Authorities and Separate Statement, the supporting Declarations of Kathleen B. Friend, Tarun Raisoni, Minhas, Karamat, Banzon, Uddin, and Nguyen and the evidence offered therewith, together with the Court's files and on such other and further evidence as the Court may consider.

Dated: May 28, 2020                    DONAHUE FITZGERALD LLP


By:/s/ John C. Kirke
    John C. Kirke
    Attorneys for Third-Party Defendants
    RAHI SYSTEMS, INC., MIKE MINHAS, PURE FUTURE TECHNOLOGY, INC., NORMAN KARAMAT, KAROLINE BANZON, NABIA UDDIN and KAELYN NGUYEN