| | |
|---|---|
| 1 | JOHN C. KIRKE, #175055 |
|   | jkirke@donahue.com |
| 2 | KATHLEEN B. FRIEND, #214593 |
|   | kfriend@donahue.com |
| 3 | DONAHUE FITZGERALD LLP |
|   | Attorneys at Law |
| 4 | 1999 Harrison Street, 26th Floor |
|   | Oakland, California 94612-3520 |
| 5 | Telephone:   (510) 451-3300 |
|   | Facsimile:    (510) 451-1527 |
| 6 | |
| 7 | Attorneys for Third-Party Defendants |
|   | RAHI SYSTEMS, INC., PURE FUTURE |
| 8 | TECHNOLOGY, INC., MASOOD MINHAS aka |
|   | MIKE MINHAS, NAUMAN KARAMAT aka |
|   | NORMAN KARAMAT, KAROLINE BANZON, |
| 9 | NABIA UDDIN and KAELYN NGUYEN |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation, | Case No. 4:18-CV-07602-YGR |
| Plaintiffs, | **DECLARATION OF TARUN RAISONI IN SUPPORT OF THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE MOTION FOR SUMMARY ADJUDICATION** |
| v. | |
| ZAHID "DONNY" HASSAN SHEIKH, an individual; SHAHID SHEIKH, an individual; ROYA SHEIKH a.k.a. ROYA SADAGHIANI, an individual; KAMRAN SHEIKH, an individual; IT DEVICES ONLINE, INC., a California corporation; PUREFUTURETECH, LLC , a California limited liabilty company; and JESSICA LITTLE a.k.a. JESSICA MCINTOSH, an individual personally and dba MCINTOSH NETWORKS, | Date:   July 31, 2020<br>Time:   2:00 p.m.<br>Dept.:   Ctrm. 1, 4th Floor<br>Judge:   Hon. Yvonne Gonzalez Rogers |
| Defendants. | REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED |
| AND RELATED CROSS-ACTION. | |

RAISONI DECL. ISO MSJ

CASE NO. 4:18-CV-07602-YGR

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

I, Tarun Raisoni, declare.

1. I am the CEO of Rahi Systems, Inc., ("Rahi") which is a Third Party Defendant in the above captioned matter. I make this declaration of my own personal knowledge. If called upon, I could competently testify as to the contents set forth herein.

2. Together with my co-founders, I started Rahi at the end of 2012. Since co-founding Rahi, I have overseen all aspects of Rahi's operations. Rahi is a value added reseller ("VAR") of electronics and IT equipment. Rahi also provides engineering services to help customers design and configure equipment to their needs and Rahi also provides design and implementation of cloud environments, data management and storage and software services. Additionally Rahi manufactures server racks, cabinets and wire management systems. Rahi has offices in the United States and 16 other countries. These capabilities allow Rahi to provide logistics services to our customers, local engineering and support, and global product pricing, among other services that are important to Rahi's existing and potential international clients.

3. Rahi has been a Cisco channel partner since 2013 and through Rahi's work and my work prior to founding Rahi I have become familiar with Cisco's reselling practices and channel partner program. As a channel partner, Rahi is an authorized reseller of Cisco products. This is important because although genuine Cisco products can be obtained through unauthorized sellers, also known as "gray market" purchasing, Cisco will not warranty products purchased from unauthorized sellers. Customers who purchase Cisco products from gray market sellers are also unable to obtain customer support services from Cisco and lack access to software and firmware updates. Cisco channel partners also receive training from Cisco and engineering support, as well as pricing discounts.

4. I have a Bachelor's degree in Chemical Engineering and a Master's degree in Electrical Engineering, Computer Networks. I also hold a Diploma in Finance from the Hass School of Business. Together with my co-inventors, I have successfully filed 4 patents. From 2000 to 2009, I worked for Cisco, where I was Senior Solutions Architect on the World Wide Sales Advanced Technology Group. Immediately prior to starting Rahi, I was employed by Emerson Network Power ("Emerson") as a Global Accounts Manager.

5. It is from my work at Emerson that I first became aware of Defendant and Third Party Plaintiff, Advanced Digital Solutions International, Inc. ("ADSI"), which is also a VAR. ADSI was one of the accounts that I managed at Emerson and this is how I first met ADSI's owners Shahid Sheikh, Roya Sadghiani and Third Party Defendants Masood ("Mike") Minhas. During the course of my duties, I became familiar with ADSI's business and its capabilities. Over time, I also met Nauman ("Norman") Karamat, Nabia Uddin and Karoline Banzon. Although I became friends with Mike and Norman over time, I considered Nabia and Karoline to be acquaintances. I do not recall Kaelyn Nguyen working at ADSI during the time that I worked for Emerson, and I did not meet her in person until she interviewed for a position at Rahi in 2017, although as Mike's assistant, I knew her name from seeing it on emails.

6. After I started Rahi at the end of 2012, I occasionally made purchases through ADSI's commercial sales department. On occasion, ADSI also purchased products from Rahi. On occasion, Rahi would also partner with ADSI in order to make sales to customers, for example, Rahi provided customers with quotes for server racks Rahi manufactured. Because ADSI did not have its own engineering staff or the capacity to provide customers with engineering support, there were a few occasions when I visited customers with Mike in order to try to understand and help ADSI arrive at an appropriate configuration based on the customer's needs and the products sold by Rahi.

7. I have reviewed documents bates stamped as ADSI01519-1552, which I understand ADSI produced in response to Third Party Defendants' Requests for Production of Documents as allegedly supporting its claims against Third Party Defendants. With the exception of documents bates stamped as ADSI01519-1521, 1534-1537, and 1552, I do not recognize the documents encompassed within the ADSI01519-1552 range.

(a) I recognize documents ADSI01534 [Redacted]

1  Redacted

2

3

4    (b) I recognize document ADSI01535 Redacted

5

6

7

8

9    (c) I recognize document ADSI01536 Redacted

10

11

12

13    (d) I recognize document ADSI01521 Redacted

14

15

16    (e) I recognize document ADSI01519-20 Redacted

17

18

19

20

21    (f) ADSI01552 Redacted

22

23 .

24   8. I understand that ADSI has also identified a series of documents relating to Mike
25 and his company, Pure Future Technology, Inc. that were produced by Rahi in the pending
26 Alameda County Superior Court matter, *ADSI v. Rahi Systems*, et al., Case No. RG 17881868 in
27 which ADSI has alleged Rahi and the other Third Party Defendants misappropriated trade secrets
28 consisting of client lists from ADSI when the individual Third Party Defendants left ADSI and

- 3 -

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1 began working at Rahi. I understand that ADSI has identified the following bates stamped
2 documents, Rahi 00001-2, 23, 108-111, 282-283 and 1271-1281. I have reviewed these
3 documents.

4     (a)    Rahi00001-2 Redacted

10     (b)    Rahi000023 Redacted

27     (c)    Rahi000108-111 Redacted

- 4 -

1  Redacted

2  

3     (d)  Rahi0000282-283 Redacted

4  

5     (e)  Documents bates stamped Rahi0001271-1280 Redacted

6  

7  

8  

9  

10  

11     (f)  Documents bates stamped Rahi 0001281 Redacted

12  

13  

14  

15  9.  Of the five individual Third Party Defendants who now work at Rahi, Karoline Banzon was the first to contact me in August 2017 about wanting to come work at Rahi. She indicated she wanted to leave ADSI because she was no longer comfortable with the company culture. She went through two interviews before we offered her a position.

19  10.  I was subsequently contacted by Mike from whom I understood that he wanted to leave ADSI because he felt the company and in particular Shahid Sheikh and his sons were taking ADSI in the wrong direction, and then by Norman Karamat and Nabia Uddin. I also interviewed Kaelyn Nguyen at Mike's request because I understood he was concerned she would be fired once

he left ADSI. I understand that Mike suggested that Kaelyn contact me, but I do not know what he told her about whether he had accepted a position at Rahi.

11. I have never been party to any agreement with any other Third Party Defendant in this matter, or any other person in order to cause ADSI to appear to purchase or purchase, or to appear to sell or sell counterfeit Cisco products, nor have I permitted any such practices or occurrences at Rahi.

12. Neither Rahi nor I receive any financial benefit from ADSI's sales of counterfeit products. I do not consider ADSI to be a significant competition with Rahi: ADSI's business model is what I would term a "box pusher" model. In other words, ADSI simply resells the same products produced by the manufacturer without adding value, like engineering knowledge and staff to develop and configure solutions for customer needs using the most appropriate product available from a variety of manufacturers. Instead, it must rely on single manufacturer centric solutions for whatever individual manufacturer's representative is able to assist it, or must require the customer to develop its own solutions. I know this because of my work with ADSI as its Emerson account representative and because I also provided engineering support to ADSI when it was interested in selling Rahi manufactured server racks. ADSI is also not an authorized seller of products like Cisco and NetApp, both of which make up a major part of Rahi's business. Although I do not consider ADSI to be a significant Rahi competitor, logically any company that sells counterfeits is at a unfair competitive advantage because it does not have the same costs to purchase products and can sell products at lower prices to customers who believe they are getting the real thing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of May, 2020 at Fremont, California

Tarun Raisoni