1  JOHN C. KIRKE, #175055
   jkirke@donahue.com
2  KATHLEEN B. FRIEND, #214593
   kfriend@donahue.com
3  DONAHUE FITZGERALD LLP
   Attorneys at Law
4  1999 Harrison Street, 26th Floor
   Oakland, California 94612-3520
5  Telephone:     (510) 451-3300
   Facsimile:     (510) 451-1527
6
   Attorneys for Third-Party Defendants
7  RAHI SYSTEMS, INC., PURE FUTURE
   TECHNOLOGY, INC., MASOOD MINHAS AKA
8  MIKE MINHAS, NAUMAN KARAMAT AKA
   NORMAN KARAMAT, KAROLINE BANZON,
9  NABIA UDDIN and KAELYN NGUYEN

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  CISCO SYSTEMS, INC., a California        Case No. 4:18-cv-07602-YGR
    corporation, and CISCO TECHNOLOGY,
14  INC., a California corporation,          **DECLARATION OF KATHLEEN B.**
                                             **FRIEND IN SUPPORT OF THIRD PARTY**
15                      Plaintiffs,          **DEFENDANTS' MOTION FOR**
                                             **ADMINISTRATIVE RELIEF TO FILE**
16         v.                                **UNDER SEAL**

17  ZAHID "DONNY" HASSAN SHEIKH, an          Date:      *Submitted Without Hearing*
    individual; SHAHID SHEIKH, an            Time:      *Submitted Without Hearing*
18  individual; ROYA SHEIKH a.k.a. ROYA      Ctrm:      1, 4th Floor
    SADAGHIANI, an individual; KAMRAN        Judge:     Hon. Yvonne Gonzalez Rogers
19  SHEIKH, an individual; IT DEVICES
    ONLINE, INC., a California corporation;
20  PUREFUTURETECH, LLC , a California
    limited liability company; and JESSICA
21  LITTLE a.k.a. JESSICA MCINTOSH, an
    individual personally and dba MCINTOSH
22  NETWORKS,

23                      Defendants.

24  AND RELATED CROSS-ACTION.

25

26

27

28

1    I, Kathleen B. Friend, declare.

2         1.    I am an attorney with the law firm Donahue Fitzgerald, LLP, which represents

3    Third-Party Defendants Rahi Systems, Inc., Mike Minhas, Pure Future Technology, Inc., Norman

4    Karamat, Karoline Banzon, Nabia Uddin and Kaelyn Nguyen ("Third-Party Defendants") in this

5    matter. I make this declaration of my own personal knowledge, except as otherwise stated.

6         2.    On May 21, 2018, the Alameda County Superior Court entered a protective order

7    ("Protective Order") in the related state court case *Advanced Digital Solutions International, Inc.*

8    *v. Rahi Systems, Inc., et al.*, Alameda County Superior Court Case No. RG17881868 ("Related

9    State Case"). A true and correct copy of the Protective Order is attached hereto as **Exhibit 1**.

10        3.    Pursuant to the Protective Order, Rahi Systems, Inc. ("Rahi") produced documents

11   in the Related State Case bates stamped Rahi00001-2, 23, 108-111, 282-283, 1271-1279, and 80-

12   81. The documents contain private, pay-related and financial information about the individual

13   Third-Party Defendants, information about Rahi's internal procedure, and identification of Rahi's

14   customers. Therefore, Rahi designated the documents as "Confidential—Attorney's Eyes Only"

15   under the Protective Order. The documents are attached to the Declaration of Ms. Friend in

16   Support of Third-Party Defendants' Motion for Summary Judgment, or in the Alternative Motion

17   for Partial Summary Judgment ("MSJ") filed on May 29, 2020 as Exhibits 30-34 and the contents

18   of the documents are discussed in Third Party Defendants' Reply Memorandum of Points and

19   Authorities in Support of Third-Party Defendants' MSJ ("Reply") and Third Party Defendants'

20   Reply Separate Statement in Support of MSJ ("Reply Separate Statement") filed concurrently

21   with this declaration.

22        4.    On September 10, 2019, the Court in this case entered the Stipulated Protective

23   Order Re: Confidential Information ("SPO"). A true and correct copy of the SPO is attached

24   hereto as **Exhibit 2**.

25        5.    Cisco Systems, Inc. and Cisco Technology, Inc. (together "Cisco") produced

26   documents bates numbered CISCO00000729, 2098-2108, 2147, 2166-70, 2263, 4316-23, 5-26,

27   6752-53, 6761, 3413-16, 3410, 3471, and 3422, and designated the documents as "Confidential"

28   under the SPO. Advanced Digital Solutions International, Inc. ("ADSI") produced documents

- 1 -

bates numbered ADSI 1519-20, 1522-1525, 1521, 1534-1537, 1526-27, 1538-1551, 1552, and 98, and designated the documents as "Confidential" under the SPO. The depositions of Kamran Sheikh, Farhad Sheikh, Shahid Sheikh and were taken and ADSI designated portions of the deposition transcript as "Confidential" under the SPO. Third parties, UPS Stores located on Washington Blvd. and Warm Springs Blvd. in Fremont, California ("UPS"), produced documents that they designated as "Confidential" under the SPO. The documents described in this paragraph are attached as Exhibits 1-2, 8-11, 15-16, 18-23, 26-28, and 42-43 to the Declaration of Ms. Friend in Support of the MSJ filed on May 29, 2020 and as Exhibit 44 to the Supplemental Reply Declaration of Kathleen B. Friend in Support of the MSJ filed concurrently with this declaration. Additionally, the contents of the documents are discussed in the Reply and Reply Separate Statement filed concurrently with this declaration. The Third-Party Defendants take no position about whether the documents were properly designated but are filing the documents under seal as required under the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this June 18, 2020 at Emeryville, California

_____
Kathleen B. Friend

DECLARATION OF KATHLEEN B. FRIEND ISO MOTION TO SEAL          CASE NO. 4:18-CV-07602-YGR

# EXHIBIT 1



**20907380**

1 | Karen Reinhold (State Bar No. 104817)
Jennifer H. Murakami (State Bar No. 273603)
2 | HOPKINS & CARLEY
A Law Corporation
3 | The Letitia Building
70 S First Street
4 | San Jose, CA 95113-2406

5 | *mailing address:*
P.O. Box 1469
6 | San Jose, CA 95109-1469
Telephone:   (408) 286-9800
7 | Facsimile:   (408) 998-4790

8 | Attorneys for Plaintiff and Cross-Defendant
ADVANCED DIGITAL SOLUTIONS
9 | INTERNATIONAL, INC., and
Cross-Defendant SHAHID SHEIKH

10

**FILED**
**ALAMEDA COUNTY**

**MAY 2 1 2018**

CLERK OF THE SUPERIOR COURT
By_____
Deputy

11 |              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 |                        COUNTY OF ALAMEDA

13

14 | ADVANCED DIGITAL SOLUTIONS        CASE NO. RG17881868
INTERNATIONAL, INC.,
15 |                                  ~~[PROPOSED]~~ STIPULATED
         Plaintiff,                  PROTECTIVE ORDER
16
17 |         v.

18 | RAHI SYSTEMS, INC., PURE FUTURE
TECHNOLOGY, INC., MIKE MINHAS,
19 | NORMAN KARAMAT, NABIA UDDIN,
KAROLINE BANZON, KAELYN
   | NGUYEN and DOES 1-10, inclusive,
20
   |         Defendants.
21

22 | AND RELATED CROSS-ACTIONS.

23

24

25

26

27

28

1    The attached Stipulation for Protective Order re: Confidential Information (**Exhibit A**), is

2   hereby adopted as the Order of the Court.

3       **IT IS SO ORDERED.**

4

5   Dated: _May 21,_____, 2018

6                                                  JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Karen Reinhold (State Bar No. 104817)
Jennifer H. Murakami (State Bar No. 273603)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff and Cross-Defendant
ADVANCED DIGITAL SOLUTIONS
INTERNATIONAL, INC., and
Cross-Defendant SHAHID SHEIKH

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAHI SYSTEMS, INC., PURE FUTURE TECHNOLOGY, INC., MIKE MINHAS, NORMAN KARAMAT, NABIA UDDIN, KAROLINE BANZON, KAELYN NGUYEN and DOES 1-10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. RG17881868<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1    The attached Stipulation for Protective Order re: Confidential Information (**Exhibit A**), is

2  hereby adopted as the Order of the Court.

3    **IT IS SO ORDERED.**

4

5  Dated: _____, 2018

6                                                    _____

   JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

[PROPOSED] STIPULATED PROTECTIVE ORDER

# Exhibit A

1  Karen Reinhold (State Bar No. 104817)
   Jennifer H. Murakami (State Bar No. 273603)
2  HOPKINS & CARLEY
   A Law Corporation
3  The Letitia Building
   70 S First Street
4  San Jose, CA 95113-2406

5  *mailing address:*
   P.O. Box 1469
6  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
7  Facsimile:    (408) 998-4790

8  Attorneys for Plaintiff and Cross-Defendant
   ADVANCED DIGITAL SOLUTIONS
9  INTERNATIONAL, INC., and
   Cross-Defendant SHAHID SHEIKH

10

**FILED BY FAX**
ALAMEDA COUNTY

April 30, 2018

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG17881868**

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                          COUNTY OF ALAMEDA

13

14  ADVANCED DIGITAL SOLUTIONS          CASE NO. RG17881868
    INTERNATIONAL, INC.,
15                                       **STIPULATION FOR PROTECTIVE**
              Plaintiff,                 **ORDER RE: CONFIDENTIAL**
16                                       **INFORMATION**
         v.
17
    RAHI SYSTEMS, INC., PURE FUTURE
18  TECHNOLOGY, INC., MIKE MINHAS,
    NORMAN KARAMAT, NABIA UDDIN,
19  KAROLINE BANZON, KAELYN
    NGUYEN and DOES 1-10, inclusive,
20
              Defendants.
21

22  AND RELATED CROSS-ACTIONS.

23

24

25

26

27

28

881\2956234.1

STIPULATION FOR PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1    WHEREAS, the parties in the above-captioned action pending in the Superior Court of

2    California, County of Alameda ("Litigation") anticipate that during the course of the Litigation

3    documents and/or information of a sensitive, private and confidential nature may be produced in

4    the course of discovery or otherwise disclosed or provided; and

5        WHEREAS, the parties wish to protect the confidentiality of such documents and

6    information during the discovery process.

7        NOW THEREFORE, the parties hereby stipulate to and petition the Court to enter this

8    Stipulation for Protective Order Re: Confidential Information ("Stipulated Protective Order").

9    1.    <u>DEFINITIONS</u>

10        1.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

11    information or items under this Stipulated Protective Order.

12        1.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

13    generated, stored or maintained) or tangible things that is not publicly known and is of technical

14    or commercial advantage to its possessor, including trade secret, financial, proprietary,

15    competitive, or commercially sensitive information, or other information required by law or

16    agreement to be kept confidential such as personnel information regarding current or former

17    employees.  This category shall also include personal phone numbers, personal email addresses,

18    and other personal identifying information that would cause harm if made part of the public

19    record.

20        1.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (including support staff)

21    and House Counsel (as well as their support staff).

22        1.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

23    produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

24    "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25        1.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

26    medium or manner in which it is generated, stored, or maintained (including, among other things,

27    testimony, transcripts, and tangible things), that are produced or generated in disclosures or

28    responses to discovery in this matter.

1.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

1.7     " CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or"AEO") Information or Items: The Parties agree that this category shall be used on a very limited basis and shall only cover extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including, but not limited to (a) confidential financial information that is not in the public domain regarding either a company or a person, and (b) marketing data that is highly sensitive or customer identification data or information [including customer needs and related pricing information] that is kept confidential by the Party or other commercial data that the Party has agreed to keep confidential by the terms of an agreement with a Party or third party.

1.8     House Counsel: attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not included in the definition of Party below.

1.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

1.11    Party: Any Party to this action.  In the case of Rahi Systems and Advanced Digital, a maximum of four individuals, not counting the individual defendants, who are officers, directors, or employees (including House Counsel) of Rahi Systems or Advanced Digital to whom disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

1.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

1.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.16    <u>Employee</u>: this term includes both payroll employees of Rahi Systems or Advanced Digital as well as independent contractors who have an established independent contractor relationship unrelated to this litigation with Rahi Systems or Advanced Digital.

2.    <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.    <u>DURATION</u>

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

1    judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials,

2    or reviews of this action, including the time limits for filing any motions or applications for

3    extension of time pursuant to applicable law.

4    4.    DESIGNATING PROTECTED MATERIAL

5        4.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party

6    or Non-Party that designates information or items for protection under this Stipulated Protective

7    Order must take care to limit any such designation to specific material that qualifies under the

8    appropriate standards.  To the extent it is practical to do so, the Designating Party must designate

9    for protection only those parts of material, documents, items, or oral or written communications

10   that qualify – so that other portions of the material, documents, items, or communications for

11   which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated

12   Protective Order.

13       Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

14   shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

15   unnecessarily encumber or impede the case development process or to impose unnecessary

16   expenses and burdens on other parties) expose the Designating Party to sanctions.

17       If it comes to a Designating Party's attention that information or items that it designated

18   for protection do not qualify for protection at all or do not qualify for the level of protection

19   initially asserted, that Designating Party must promptly notify all other parties that it is

20   withdrawing the mistaken designation.

21       4.2    Manner and Timing of Designations. Any Party or Non-Party may designate as

22   Confidential and/or AEO any document or response to discovery which that Party or Non-Party

23   considers in good faith to contain Confidential and/or AEO information.  Except as otherwise

24   provided in this Stipulated Protective Order (see, e.g., second paragraph of section 4.2(a) below),

25   or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

26   protection under this Stipulated Protective Order must be clearly so designated before the material

27   is disclosed or produced.

28       Designation in conformity with this Stipulated Protective Order requires:

(a) <u>for information in documentary form</u>, (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL-AEO" to each page that contains Protected Material.  In addition, a Party or Non-Party who is not producing the information may designate in writing within fourteen (14) days after receipt of said information that specific pages be treated as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" and counsel for all parties shall then mark all copies of the designated material in their possession or control with the specified designation.

(b) <u>for testimony given in deposition</u>, any Party or Non-Party may identify on the record, before the close of the deposition, all protected information disclosed during the deposition and specify the level of protection being asserted.    In addition, any Party or Non-Party, or the deponent may elect to take fourteen (14)  calendar days from the delivery of the deposition transcript  to designate the portions of the deponent's transcript that qualify as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.  Such designation shall be communicated in writing to all Parties.  Only those portions of the testimony that are appropriately designated for protection within this fourteen (14) day period shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to fourteen (14)  calendar days from the delivery of the  deposition transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or " CONFIDENTIAL

1   – ATTORNEYS' EYES ONLY."  Until the expiration of this fourteen day period the transcript

2   shall be treated as CONFDENTIAL – ATTORNEYS' EYES ONLY Information.

3       The use of a document as an exhibit at a deposition shall not in any way affect its

4   designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5       Transcripts containing Protected Material shall have an obvious legend on the title page

6   that the transcript contains Protected Material, and the title page shall be followed by a list of all

7   pages (including line numbers as appropriate) that have been designated as Protected Material and

8   the level of protection being asserted by the Designating Party.  The Designating Party shall

9   inform the court reporter of these requirements.

10      (c) for information produced in some electronic form  (such as a DVD containing

11  documents) and for any other tangible items, it shall be treated as being documentary information

12  under paragraph (a) above but any CONFIDENTIAL or CONFIDENTIAL – AEO designation

13  shall be affixed in a prominent place on the exterior of the container or containers in which the

14  information or item is stored.  If only a portion or portions of the information or item warrant

15  protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

16  and specify the level of protection being asserted.

17      4.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

18  designate qualified information or items does not, standing alone, waive the Designating Party's

19  right to secure protection under this Order for such material.  Upon timely correction of a

20  designation, the Receiving Party must make reasonable efforts to assure that the material is

21  treated in accordance with the provisions of this Stipulated Protective Order.  If feasible, the

22  Designating Party shall promptly provide a copy of any Disclosure or Discovery Material with

23  the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving

24  Party shall promptly return or destroy all copies with the incorrect designation.

25  5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

26      5.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

27  confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt

28  challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable,

1    substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the

2    Litigation, a Party does not waive its right to challenge a confidentiality designation by electing

3    not to mount a challenge promptly after the original designation is disclosed.

4         5.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

5    process by providing written notice of each designation it is challenging and describing the basis

6    for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

7    notice must recite that the challenge to confidentiality is being made in accordance with this

8    specific paragraph of the Stipulated Protective Order.  The parties shall attempt to resolve each

9    challenge in good faith.  A Challenging Party may proceed to the next stage of the challenge

10   process only if it has attempted to meet and confer first or establishes that the Designating Party is

11   unwilling to meet and confer in a timely manner.

12        5.3    Judicial Intervention.

13        A Challenging Party that elects to pursue a challenge to a confidentiality designation may

14   file and serve a motion with the Court that identifies the challenged Disclosure or Discovery

15   Material and sets forth in detail the basis for the challenge.  Each such motion must be

16   accompanied by a competent declaration affirming that the movant has complied with the meet

17   and confer requirements imposed in the preceding paragraph.

18        The burden of persuasion in any such challenge proceeding shall be on the Designating

19   Party.  Frivolous challenges and frivolous opposition to challenges and those made for an

20   improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties)

21   may expose the Challenging or Opposition Party to sanctions.  Until the Court rules on the

22   challenge, all parties shall continue to afford the material in question the level of protection

23   designated unless the Designating party withdraws the designation in writing.

24   6.    ACCESS TO AND USE OF PROTECTED MATERIAL

25        6.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

26   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

27   defending, or attempting to settle this Litigation.  Such Protected Material may be disclosed only

28   to the categories of persons and under the conditions described in this Order.  When the Litigation

1   has been terminated, a Receiving Party must comply with the provisions of section 12 below

2   (FINAL DISPOSITION).

3        Protected Material must be stored and maintained by a Receiving Party at a location and

4   in a secure manner that ensures that access is limited to the persons authorized under this

5   Stipulated Protective Order.

6        6.2        Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

7   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

8   disclose any information or item designated "CONFIDENTIAL" only to:

9        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

10   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

11   for this Litigation and who have been informed of the provisions of the Stipulated Protective

12   Order;

13        (b) a maximum of four individuals, not counting the individual defendants, who are

14   officers, directors, or employees (including House Counsel) of Defendant Rahi Systems, Inc. to

15   whom disclosure is reasonably necessary for this Litigation and who have signed the

16   "Acknowledgment and Agreement to Be Bound";

17        (c)  a maximum of four individuals who are officers, directors, or employees of Plaintiff

18   Advanced Digital Solutions International, Inc. ("Advanced Digital") to whom disclosure is

19   reasonably necessary for this Litigation and who have signed the "Acknowledgment and

20   Agreement to Be Bound";

21        (d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

22   reasonably necessary for this Litigation and who have signed the "Acknowledgment and

23   Agreement to Be Bound";

24        (e)  the individual defendants named in Advanced Digital's complaint;

25        (f) the Court and its personnel and court reporters and their staff;

26        (g)  professional jury or trial consultants, and Professional Vendors to whom disclosure is

27   reasonably necessary for this Litigation and who have signed the "Acknowledgment and

28   Agreement to Be Bound";

1    (h) during their depositions, witnesses in the action to whom disclosure is reasonably

2    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" prior to

3    receiving any Protected Material, unless otherwise agreed by the Designating Party or, witnesses

4    who have refused to sign the "Acknowledgment and Agreement to be Bound" provided that the

5    Party who designated the Protected Material is present at the deposition and has received prior

6    notice that the Protected Material will be used and further provided that the witness may be

7    shown the Protected Material but shall not be allowed to retain copies;

8    (i) the author or recipient of a document containing the information or a custodian or other

9    person who otherwise possessed or knew the information; and

10    (j) any mediator or settlement officer, and their supporting personnel, mutually agreed

11    upon by all of the parties engaged in settlement discussions.

12    6.3    Disclosure of " CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

13    Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

14    Receiving Party may disclose any information or item designated " CONFIDENTIAL –

15    ATTORNEYS' EYES ONLY" only to:

16    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

17    of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

18    for this Litigation and who have been informed of the provisions of the Stipulated Protective

19    Order;

20    (b)  the individual defendants named in Advanced Digital's complaint provided the

21    individual defendant has signed the "Acknowledgement and Agreement to Be Bound" and

22    subject to the restriction that the individual defendant may only view items or information

23    designated by the opposing Party as CONFIDENTIAL – ATTORNEYS' EYES ONLY in the

24    offices of the outside counsel for the individual defendants or Rahi Systems in the presence of

25    their counsel and may not photograph, copy in any fashion, possess or retain in any form any of

26    the items or information;

27    (c) a maximum of four individuals, not counting the individual defendants, who are

28    officers, directors, or employees (including House Counsel) of Defendant Rahi Systems to whom

1   disclosure is reasonably necessary for this Litigation and who have signed the "Acknowledgment

2   and Agreement to Be Bound" and subject to the restriction that these individuals may only view

3   items or information designated by the opposing Party as CONFIDENTIAL-ATTORNEYS'

4   EYES ONLY in the offices of outside counsel for the individual defendants or Rahi Systems and

5   in the presence of Rahi Systems' counsel and may not photograph, copy in any fashion, possess

6   or retain in any form any of the items or information;

7        (d)  a maximum of four individuals who are officers, directors, or employees of Plaintiff

8   Advanced Digital to whom disclosure is reasonably necessary for this Litigation and who have

9   signed the "Acknowledgment and Agreement to Be Bound" and subject to the restriction that

10  these individuals may only view items or information designated by the opposing Party as

11  CONFIDENTIAL-ATTORNEYS' EYES ONLY in the offices of outside counsel for Advanced

12  Digital and in the presence of Advanced Digital's counsel and may not photograph, copy in any

13  fashion, possess or retain in any form any of the items or information;

14       (e) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

15  Litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound";

16       (f) the Court and its personnel and court reporters and their staff;

17       (g) professional jury or trial consultants, and Professional Vendors to whom disclosure is

18  reasonably necessary for this Litigation and who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A);

20       (h) the author or recipient of a document containing the information or a custodian or

21  other person who otherwise possessed or knew the information; and

22       (i) Each Receiving Party reserves the right to ask the Court to allow additional access to

23  materials designated as  CONFIDENTIAL—ATTORNEYS' EYES ONLY on an adequate

24  showing of good cause.  In advance of any such request, the parties shall meet and confer in good

25  faith to attempt to reach agreement where the Receiving Party must: (a) identify the materials

26  designated as  CONFIDENTIAL—ATTORNEYS' EYES ONLY that it seeks to disclose such

27  materials; (b) identify the individuals to whom it seeks to disclose such materials; and (c) provide

28  the grounds as to why such disclosure is necessary. If the parties are unable to reach agreement,

they shall follow the procedures set forth in Section 5.  The Receiving Party shall have the burden

to show a need to disclose the materials designated as CONFIDENTIAL—ATTORNEYS' EYES

ONLY to each individual under a standard to be adjudicated by the Court at the time the request

is made by the Receiving Party.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a

copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the

other litigation that some or all of the material covered by the subpoena or order is subject to this

Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective

Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the

subpoena or court order shall not produce any information designated in this action as

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained

the Designating Party's permission.  The Designating Party shall bear the burden and expense of

seeking protection in that court of its confidential material – and nothing in these provisions

should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

lawful directive from another court.

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of
this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to
try to protect its confidentiality interests in the court from which the subpoena or order issued.

8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)      The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within fourteen (14) calendar days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound."

10.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.  The recipient(s) shall gather and return all copies of the privileged material to the Producing Party, except for any pages containing privileged markings made by the recipient, which pages shall instead be destroyed and certified as such to the Producing Party by the recipient.  Notwithstanding this provision, Outside Counsel is not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

11.    <u>MISCELLANEOUS</u>

11.1    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

11.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

11.3    <u>Filing Protected Material</u>.

(a) Nothing contained in this Stipulated Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Protected Material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Stipulated Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

(b) The submission of any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," pursuant to this Stipulated Protective Order to the court in the Litigation must comply with California Rules of Court ("CRC") 2.550, 2.551 and 8.46 to the extent applicable.  If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required. (CRC 2.550(a)(2) and (3).)  However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

(c)  If either Party seeks to file Protected Material or disclose the contents of Protected Material designated as such by the opposing Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the filing Party must meet and confer with the designating Party at least 10 calendar days prior to the intended filing date to offer the designating Party the opportunity to evaluate whether the designated materials fall within the parameters of CRC 2.550(d), and to either (a) remove the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"  designation, or (b) prepare a motion or application pursuant to CRC 2.551(b).

(d) The Parties understand that failure to comply with the procedural requirements of CRC 2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d) may result in the placement of confidential materials in the public file.  The Parties

1   further understand that no sealing order will be issued solely on the basis of the existence and

2   applicability of this Stipulated Protective Order. (CRC 2.551(a).)

3   12.   FINAL DISPOSITION

4          Within sixty (60) calendar days after the final disposition of this action, as defined in

5   Section 3, each Receiving Party must return all Protected Material to the Producing Party or

6   destroy such material.  As used in this subdivision, "all Protected Material" includes all copies,

7   abstracts, compilations, summaries, and any other format reproducing or capturing any of the

8   Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party

9   must submit a written certification to the Producing Party (and, if not the same person or entity, to

10  the Designating Party) by the sixty (60) calendar day deadline that confirms compliance with the

11  terms of this Section.   Notwithstanding this provision, Counsel are entitled to retain an archival

12  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

13  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

14  consultant and expert work product, even if such materials contain Protected Material.  Any such

15  archival copies that contain or constitute Protected Material remain subject to this Stipulated

16  Protective Order as set forth in Section 3.

17  14.   RETENTION OF JURISDICTION

18         The Court shall retain jurisdiction over all persons to be bound by the terms of this

19  Stipulated Protective Order, during the pendency of this action and for such time thereafter as is

20  needed to carry out its terms.

21

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: April 30, 2018                    HOPKINS & CARLEY
                                              A Law Corporation

4

5                                             By: _____
6                                                 Karen Reinhold
                                                  Jennifer Murakami
7                                                 Attorneys for Plaintiff and Cross-
                                                  Defendant ADVANCED DIGITAL
                                                  SOLUTIONS INTERNATIONAL, INC.,
8                                                 and Cross-Defendant SHAHID SHEIKH

9

10   Dated: April    , 2018                   LAW OFFICES OF RICHARD R.
                                              GUGGENHEIM

11

12                                            By: _____
13                                                Richard R. Guggenheim
                                                  Attorneys for Defendant
14                                                RAHI SYSTEMS, INC.

15   Dated: April    , 2018                   DONAHUE FITZGERALD, LLP.

16

17                                            By: _____
18                                                John C. Kirke
                                                  Jesse B. McKeithen
19                                                Attorneys for Defendants and Cross-
                                                  Complainants
20                                                PURE FUTURE TECHNOLOGY, INC.,
                                                  MIKE MINHAS, NORMAN KARAMAT,
21                                                NABIA UDDIN, KAROLINE BANZON
                                                  and KAELYN NGUYEN

22

23

24

25

26

27

28

1      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3      Dated: April   , 2018                    HOPKINS & CARLEY
                                                 A Law Corporation

4

5                                               By:_____

6                                                   Karen Reinhold
                                                    Jennifer Murakami
7                                                   Attorneys for Plaintiff and Cross-
                                                    Defendant ADVANCED DIGITAL
                                                    SOLUTIONS INTERNATIONAL, INC.,
8                                                   and Cross-Defendant SHAHID SHEIKH

9

10     Dated: April 26, 2018                    LAW OFFICES OF RICHARD R.
                                                 GUGGENHEIM

11

12                                              By:_____

13                                                  Richard R. Guggenheim
                                                    Attorneys for Defendant
14                                                  RAHI SYSTEMS, INC.

15     Dated: April   , 2018                    DONAHUE FITZGERALD, LLP.

16

17                                              By:_____

18                                                  John C. Kirke
                                                    Jesse B. McKeithen
19                                                  Attorneys for Defendants and Cross-
                                                    Complainants
20                                                  PURE FUTURE TECHNOLOGY, INC.,
                                                    MIKE MINHAS, NORMAN KARAMAT,
21                                                  NABIA UDDIN, KAROLINE BANZON
                                                    and KAELYN NGUYEN

22

23

24

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    Dated: April   , 2018                          HOPKINS & CARLEY
                                                    A Law Corporation

4

5                                                   By:_____
6                                                        Karen Reinhold
                                                         Jennifer Murakami
7                                                        Attorneys for Plaintiff and Cross-
                                                         Defendant ADVANCED DIGITAL
8                                                        SOLUTIONS INTERNATIONAL, INC.,
                                                         and Cross-Defendant SHAHID SHEIKH

9

10   Dated: April    , 2018                         LAW OFFICES OF RICHARD R.
                                                    GUGGENHEIM

11

12                                                  By:_____
13                                                       Richard R. Guggenheim
                                                         Attorneys for Defendant
14                                                       RAHI SYSTEMS, INC.

15   Dated: April 26 2018                           DONAHUE FITZGERALD, LLP.

16

17                                                  By: _____
18                                                       John C. Kirke
                                                         Jesse B. McKeithen
19                                                       Attorneys for Defendants and Cross-
                                                         Complainants
20                                                       PURE FUTURE TECHNOLOGY, INC.,
                                                         MIKE MINHAS, NORMAN KARAMAT,
21                                                       NABIA UDDIN, KAROLINE BANZON
                                                         and KAELYN NGUYEN

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the Superior Court of California for the County of Alameda

on _____, 2018 in the case of *Advanced Digital Solutions*

*International, Inc. v. Rahi Systems, Inc., et al*, Case No. RG17881868.   I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the Superior Court of California for the

County of Alameda for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1 | Karen Reinhold (State Bar No. 104817)
Jennifer H. Murakami (State Bar No. 273603)
2 | HOPKINS & CARLEY
A Law Corporation
3 | The Letitia Building
70 S First Street
4 | San Jose, CA  95113-2406

5 | *mailing address:*
P.O. Box 1469
6 | San Jose, CA 95109-1469
Telephone:     (408) 286-9800
7 | Facsimile:     (408) 998-4790

8 | Attorneys for Plaintiff and Cross-Defendant
ADVANCED DIGITAL SOLUTIONS
9 | INTERNATIONAL, INC., and
Cross-Defendant SHAHID SHEIKH

10 |

11 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 |                          COUNTY OF ALAMEDA

13 |

14 | ADVANCED DIGITAL SOLUTIONS          CASE NO. RG17881868
15 | INTERNATIONAL, INC.,
                                       **PROOF OF SERVICE**
16 |               Plaintiff,
                                       ASSIGNED FOR ALL PURPOSES TO
17 |     v.                            JUDGE ROBERT MCGUINESS
                                       DEPARTMENT 22
18 | RAHI SYSTEMS, INC., PURE FUTURE
TECHNOLOGY, INC., MIKE MINHAS,
19 | NORMAN KARAMAT, NABIA UDDIN,       Action Filed:    November 9, 2017
KAROLINE BANZON, KAELYN            Trial Date:      None
20 | NGUYEN and DOES 1-10, inclusive,

21 |               Defendants.

22 | ───────────────────────────────
AND RELATED CROSS-ACTIONS.
23 |

24 |

25 |

26 |

27 |

28 |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE♦

000\2970710.1

PROOF OF SERVICE – CASE NO. RG17881868

1  I am a citizen of the United States and employed in Santa Clara County, California.  I am
2  over the age of eighteen years and not a party to the within-entitled action.  My business address
3  is The Letitia Building, 70 S First Street, San Jose, California  95113-2406.  On the date listed
4  below I served a copy of the document(s) listed below:

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Jose, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FEDEX envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDEX agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) and/or address(es) set forth below.

☒ by causing a true and correct copy to be electronically mailed through Hopkins & Carley's electronic mail system to the email address(s) set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6(a)(2). [*Courtesy Copy*]

# SEE ATTACHED SERVICE LIST

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 3, 2018 at San Jose, California.

_____
Edwina Feguis

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard R. Guggenheim
LAW OFFICES OF RICHARD R.
GUGGENHEIM
152 North Third Street, Suite 550
San Jose, CA 95112
Telephone:     (408) 998-2700
Facsimile:      (408) 998-4703
rich@dkglaw.com

*Attorneys for Defendant*
**RAHI SYSTEMS, INC.**

John C. Kirke
Jesse B. McKeithen
DONAHUE FITZGERALD, LLP.
1999 Harrison Street, 25th Floor
Oakland, CA 94612
Telephone:     (510) 451-0544
Facsimile:      (510) 832-1486
jkirke@Donahue.com
jmckeithen@donahue.com

*Attorneys for Defendants and Cross-Complainants*
**PURE FUTURE TECHNOLOGY, INC.,
MIKE MINHAS, NORMAN KARAMAT,
NABIA UDDIN, KAROLINE BANZON and
KAELYN NGUYEN**

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

000\2970710.1

- 3 -

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CISCO SYSTEMS, INC., et al.

                Plaintiffs,

     v.

SHEIKH, et al.

                Defendants.

_____

ADVANCED DIGITAL SOLUTIONS
INTERNATIONAL, INC.,

            Third-Party Plaintiff,

     v.

RAHI SYSTEMS, INC., et al.

          Third-Party Defendants.

Case No. 4:18-CV-07602-YGR

STIPULATED PROTECTIVE ORDER
RE: CONFIDENTIAL INFORMATION

***As Modified by the Court***

1.     <u>PURPOSES AND LIMITATIONS</u>

       Disclosure and discovery activity in this action are likely to involve production of
confidential, proprietary, or private information for which special protection from public disclosure
and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,
the parties hereby stipulate to and petition the court to enter the following Stipulated Protective
Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures
or responses to discovery and that the protection it affords from public disclosure and use extends
only to the limited information or items that are entitled to confidential treatment under the
applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that
this Stipulated Protective Order does not entitle them to file confidential information under seal;

United States District Court
Northern District of California

Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  <u>DEFINITIONS</u>

    2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that are not publicly known and are of technical or commercial advantage to its owner, including trade secret, financial, proprietary, competitive, commercially sensitive information (e.g., Party or Non-Party's customers and related purchasing and sales information), or other information required by law or agreement to be kept confidential, and information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

    2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.6    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

    2.7    <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    2.8    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

    2.9    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action

but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts and professional vendors, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>.  Any Party or Non-Party may designate as Confidential any document or response to discovery which that Party or Non-Party considers in good faith to contain "CONFIDENTIAL" information.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or

Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony any Party or Non-Party may identify on the record, before the close of the deposition, all protected information disclosed during the deposition. In addition, any Party or Non-Party may elect to designate portions of the transcript as "CONFIDENTIAL" within 14 calendar days from the delivery of the deposition transcript. Such designations shall be communicated in writing to all Parties. Only those portions of the testimony that are appropriately designated for protection within this 14 day period shall be covered by the provisions of this Stipulated Protective Order. Until the expiration of this 14 day period, the entire transcript shall be

treated as "CONFDENTIAL" information.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL"

       (c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention.**  If the Parties cannot resolve a challenge without court intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Failure by a Designating Party to file such discovery dispute letter within the applicable 21- or 14-day period (set forth above) with the Court shall automatically waive the confidentiality designation for each challenged designation.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  The Court, in its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  If, after submitting a joint letter brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  The Court, in its discretion, may elect to refer the discovery matter to a Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a letter brief to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until

the court rules on the challenge.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (attached hereto as "Exhibit A");

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by all the parties engaged in settlement discussions.

8.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

     (a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

     (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       (3)  make the information requested available for inspection by the Non-Party.

     (c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.     MISCELLANEOUS

12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.  FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 6, 2019          ___/s/ *Anna P. Chang*_____
                                           Anna P. Chang
                                           Sideman & Bancroft LLP
                                           Attorneys for Plaintiffs

Cisco Systems, Inc. and Cisco Technology, Inc.

DATED:  September 6, 2019        ____/s/ *Brad Stuckey*_____
Brad Stuckey
Robinson Di Lando APLC
Attorneys for Defendants Zahid "Donny" Hassan
Sheikh and IT Devices Online, Inc.

DATED:  September 6, 2019        ____/s/ *Andrew Parkhurst*_____
Andrew Parkhurst
McManis Faulkner LLP
Attorneys for Defendants Advanced Digital
Solutions International, Inc. and PureFutureTech,
LLC and Third-Party Plaintiff Advanced Digital
Solutions International, Inc.

DATED: September 6, 2019        ____/s/ *Sam J. Polverino*_____
Sam J. Polverino
Law Offices of Sam J. Polverino
Attorneys for Defendant Jessica Little

DATED: September 6, 2019        ____/s/ *John C. Kirke*_____
John C. Kirke
Donahue Fitzgerald LLP
Attorneys for Third-Party Defendants Rahi
Systems, Inc.; Pure Future Technology, Inc.;
Masood Minhas; Nauman Karamat; Nabia Uddin;
Karoline Banzon; and Kaelyn Nguyen

## **Attestation**

I hereby attest pursuant to Civil Local Rule 5-1(i)(3) that concurrence in the electronic

filing of this document has been obtained from the other signatories above.

DATED:  September 6, 2019        SIDEMAN & BANCROFT LLP

                      By:    ____/s/ *Anna P. Chang*_____
                          Anna P. Chang
                          Attorneys for Plaintiffs
                          Cisco Systems, Inc. and Cisco Technology,
                          Inc.

Case 4:18-cv-07602-YGR Document 67-1 Filed 09/10/19 Page 14 of 15

1

2    PURSUANT TO STIPULATION, IT IS SO ORDERED.

3

4

5    DATED: ___September 10, 2019___        _____

6                                           The Honorable Yvonne Gonzalez Rogers
                                            United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3   I, _____ [print or type full name], of _____ [print or

4   type full address], declare under penalty of perjury that I have read in its entirety and understand the

5   Stipulated Protective Order that was issued by the United States District Court for the Northern

6   District of California on [date] in the case of *Cisco Systems, Inc., et al. v. Sheikh, et al.*, Case No.

7   4:18-CV-07602-YGR. I agree to comply with and to be bound by all the terms of this Stipulated

8   Protective Order and I understand and acknowledge that failure to so comply could expose me to

9   sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

10  any manner any information or item that is subject to this Stipulated Protective Order to any person

11  or entity except in strict compliance with the provisions of this Order.

12  I further agree to submit to the jurisdiction of the United States District Court for the Northern

13  District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

14  if such enforcement proceedings occur after termination of this action.

15  I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone number] as

17  my California agent for service of process in connection with this action or any proceedings related

18  to enforcement of this Stipulated Protective Order.

19

20  Date: _____

21  City and State where sworn and signed: _____

22

23  Printed name: _____

24

25  Signature: _____

26

27

28