September 22, 2020

**VIA CM-ECF**

The Hon. Yvonne Gonzalez Rogers
Oakland Courthouse, Courtroom 1, 4th Flr.
U.S. District Court, Northern District of California
1301 Clay Street
Oakland, CA  94612

   Re: *Cisco Systems, Inc., et al. v. Sheikh, et al.*; Case No. 4:18-CV-07602-YGR

Dear Judge Gonzalez Rogers:

On September 18, 2020, the Court issued an order permitting "the parties an opportunity to file letter briefs on the issue of the Court's authority and discretion in ordering a virtual jury trial in this action."  (ECF 177.)

Defendants jointly object to any virtual trial on the following grounds, without limitation:

## I. A "Zoom Trial" Would Deprive Defendants Of Their Right To A Jury Trial.

The complaint in this action includes claims for both damages and equitable relief.  A claim for legal damages based on trademark infringement is to be tried by a jury.  *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 471–72, 476–77 (1962).  Every party here has demanded a jury trial.  (*See* ECF 1, 32, 38, 79 [plaintiff's demands]; ECF 23, 39, 83 [ADSI defendants' and Jessica Little's demands]; ECF 93 [Imran Husain's demand]; ECF 56 [third-party defendants' demand].)  No party has withdrawn its demand, nor has any party sought consent of the others to withdraw its demand.  Fed. Rules Civ. Proc., Rule 38(d) ("A proper demand may be withdrawn only if the parties consent.").

**There is no precedent to compel a jury trial to take place remotely.**  While parties may have stipulated to such a procedure in other cases, there are no reported decisions where a court has ordered a virtual jury trial over the objection of a party.  The absence of such a decision is not surprising since a Zoom trial effectively deprives the litigants of many safeguards rooted in hundreds of years of tradition.

In open court, a juror's conduct may be observed.  The judge, bailiff, clerk, witness, parties, counsel, and other jurors are present to see each juror *in person*.  On Zoom, a juror may have



**McManis + Faulkner** Telephone 408.279.8700  |  Facsimile 408.279.3244  |  **mcmanislaw.com**
Fairmont Plaza, 10th Floor, 50 W. San Fernando Street, San Jose, California 95113

The Hon. Yvonne Gonzalez Rogers
September 22, 2020
Page 2

any number of distractions from mere inattention to misconduct, and the juror's behavior would largely go unsupervised.

A Zoom is also not a suitable forum for jury deliberation.  In the article, *What Does It Mean to Deliberate? An Interpretative Account of Jurors' Expressed Deliberative Rules and Premises*,[1] Professors Leah Sprain and John Gastil note that "face-to-face deliberation is essential for thoroughly processing evidence."  Further, "jurors view themselves . . . as an interacting body that must meet face-to-face to fulfill its civic responsibility."  A jury meets in-person to discuss the case, to give different perspectives, potentially to convey emotions, and to come to a consensus.  A "jury" deliberating remotely is arguably not a jury at all—but rather a focus group, convened by a court, that has been asked to pay attention and to give feedback at the end of an extended presentation.

Importantly, careful steps are taken in the courtroom to regulate a jury and to make sure jurors are not subjected to outside influences.  On Zoom, it is not clear who else is present with individual jurors, or whatever else may attract their attention.  Even a casual passerby, who listens to the proceeding in the same room as the juror, may make a gesture or expression that goes unnoticed (and unobservable) to the trial participants.

## II.      Defendants Are Entitled To Present Evidence In Open Court, To Attend Trial, And To Be Represented At Trial.

This is a high-stakes matter that should not serve as a test case.  Cisco wants over $6,000,000.00 in damages.  Several witnesses have asserted their Fifth Amendment privilege as a result of the serious criminal allegations leveled by Cisco.  This is moreover a complex case, with multiple experts, many witnesses, and a variety of technical issues that will need to be addressed at trial.

Federal Rules of Civil Procedure, Rule 43(a) provides that witness testimony **must** be taken in open court except "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Here, there are no such circumstances.

First, this case is less than two (2) years old.  The Complaint was filed on December 18, 2018.  The Third-Party Complaint was filed on March 11, 2019.  The complaint against defendant Husain was not filed until December 4, 2019.

---

[1] *Communication Quarterly* Vol. 61, No. 2, April–June 2013, pp. 151–171.  *Communication Quarterly* is a peer-reviewed journal.  Professor Sprain is an assistant professor in the Department of Communication at the University of Colorado Boulder. Professor Gastil is a professor at Pennsylvania State University.

The Hon. Yvonne Gonzalez Rogers
September 22, 2020
Page 3

Second, in a Zoom trial, **every witness** would appear by "contemporaneous transmission." The exception must not swallow the general rule set forth in Rule 43.  Every remote appearance by a witness presents its own shortcomings and potential problems.  The Zoom experience of a witness may affect the reception of his testimony.  The bandwidth of a witness may also affect how the jury perceives the witness.  The technical capabilities of each witness may also unfairly influence the jury's opinion

Third, as a matter of due process, the defendants have a right to examine and cross-examine witnesses, to be present at trial, and to have counsel attend trial.  While Zoom may superficially approximate these experiences, it cannot serve as a substitute.  When the stakes are as high as they are here, the procedural safeguards of a traditional, in-person trial should be observed.

**<u>Conclusion</u>**

While parties may make an informed decision to consent to a virtual jury trial, there is no precedent to compel them to do so.  For the reasons identified above, defendants respectfully object to any order requiring trial to take place virtually.

Very truly yours,

McMANIS FAULKNER                          CROSBY & CROSBY

*/s/ Tyler Atkinson*                              */s/ Michael Crosby*

TYLER ATKINSON                            MICHAEL CROSBY
Attorneys for Attorneys for Defendant and Third    Attorneys for Defendant Jessica Little
Party Plaintiff Advanced Digital Solutions Int.,
Inc., and Defendants PureFutureTech, LLC,
K&F Associates, LLC, Shahid Sheikh, Kamran
Sheikh and Farhaad Sheikh


LAW OFFICE OF JAMES GIACCHETTI

*/s/ James Giacchetti*

JAMES GIACCHETTI
Attorneys for Defendant Imran Husain

cc:     Richard J. Nelson
        John C. Kirke
        Kathleen Friend

The Hon. Yvonne Gonzalez Rogers
September 22, 2020
Page 4

### **ATTESTATION**

Pursuant to Civil Local Rule 5.1., I hereby attest that all counsel represented by conformed signatures above have concurred in the filing of this Joint Letter Brief Re: Virtual Jury Trial.

McMANIS FAULKNER

*/s/ Tyler Atkinson*

TYLER ATKINSON