**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CISCO SYSTEMS, INC., ET AL.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**SHAHID H. SHEIKH, ET AL.,**<br><br>Defendants. | Case No.  4:18-cv-07602-YGR<br><br>**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE** |
| **ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.,**<br><br>Third- Party Plaintiff,<br><br>vs.<br><br>**NABIA UDDIN,**<br>Third-Party Defendant. | |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on October 16, 2020, for good cause shown the Court enters the following orders:

1. **Trial Date and Schedule:**   The trial of this matter trails a criminal jury trial which takes precedence.  The trial is **CONTINUED** to **November 9, 2020**.  Parties will be advised by no later than noon on November 6, 2020 whether the case will proceed as scheduled or be continued to January 7, 2021.  If the Court learns on November 3, 2020 that a jury will not be summoned for public safety reasons due to the impact of COVID-19, or that logistically, it will not be able to summon a jury, the Court will advise the parties and immediately reset the trial for January 7, 2021.

    Jury Selection shall begin at beginning at 9:00 a.m.  All remaining trial days shall begin at 8:30 a.m.  Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m.  Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks.  If in January, the parties are advised that Thursday January 14, 2022 will be dark.

    Additional time may be scheduled for matters outside the presence of the jury as necessary

1 and determined by the Court.  Sidebars are not permitted.  Counsel should be prepared to
2 anticipate issues so that they may be addressed outside of normal trial hours.  In this regard,
3 Counsel should also be prepared to reconvene with the Court after the Court's standing
4 calendars which normally begin at 2:00 p.m.

2. **Stipulations:** The parties' stipulations at Docket No. 235 is **GRANTED**.

3. **Standard Motions *in Limine*:** The Court **HEREBY ORDERS** that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).  The Court's rulings on the motions *in limine* will be issued by separate orders.  The parties shall lodge a proposed form of order with respect to the rulings on the motions *in limine* discussed during the trial conference.

Parties are **ORDERED** to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

4. **Bifurcation:** The parties shall meet and confer on whether bifurcation of the counterclaim is appropriate and shall provide the Court with their respective views by **October 23, 2020**.

5. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

**By Noon on Monday, October 26, 2020,** the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during voir dire.  The list shall be legible and formatted to fit on one page.

6. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted on the

1  Exhibit List.  No witness may be shown any document or other object until it has been marked
2  for identification using an exhibit number.  The parties shall file updated Exhibit Lists
3  identifying those for which a stipulation of admissibility exists with an "S" in the appropriate
4  box.  The undated list shall be filed by **October 23, 2020**.

5  The jury may not be shown any exhibits until admitted into evidence or stipulated by the
6  parties as to admissibility without the express permission of the Court.

7  To assist with COVID-19 protocols, each witness shall be provided with a witness binders
8  which shall include any exhibit bearing on the examination.  Parties shall have a binder for the
9  court and the opposing party, unless the parties agree to a different protocol.

10  **7. Deposition Designations and Objections:** In accordance with the Court's Standing Order Re:
11  Pretrial Instructions in Civil Cases, ¶ 3.e., the parties shall resubmit any objections with the
12  corresponding form of order.

13  8. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior
14  to the day when it will be used.  Arrangements may be made with the Courtroom Deputy,
15  Frances Stone, at (510) 637-3540, as to appropriate time for doing so.  Marshals require court
16  order to allow equipment; parties will need to file request and proposed order.

17  Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter
18  with XLR connector.  The parties shall review the Court's policy regarding the jury's use of a
19  computer during deliberations at http://cand.uscourts.gov/jurypc.

20  9. **Jurors and Peremptory Challenges:**  The Court will seat a total of eight (8) jurors and no
21  alternates.  The Court sets the number of peremptory challenges at three (3) per side, i.e. 3 for
22  plaintiffs; 3 for defendants/counter-claimants; 3 for counterclaim defendant.  *Batson* motions
23  must be made in a timely fashion.  Argument on the same shall be made outside the presence
24  of the jury panel.

25  10. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-
26  1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the
27  Ninth Circuit (2017 Edition).

28  11. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or

exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than three business days before trial. Any objections not resolved must be filed in writing by the next business day. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

12. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

13. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

14. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **November 1, 2018.**

Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

15. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played. The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

16. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours *written*

notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

17. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

18. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

19. **Punitive Damages:** To the extent applicable, the jury will be asked to consider punitive damages, the following additional orders apply:

    a. Defendant/Cross-Defendant(s) shall have all relevant financial data in Court in a sealed envelope once trial begins;

    b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin; and

    c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

20. ***Daubert*** Motions (Dkt. Nos. 132, 134)

    a. Federal Rule of Evidence 702 permits opinion testimony by an expert as long as the witness is qualified, and their opinion is relevant and reliable. An expert witness may be qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid.

5

702. The proponent of expert testimony has the burden of proving admissibility in accordance with Rule 702. Fed. R. Evid. 702, Advisory Committee Notes (2000 amendments). An expert should be permitted to testify if the proponent demonstrates that: (i) the expert is qualified; (ii) the evidence is relevant to the suit; and (iii) the evidence is reliable. *See Thompson v. Whirlpool Corp.*, 2008 WL 2063549, at *3 (W.D. Wash. 2008) (citing *Daubert*, 509 U.S. at 589–90). The trial judge has discretion to determine reasonable measures of reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999).

   b. Plaintiff's motion to exclude the Opening Expert Report of Russell Mangum (Dkt. No. 132) is **GRANTED.** In this report, Mr. Mangum provides no substantive opinion on any actual dispute to be resolved by the jury. The entire report merely provides a hypothetical model untethered to any issue in the case. Rather, his substantive opinions are found in his Rebuttal Report which is not subject to challenge.

   c. Defendants' motion to exclude the Expert Reports of Daniel Levy and Greg Regan (Dkt. No. 134) is **DENIED.** When considering the objections thereto, the Court finds that objections relate to weight, not admissibility. Dr. Levy is qualified to provide a critique and validation of the risk scoring model. That defendants do not agree is not a basis for excluding the opinon. Moreover, the fact that the risk model is used and relied upon for business practices increases its reliability, not the contrary. Models created solely for litigation purposes are not infrequently the subject of attack. With respect to Mr. Regan, again defendants take issue with Mr. Regan's damages analysis due to the assumptions he has made in his calculations. These objections are properly the subject of cross-examination and not a valid basis for a *Daubert* motion.

   d. Related Administrative Motions to Seal will be addressed by separate order.

21. **Interpreters:** If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is offered in compliance with Government Code §§ 68560 *et seq.*, Evidence Code §§ 750 through 755.5, C.R.C. 2.890 *et seq.*, and all Local Rules.

22. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534). The Court Reporter should be contacted no later than **November 1, 2020**.

23. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

    During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

24. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

25. **Other Orders:** In light of COVID-19, the following additional orders are required:

    a. All deliveries to the Court should be made by common carries such as the U.S. Postal Service, Federal Express, United Postal Service, DHL etc. The Court is not well-equipped to accept deliveries via messenger. If messenger delivery is necessary, special arrangements through the courtroom deputy are required.

    b. By **October 23, 2020**, the parties shall send the Court an email identifying by name the parties anticipated in the courtroom for trial. The parties are advised that the number of persons allowed will likely be limited and there may not be sufficient room for more than a party/side and his/her/its attorney. That said, lawyers may rotate and, if possible, the Court will try and accommodate more than one.

This terminates Docket Nos. 132, 134, and 235.

**IT IS SO ORDERED.**

Dated: October 21, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**