**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CISCO SYSTEMS, INC., ET AL.,**<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>**SHAHID H. SHEIKH, ET AL.,**<br><br>　　　　Defendants.<br><br>**ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.,**<br><br>　　　　Third- Party Plaintiff,<br><br>　vs.<br><br>**NABIA UDDIN,**<br>　　　　Third-Party Defendant. | Case No.  4:18-cv-07602-YGR<br><br>**PRETRIAL ORDER NO. 2 RE: PRETRIAL CONFERENCE** |

　　In light of the ongoing pandemic, and the Court's current operations due to the pandemic, and the additional work to be done to pre-qualify a jury, the Court enters the following orders based on the reasoning set forth herein and for the reasons stated on the record during the prior two pretrial conferences:

1. **Amendment of Caption**: The Court **AMENDS** the caption of the third-party action to reflect that, in light of the Order granting the third-party defendants' motion for summary judgment, the third-party action proceeds only against the remaining third-party defendant, Nabia Uddin.

2. **Trial Date and Schedule:**　The trial of this matter is **RESET** for **January 7, 2021**.  The Court will not bifurcate the proceedings.  Plaintiff and defendants will each be allocated a total of 23 hours of trial time, including opening statement and closing arguments.  Third party defendant shall be afforded a total of 8 hours, including opening statement and closing arguments. The Court is considering bifurcating the third-party claim to address adequately the Fifth Amendment issues.  The parties shall meet and confer again on the topic.

3. The Court **SETS** the next pretrial conference for **Friday, November 6, 2020 at 10:00 a.m.**

4. **Jurors Revised:** The Court will seat a total of nine (9) jurors and no alternates. The Court increases defendants' peremptory challenges by one for a total of four.

5. **Trial Participants:**

   a. Each party shall be allowed in the courtroom for a total of six (8) persons.

   b. Plaintiff and defendants/third party defendants are allowed no more than three additional persons per side in the courtroom for a total of six (6) persons. Defendants Jessica Little and Imran Husain are allowed two (2) additional persons. Third party defendant is allowed two (2) additional persons.

   c. Each person must sit in a designated spot. A tentative mock-up of the courtroom was emailed to the parties and will be revised as needed.

   d. No one else may be in the courtroom without court approval.

   e. Public access will be provided by Zoom audio, not video.

6. **Jury Questionnaire:** The Court provided the parties with a draft questionnaire to be administered to prospective jurors through Survey Monkey. The parties will meet and confer on the content and provide an update by **Monday, November 2, 2020**.

7. **Motions in Limine:**

   **Plaintiffs' Motion *in Limine* No. 1 and Third-Party Defendant's No. 9:**
   **Use of the Fifth Amendment Privilege (Dkt. Nos. 192 and 184.)**

   Plaintiffs requested an order prohibiting testimony by defendants on topics that they refused to provide testimony in deposition by asserting their Fifth Amendment right. At the hearing on October 16, 2020, defendants' counsel stated that Shahid Sheikh intends to testify at the trial. Plaintiffs' counsel then **WITHDREW** plaintiffs' motion with respect to Shahid Sheikh. Should Shahid Sheikh not testify at trial for any reason plaintiffs are entitled to raise this issue to the Court and refile Motion *in Limine* No. 1 (Dkt. No. 192).

   With respect to the corollary motion filed by Ms. Uddin (Dkt. No. 184), the motion remains under submission. Mr. Sheikh asserted the Fifth Amendment with respect to *all* written discovery propounded by Ms. Uddin even though he brought an *affirmative* claim for indemnity against her. The use of the Fifth Amendment cannot be used both as a sword and a shield.

2

**Plaintiffs' Motion *in Limine* No. 2 and Defendants' No. 4:**

**Adverse Inference (Dkt. Nos. 194 and 188.)**

The Court **GRANTS IN PART** and **DENIES IN PART** the motions as follows:

A. The Court will provide the following instruction to the jury during the Court's opening instructions to the jury at the beginning of the trial:

> The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases such as this one, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to a defendant.
>
> I am now instructing you that defendants Kamran Sheikh, Farhaad Sheikh, and Jessica Little refused to answer questions at their depositions in this case and instead asserted the Fifth Amendment. A deposition is the sworn testimony of a witness taken before trial.
>
> Before trial, defendant Imran Husain also decided to assert the Fifth Amendment and refused to answer questions on particular topics. As a result, these four individuals will not be testifying before you in this trial.
>
> You are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant. Any inference you may draw should be based upon the totality of the evidence in this case.

B. Once during trial, the Court will give a more specific instruction on the Fifth Amendment as follows. The Court will confer with the parties as to the appropriate timing.

> As I informed you at the beginning of this trial, the Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them.
>
> In civil cases such as this one, you are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant.
>
> The topics on which defendants Kamran Sheikh, Farhaad Sheikh, and Jessica Little each asserted the Fifth Amendment include:
>
> 1. Whether each knowingly engaged in counterfeiting activities involving Cisco products;

3

      2. Whether each was aware of Customs seizures of counterfeit Cisco products going to ADSI and affiliated entities; and

      3. Whether Imran Husain printed Cisco labels at ADSI and applied them to products.

C. The Court **DENIES WITHOUT PREJUDICE** the request to give a more specific instruction on the Fifth Amendment with respect to the issues referenced below. Plaintiffs may reassert the request based upon any specific need identified at the time of trial. These include:

With respect to defendant Kamran who specifically asserted the Fifth Amendment on the following questions:

    1. Whether he was the manager of PureFutureTech and K&F Associates in 2018;

    2. Whether he knew that Imran Husain was obtaining Cisco labels from China and applying them to products;

    3. Whether he arranged for locations outside Fremont (where Defendant ADSI is located) to receive Cisco products, in order to hide the activity from U.S. Customs;

    4. Whether he asked Theresa Lau to set up a UPS box in Portland, Oregon;

    5. Whether he paid for the UPS boxes in Reno, Nevada, and Portland, Oregon; and

    6. Whether Theresa Lau gave him the U.S. Customs seizure notice related to counterfeit Cisco products that were seized going to the Portland UPS box.

With respect to defendant Little who specifically asserted the Fifth Amendment on the following questions:

    1. Whether she applied for a UPS box in Reno, Nevada, in April 2016, in the name of McIntosh Networks; and

    2. Whether she sent a letter to Cisco counsel on August 11, 2016, denying knowing about a company named McIntosh Networks.

With respect to defendant Husain who specifically asserted the Fifth Amendment on the following questions:

    1. Whether he picked up packages of counterfeit Cisco products at the UPS store in Fremont, addressed to ADSI or related company (such as PureFutureTech);

4

2. Whether he received seizure notices from U.S. Customs reflecting seizure of counterfeit Cisco products; and

3. Whether he observed Shahid Sheikh, Farhaad Sheikh, and Kamran Sheikh watch him apply Cisco labels onto products, for sale by ADSI or related company (such as PureFutureTech).

With respect to defendant Farhaad who specifically asserted the Fifth Amendment on the following questions:

1. Whether he is the CEO of ADSI since January 2019.

Any such instruction would include the admonition that:
> You are permitted, but not required, to draw the inference that the withheld information would have been unfavorable to the defendant. Any inference you may draw should be based upon the totality of the evidence in this case.

**Defendants' Motion *in Limine* No. 3: Bifurcation (Dkt. No. 187.)**

The defendants' request to bifurcate the liability phase from the damages phase is **DENIED.** The Court sees no economies in bifurcating proceedings for that purpose.

**Defendants' Motion *in Limine* No. 5:**

**To Exclude Evidence Pertaining to Other Litigation (Dkt. No. 189.)**

Defendants requested an *in limine* order prohibiting the parties from offering evidence or comment on other pending litigation in the Northern District, *Hewlett Packard Enterprise company, Inc., et al. v. Advanced Digital Solutions International, Inc., et al.*, Case No.: 3:20-cv-5447 (the "HPE litigation").  Plaintiffs stipulated to preclude such evidence.  Third-party defendant Nabia Uddin did not oppose the motion with respect to the HPE litigation; however, she did offer argument in her opposition papers that identified other issues not raised in defendants' motion filed with the Court.  With respect to the narrow issue of the HPE litigation, defendants' motion *in limine* is **GRANTED** by stipulation of the parties.

With respect to the Alameda County state court action, *Advanced Digital Solutions International, Inc. v. Rahi Systems, Inc., et al.,* Alameda County Superior Court Case No. RG17881868, the parties are precluded from litigating the merits of that matter in this action. However, the Court will allow a narrow set of questions to be asked of Ms. Uddin as they relate to bias.  Those questions include:

1. The fact that Ms. Uddin was terminated by the defendants and any basis which was communicated directly to Ms. Uddin.

2. Ms. Uddin's contact of Cisco's attorneys and the subsequent filing of a whistleblower complaint.

3. The defendants' filing of a complaint against Ms. Uddin in state court along with Rahi Systems, Inc., Masood Minhas, Nauman Karamat, Pure Future Technology, Inc., Karoline Banzon, and Kaelyn Nguyen, and the generic allegations that defendants' sales team, customer orders and customer relationships were wrongfully transferred to Rahi Systems, Ms. Uddin's current employer. The details of the allegations are excluded.

4. Ms. Uddin's answer to the complaint. The fact that the state court action is pending.

No other issues may be examined without the express approval of the Court.

In addition, all parties are prohibited from making any reference to this Court's orders, including, without limitation, the order granting summary judgment in favor of the former third-party defendants.

**Defendants' Joint Motion *in Limine* No. 6:**

**To Exclude Witnesses Gupta and Casto (Dkt. No. 190.)**

Defendants requested an order excluding two Cisco witnesses, Sam Gupta and Tim Casto, from testifying at the trial.

With respect to Tim Casto, he does not appear on Cisco's witness list. As the Court has instructed all parties, no witness that does not appear on the previously submitted witness list will be allowed to testify, absent a motion to this Court. Since Cisco is not requesting for Mr. Casto to testify, the motion as to Mr. Casto is **DENIED AS MOOT**.

With respect to Sam Gupta, he was timely identified by Cisco as a non-retained expert. He is not identified as a percipient witness and therefore no prejudice exists given that he was not listed under Rule 26. The motion is **DENIED** as to Mr. Gupta.

**Defendants' Joint Motion *in Limine* No. 7:**

**To Exclude Evidence Related to Personal Conduct (Dkt. No. 191)**

"Defendants request an order barring evidence or comment regarding illicit or inflammatory personal conduct unrelated to the allegations of counterfeiting raised in this case." Based on the stipulation of plaintiffs and Ms. Uddin, the Court **GRANTS** defendants' motion as it relates to evidence concerning alleged drug use by one of the defendants. However, insofar as the motion relates to any other "personal conduct," the motion fails to identify any specific evidence sought to be excluded contrary to this Court's Standing Pre-Trial Order, and therefore as it relates to any other "personal conduct," the Motion is **DENIED** as overbroad.

**Third Party Defendant's Motion *in Limine* No. 10[1]:**

**To Exclude Statements of Shahid Sheikh and Jessica Little Concerning Nabia Uddin (Dkt. No. 185.)**

The Court previously ruled on the admissibility of these statements in the Order granting the third-party defendants' motion for summary judgment. (*See* Dkt. No. 246 at 5-6.) Based on the same reasoning therein, the Court **GRANTS** this motion *in limine*.

**Third Party Defendant's Motion *in Limine* No. 11:**

**To Exclude Witnesses and Documents Relating to Claims Eliminated by the Summary Judgment Order  (Dkt. No. 280.)**

At the pretrial conference held on October 30, 2020, the Court **GRANTED** the administrative motion to file motion *in limine* number 11 (Dkt. No. 262).  Ms. Uddin thereafter filed that same day the instant motion, seeking to exclude witnesses and documents relating to claims eliminated by the summary judgment Order.  (Dkt. No. 280.)  A response is due from the defendants on or before November 3, 2020.  The Court will thereafter issue an order on the motion *in limine*.

**8. Administrative Motions to Seal**

The parties have filed several administrative motions to seal with the prior *Daubert*

---

[1] Motion *in Limine* No. 8 was resolved and not filed.

motions, motion for summary judgment, and the motions *in limine*. The Court **GRANTS** the parties' stipulation to unseal portions of documents attached to prior declarations relating to the *Daubert* motions. (Dkt. No. 166.) Accordingly, the prior administrative motions requesting sealing are **DENIED IN PART** based on the stipulated unsealing, but is otherwise **GRANTED IN PART** with respect to the remaining materials relating to plaintiffs' risk scoring model. (Dkt. Nos. 133, 137, 139, 150, 155.) The administrative motion seeking to unseal additional documents attached to the prior declarations relating to the *Daubert* motions is **DENIED**. (Dkt. No. 162.)

The remaining administrative motion requesting the sealing of documents relating to the summary judgment (Dkt. No. 151) is **DENIED** for the same reasons as explained in the prior summary judgment Order. (*See* Dkt. No. 246 at 2, n.3.)

The administrative motions requesting the filing of documents under seal are **DENIED** on the bases proffered. (Dkt. Nos. 193, 216.)

This Order terminates Docket Numbers 133, 137, 139, 150, 151, 155, 166, 185, 187, 188, 189, 190, 191, 192, 193, 216, and 262.

**IT IS SO ORDERED.**

Dated: November 3, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**