**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., ET AL.,<br>    Plaintiffs,<br>vs.<br>SHAHID H. SHEIKH, ET AL.,<br>    Defendants.<br><br>ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC.,<br>    Third- Party Plaintiff,<br>vs.<br>NABIA UDDIN,<br>    Third-Party Defendant. | Case No.  4:18-cv-07602-YGR<br><br>**PRETRIAL ORDER NO. 3 RE: PRETRIAL CONFERENCE** |

On November 6, 2020, the Court held a third pretrial conference.  Based on the discussion and arguments made, the following additional orders are entered:

1. **Jury Instructions and Verdict Form**

   a. By **Tuesday, November 10, 2020**, the parties shall file a revised set of instructions based on the discussion during the conference.

   b. The instructions shall be divided between Instructions before Evidence and Instructions after the close of Evidence.

   c. Once the Court considers the jury instructions in their totality, the Court will consider whether to adjust its instructions to the jury with respect to the Fifth Amendment as outlined in Pretrial Order No. 2.

   d. The proposed verdict form shall be updated and shall conform to the instructions.  The parties should use the Cisco proffer at Docket 234 for the revision.

2. **Trial Brief on Non-Jury Claims**: By **Tuesday, November 10, 2020**, each party shall file a

trial brief, not to exceed five pages, with respect to the elements and anticipated evidence of any claim to be tried to the Court. The description of elements at Docket Number 186 is not sufficient, especially in light of the Court's ruling regarding the inability of a Lanham Act violation to serve as a basis of the Section 17200 claim. In addition, the brief shall include a more specific articulation of the remedy requested and describe how the remedy is not duplicative of the claims being tried to a jury. If duplicative, proponents should also consider whether any of these claims should be dismissed and so advise the Court.

3. **Deposition Designations:** The Court will not resolve any deposition designations as the disputes, to the extent any exist, were not filed in a timely manner.

4. **Motion *in Limine* No. 11 (Dkt. No. 280)**:

The Court **TENTATIVELY GRANTS** Uddin's Motion *in Limine* No. 11 without prejudice to the defendants making a proffer how any of the evidence is probative of any affirmative element of a claim as opposed to collateral evidence of impeachment.

5. **Mandatory Settlement Conference**:

All parties are **ORDERED** to a mandatory settlement conference with a private mediator to be completed as soon as possible. By **Tuesday, November 10, 2020**, the parties shall advise the Court of the name of the mediator and the date of the conference.

This Order terminates Docket Number 280.

**IT IS SO ORDERED.**

Dated: November 9, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**