RICHARD J. NELSON (State Bar No. 141658)
E-Mail:     *rnelson@sideman.com*
IAN K. BOYD (State Bar No. 191434)
E-Mail:     *iboyd@sideman.com*
ANGELA M. HE (State Bar No. 319351)
E-Mail:     *ahe@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>SHAHID H. SHEIKH, an individual, et al.,<br><br>          Defendants. | Case No. 4:18-cv-7602-YGR<br><br>**PLAINTIFFS' TRIAL BRIEF ON NON-JURY CLAIMS**<br><br>Judge:   Honorable Yvonne Gonzalez Rogers<br><br>Trial Date: January 7, 2021 |
| ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., a California corporation,<br><br>          Third-Party Plaintiff,<br><br>     v.<br><br>NABIA UDDIN, an individual,<br><br>          Third-Party Defendant. | |

Plaintiffs CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC. (collectively "Cisco") submit this trial brief as requested by the Court in its Pretrial Order No. 3 (Docket 292) concerning the elements and anticipated evidence of any claim to be tried by the Court.  Further, the Court requested "a more specific articulation of the remedy requested and describe how the remedy is not duplicative of the claims being tried to a jury."  If the relief is duplicative, the proponent of the claim was to "consider whether any of these claims should be dismissed and so advise the Court."

### I. Cisco's Claim Under California's Business & Profession Code § 17200

Cisco's fourth cause of action in the operative Second Amended Complaint (Docket 79) is for Defendants' violation of California's Business & Profession Code § 17200 ("UCL Claim"). This case, including the UCL Claim, is centered around Cisco's allegations that ADSI and the other defendants purchased and sold counterfeit Cisco products.  Accordingly, the basic facts and evidence of this case will support all of Cisco's Claims for Relief, including the UCL Claim. However, the equitable remedies available for the UCL Claim may at this point be lesser than and duplicative of the legal remedies that Cisco seeks from the jury concerning its Lanham Act allegations, namely Claims for Relief 1, 2, and 3, and the equitable claim Cisco seeks from the Court concerning its unjust enrichment claim under the Lanham Act (Claim 5).  Given the Court's Pretrial Order No. 3, and the strain on the judicial system posed by the COVID-19 pandemic, Cisco agreed to dismiss Claim for Relief 4 without prejudice in the interest of judicial economy. Accordingly, the parties, through their counsel, have stipulated to dismiss Claim for Relief 4 without prejudice, pursuant to F.R.C.P. 41(a)(1)(a)(ii), and Cisco filed the stipulated dismissal for the UCL Claim with the court on November 10, 2020 (Docket 296).

### II. Cisco's Unjust Enrichment Claim

Cisco's fifth cause of action in the Second Amended Complaint is for unjust enrichment. *See* 15 U.S.C. § 1117(a) (providing that a prevailing plaintiff is "entitled, ... subject to the principles of equity, to recover ... defendant's profits").   "A claim for disgorgement of profits under § 1117(a) is equitable, not legal" and "thus does not invoke [the] right to a jury trial."  *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 Fed. Appx. 110 (9th Cir. 2020) (citing *Fifty-Six Hope Road Music,*

*Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-76 (9th Cir. 2015)).

Should Cisco prevail on its trademark infringement claim, then it may, "subject to equitable principles," seek an award of damages as a remedy. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993), abrogated on other grounds by *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016). "Because proof of actual damage is often difficult, a court may award damages based on [a] defendant's profits on the theory of unjust enrichment." *Id.* Under this theory of unjust enrichment, Cisco only has "the burden of establishing the defendant's gross profits from the infringing activity with reasonable certainty." Once Cisco meets that burden, Defendants then "bear[] the burden of showing which, if any, of its total sales are not attributable to the infringing activity, and, additionally, any permissible deductions for overhead." *Id.* at 1408; *see LegalForce, Inc. v. LegalZoom.com, Inc*., No. 18--07274, 2019 WL 2088416, at *3 (N.D. Cal. May 13, 2019).

Should the jury find Defendants liable under the Lanham Act, the only issues before the Court for Claim for Relief 5 will be whether Defendants' conduct justifies such an award based on the principles of equity, and if so, the amount of the award. Cisco will accordingly request that the Court determine the appropriate amount of the award based on 1) the jury's finding of infringement; 2) the jury's finding of Defendants' willfulness; and 3) the evidence already presented to the jury by Cisco's damages expert, Greg Regan, concerning Defendants' unjust profits. Cisco does not anticipate that it will introduce incremental evidence to the Court for its unjust enrichment claim (beyond the evidence already provided to the jury).[1]

### III.   The Court's Determination of Lanham Act Statutory Damages

Cisco may elect statutory damages under the Lanham Act, for Defendants' use of counterfeit marks, at any time before the Court renders final judgment. 15 U.S.C. § 1117(c). The Court determines the amount of statutory damages. *Id.* (statutory damages under 15 U.S.C. §

---

[1] Cisco notes that its unjust enrichment claim is a request for equitable relief from the Court in the alternative from the legal remedies it seeks based on its Claims for Relief 1, 2 and 3. If the jury awards damages to Cisco pursuant to its Claims for Relief 1, 2 and 3, or if Cisco elects statutory damages awarded by the Court pursuant to these Claims, then Cisco will not subsequently pursue an unjust enrichment claim before the Court to the extent that the equitable claim would seek a remedy duplicative from that already awarded.

1117(c) determined "as the Court considers just"); *See Yelp, Inc v. Catron*, 70 F. Supp. 3d 1082, 1101 (N.D. Cal. 2014) ("District courts have discretion in determining the amount of statutory damages [pursuant to 15 U.S.C. § 1117(c)] subject only to the statutory minimum and maximum"). Upon a showing of willfulness, the Court may award up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

Should the jury find Defendants liable under the Lanham Act, Cisco will request that the Court determine the amount of statutory damages recoverable under 15 U.S.C. § 1117(c) in order for Cisco to determine whether it wishes to elect statutory damages. Cisco does not anticipate that it will introduce incremental evidence to the Court for this determination. Rather, Cisco will refer to the evidence it already presented to the jury to assert to the Court that Defendants' infringement caused Cisco significant harm and was willful. Namely, to assist the Court in its calculation of statutory damages, Cisco anticipates referring to the existing evidence, including:

1. The actual damages found by the jury. *See Adobe Sys. Inc. v. Tilley*, No. C 09-1085 PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010) ("In determining the appropriate amount of statutory damages for trademark infringement … courts in this district have considered whether the amount of damages bears [a] 'plausible relationship' to Plaintiff's actual damages");

2. The value of Cisco's trademarks. *See Coach, Inc. v. Diva Shoes & Accessories*, No. 10-5151 SC, 2011 WL 1483436, at *8 (N.D. Cal. Apr. 19, 2011) ("The Coach marks are extremely valuable because they are affiliated with billions of dollars in sales volume and more than a hundred million dollars have been expended in advertising and marketing associated with the [Coach trademarks].").

3. The fact and degree of Defendants' willfulness arising from their knowledge of the infringing products, such as from their receipt of the CBP notices and the testimony of the witnesses at trial. *See Id.* (if defendants continue their infringing conduct after being on notice, then defendants' conduct is "undoubtedly willful").

4. Defendants' lack of cooperation, including the evidence concerning their failure to produce evidence of voluminous sales records. *See Lifted Research Grp., Inc. v. Salem*, No. C-08-

4497 SC, 2009 WL 1371416, at *5 (N.D. Cal. May 15, 2009) ("[Defendant] has likely sold numerous goods that [Plaintiff] LRG did not have an opportunity to document, and [Defendant] should not profit from the lack of information caused by his refusal to participate in this litigation"); *See also* S. REP. 104-177, 10 (discussing Lanham Act statutory damages) ("[C]ounterfeiters' records are frequently nonexistent, inadequate or deceptively kept in order to willfully deflate the level of counterfeiting activity actually engaged in, making proving actual damages in these cases extremely difficult if not impossible.  Enabling trademark owners to elect statutory damages is both necessary and appropriate in light of the deception routinely practiced by counterfeiters.  The amounts are appropriate given the extent of damage done to business goodwill by infringement of trademarks.").

DATED: November 10, 2020     SIDEMAN & BANCROFT LLP

By:     /s/ *Richard J. Nelson*
          Richard J. Nelson
          Attorneys for Plaintiffs
          Cisco Systems, Inc. and Cisco Technology, Inc.