JAMES McMANIS (40958)
TYLER ATKINSON (257997)
ANDREW PARKHURST (324173)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:  (408) 279-8700
Facsimile:  (408) 279-3244
Email:  aparkhurst@mcmanislaw.com

Attorneys for Defendant and Third Party Plaintiff
Advanced Digital Solutions International, Inc., and
Defendants PureFutureTech, LLC, K&F Associates, LLC,
Shahid Sheikh, Kamran Sheikh and Farhaad Sheikh

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ZAHID "DONNY" HASSAN SHEIKH, an individual; et al.,<br><br>　　　　Defendants. | Case No. 4:18-CV-07602-YGR<br><br>**DEFENDANTS' AND THIRD_PARTY PLAINTIFF'S OBJECTIONS TO THIRD PARTY DEFENDANTS' BILL OF COSTS** |
| ADVANCED DIGITAL SOLUTIONS INTERNATIONAL, INC., a California corporation,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>RAHI SYSTEMS, INC., a California corporation; et al.,<br><br>　　　　Third-Party Defendants. | |

Defendant and Third Party Plaintiff, Advanced Digital Systems International, Inc. ("ADSI"), objects to Third-Party Defendants' ("TPDs") Bill of Costs (Dkt. 336).  As addressed below, a large portion of the requested costs are not allowable forms of recovery.

**I.     Third-Party Defendants' Requested Costs Exceed Those Permitted By Statute and Local Rules, and Therefore Should Be Excluded.**

"A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part <u>of the stenographic transcript</u> <u>necessarily obtained for use in the case</u>; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  28 U.S.C. § 1920) (emphasis added); see *A.H.D.C. v. City of Fresno*, No. CIV-F-97-5498 OWW, 2004 WL 5866234, at *3 (E.D. Cal. Oct. 1, 2004).  The Ninth Circuit "hew[s] closely to the statute's language, scheme, and context, recognizing that § 1920 is narrow, limited, and modest in scope." *Kalitta Air LLC v. Cent. Tex. Airborne Sys., Inc.*, 741 F.3d 955, 958 (9th Cir. 2013).  The Northern District of California Local Rule 54-3(c) provides that, "The cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable."

Here, TPDs seek reimbursement for deposition transcript orders for depositions TPDs did not notice, **nor use for any purpose, including in TPD's Motion for Summary Judgment**. TPDs did not notice or subpoena any depositions in this case.  The transcript orders they seek to have reimbursed are for depositions noticed and subpoenaed by Plaintiff Cisco Systems or by Defendant/Third-Party Plaintiff ADSI.

The statute limits allowable costs to transcript orders "necessarily obtained for use in the case."  Of the nineteen (19) transcripts that TPDs ordered during this case, TPDs only used eight (8) of the transcripts in support of their Motion for Summary Judgment— **one half of the charges for which they now seek reimbursement**. (*See* Dkts. 130, 143-144.)  The other transcripts ordered, but not used by TPDs in this case, were for:

  (1) <u>Third-Party Witnesses</u>: Jesse MacDougall, Sefanit Tesfaye, Anita Smith, Richard Love, and Paul Riccobene;

  (2) <u>Plaintiffs' Witnesses</u>: Charles Williams, Sameer Gupta, and Kenny Carter;

  (3) <u>Plaintiffs' Experts</u>: Daniel Levy and Greg Regan;

  (4) <u>Defendants/Third-Party Plaintiff's Expert</u>: Russell Mangum.

Each of these depositions pertained to Cisco's case against ADSI. It is not surprising TPDs would not have used these transcripts because no issues relevant to defending their case were raised at the depositions. TPDs are not entitled to be reimbursed for their transcript orders from depositions having nothing to do with TPDs' defense and that they did not use at any point in the litigation.

Furthermore, the statute and the Local Rules do not contemplate reimbursement for unofficial "rough" transcripts. Rough transcripts have no official use other than allowing counsel to review the deposition testimony weeks earlier than the time it takes to prepare and send the official certified copies of the transcript. Whether a party wants an early unofficial copy of the deposition transcript is a matter of the ordering party's personal preferences. TPDs should not be able to recover their costs for ordering rough transcripts.

## II. **<u>Proposed Modifications To Third-Party Defendants' Bill Of Costs.</u>**

Attached as **Exhibit A** to ADSI's objection is a copy of a chart reflecting charges in red for costs that should be struck as unrecoverable, and highlights in green for costs that should be allowable.

Breakdowns of the possible modifications to the Bill of Costs are included below:

///
///
///
///
///
///
///

If the Court rules that only the transcripts TPDs used in defending their case are recoverable costs, then the Bill of Costs should be reduced as follows:

|  | TPDs' Total Bill of Costs for Transcripts: $ 13,115.05 | | TPDs' Total Bill of Costs for Exhibits: $ 1,007.31 |
|---|---|---|---|
|  | Transcript Order | Rough Transcript Order |  |
| Jesse MacDougall | -  $ 255.30 |  | -  $ 229.66 |
| Sefanit Tesfaye | -  $ 189.75 |  | -  $ 4.05 |
| Daniel Levy | -  $ 772.80 | -  $ 108.75 | -  $ 22.50 |
| Greg Regan | -  $ 569.25 |  | -  $ 72.90 |
| Charles Williams | -  $ 514.05 | -  $ 260.75 |  |
| Sameer Gupta | -  $ 745.20 |  | -  $ 11.25 |
| Russell Mangum | -  $ 1,145.40 | -  $ 75.00 | -  $ 38.25 |
| Anita Smith |  |  |  |
| Richard Love | -  $ 345.00 |  |  |
| Paul Riccobene | -  $ 241.50 |  | -  $ 22.05 |
| Kenny Carter | -  $ 527.85 | -  $ 267.75 | -  $ 24.75 |
| **New Total Allowable Costs =** | **$ 7,096.70** | | **$ 581.90** |

If the Court also rules that TPDs are not entitled to recover their costs for ordering rough transcripts, then the Bill of Costs should be further reduced as follows:

|  | TPDs' Total Bill of Costs for Transcripts: $ 13,115.05 | | TPDs' Total Bill of Costs for Exhibits: $ 1,007.31 |
|---|---|---|---|
|  | Transcript Order | Rough Transcript Order |  |
| Jesse MacDougall | -  $ 255.30 |  | -  $ 229.66 |
| Sefanit Tesfaye | -  $ 189.75 |  | -  $ 4.05 |
| Daniel Levy | -  $ 772.80 | -  $ 108.75 | -  $ 22.50 |
| Greg Regan | -  $ 569.25 |  | -  $ 72.90 |

| | | | |
|---|---|---|---|
| Charles Williams | - $ 514.05 | - $ 260.75 | |
| Sameer Gupta | - $ 745.20 | | - $ 11.25 |
| Russell Mangum | - $ 1,145.40 | - $ 75.00 | - $ 38.25 |
| Anita Smith | | | |
| Richard Love | - $ 345.00 | | |
| Paul Riccobene | - $ 241.50 | | - $ 22.05 |
| Kenny Carter | - $ 527.85 | - $ 267.75 | - $ 24.75 |
| Theresa Lau | | | |
| Kamran Sheikh | | - $ 285.25 | |
| Jessica Little | | | |
| Nabia Uddin | | - $ 486.50 | |
| Shahid Sheikh | | - $ 189.00 | |
| Farhaad Sheikh | | - $ 392.00 | - |
| Roya Sadaghiani | | - $ 203.00 | |
| Shahid Sheikh | | - $ 470.75 | |
| **New Total Allowable Costs =** | **$ 5,070.20** | | **$ 581.90** |

If the Court rules that only the rough transcript orders should be removed from TPDs' Bill of Costs, then the Bill of Costs should be reduced as follows:

| | TPDs' Total Bill of Costs for Transcripts: $ 13,115.05 | | TPDs' Total Bill of Costs for Exhibits: $ 1,007.31 |
|---|---|---|---|
| | Transcript Order | Rough Transcript Order | |
| Jesse MacDougall | | | |
| Sefanit Tesfaye | | | |
| Daniel Levy | | - $ 108.75 | |
| Greg Regan | | | |
| Charles Williams | | - $ 260.75 | |
| Sameer Gupta | | | |

5

DEFENDANTS' AND THIRD_PARTY PLAINTIFF'S OBJECTIONS TO THIRD PARTY DEFENDANTS' BILL OF COSTS; Case No. 4:18-CV-07602-YGR

| | | | |
|---|---|---|---|
| Russell Mangum | | -   $ 75.00 | |
| Anita Smith | | | |
| Richard Love | | | |
| Paul Riccobene | | | |
| Kenny Carter | | -   $ 267.75 | |
| Theresa Lau | | | |
| Kamran Sheikh | | -   $ 285.25 | |
| Jessica Little | | | |
| Nabia Uddin | | -   $ 486.50 | |
| Shahid Sheikh | | -   $ 189.00 | |
| Farhaad Sheikh | | -   $ 392.00 | |
| Roya Sadaghiani | | -   $ 203.00 | |
| Shahid Sheikh | | -   $ 470.75 | |
| **New Total Allowable Costs =** | **$ 10,376.30** | | **$ 1,007.31** |

DATED:  September 7, 2021

McMANIS FAULKNER

 /s/ Andrew Parkhurst
JAMES MCMANIS
TYLER ATKINSON
ANDREW PARKHURST

Attorneys for Defendant and Third Party Plaintiff Advanced Digital Solutions Int., Inc., and Defendants PureFutureTech, LLC, K&F Associates, LLC, Shahid Sheikh, Kamran Sheikh and Farhaad Sheikh

**EXHIBIT A**

| DEPONENT | DATE | CERTIFIED | ROUGH | EVENING | EXHIBIT COSTS |
|---|---|---|---|---|---|
| Theresa Lau | 12/16/2019 | $ 555.45 | | | $ 10.50 |
| Kamran Sheikh | 2/20/2020 | $ 562.35 | $ 285.25 | | $ 4.05 |
| Jesse MacDougall | 3/20/2020 | $ 255.30 | | | $ 229.66 |
| Sefanit Tesfaye | 3/20/2020 | $ 189.75 | | | $ 4.05 |
| Daniel Levy | 3/20/2020 | $ 772.80 | $ 108.75 | | $ 22.50 |
| Greg Regan | 5/7/2020 | $ 569.25 | | | $ 72.90 |
| Charles Williams | 5/8/2020 | $ 514.05 | $ 260.75 | | $ - |
| Sameer Gupta | 5/11/2020 | $ 745.20 | | | $ 11.25 |
| Russell Mangum | 5/14/2020 | $ 1,145.40 | $ 75.00 | | $ 38.25 |
| Anita Smith | 5/12/2020 | | | | $ - |
| Richard Love | 4/15/2020 | $ 345.00 | | | $ - |
| Jessica Little | 10/11/2019 | $ 507.15 | | | $ 15.85 |
| Paul Riccobene | 5/20/2020 | $ 241.50 | | | $ 22.05 |
| Nabia Uddin | 3/6/2020 | $ 959.10 | $ 486.50 | | $ 9.00 |
| Shahid Sheikh | 2/28/2020 | $ 372.60 | $ 189.00 | | $ 142.85 |
| Farhaad Sheikh | 2/21/2020 | $ 772.80 | $ 392.00 | | $ 242.20 |
| Kenny Carter | 1/29/2020 | $ 527.85 | $ 267.75 | | $ 24.75 |
| Roya Sadghaini | 9/9/2019 | $ 400.20 | $ 203.00 | | $ 19.40 |
| Shahid Sheikh | 9/10/2019 | $ 928.05 | $ 470.75 | $ 12.50 | $ 138.05 |

# EXHIBIT A